IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 25-cv-03129-DDD-KAS

Y.S.,

    Plaintiff,

v.

JOHN DOE et al.,

    Defendant.
_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KATHRYN A. STARNELLA**

This matter is before the Court on Plaintiff's **Second Supplement and Request for Non-Disclosure and Limited Service Regarding Motion for Renewed Early Discovery** [#40][1] (the "Motion").[2] The Motion [#40] has been referred to the undersigned. *See Order Referring Motion* [#41].

The Motion [#40] includes a statement that this Motion [#40] "consolidates and supersedes prior supplements[.]" *Motion* [#40] at 1 (alluding to similar motions and supplements filed at [#3], [#10], [#12], [#21], [#24]).[3] Those prior motions and

---

[1] [#40] is an example of the convention that the Court uses to identify the docket number assigned to a specific filing by the Court's case management and electronic case file system (CM/ECF). This convention is used throughout this Recommendation.

[2] Although styled a Supplemental Notice [#40], the Court construes this document as a motion. Plaintiff's Motion [#40] requests the same or substantially same relief as requested in his prior Motions and Supplemental Notices. *See* [#3, #10, #12, #21, #24].

[3] The Motion [#40] further states that "[a]ll factual allegations, legal arguments, and exhibits from Plaintiff's previously filed motions and supplement[s] are incorporated herein by reference." *Motion* [#40] at 1. This is improper. Fed. R. Civ. P. 10(c) provides that "[a] statement in a *pleading*

supplements have also been referred to the undersigned. *See Orders Referring Motions* [#18, #27]. Therefore, for purposes of this Order, the Court considers the arguments advanced in the instant Motion [#40] as all-encompassing.

The Court has reviewed the Motion [#40], Plaintiff's related Supplemental Notices [#21, #24] and Motions [#3, #10, #12], the entire case file, and the applicable law. For the reasons set forth below, the Motion [#40] is **DENIED without prejudice**.

## I.   Background

This case arises from a cryptocurrency transaction wherein Plaintiff transferred approximately $100,000.00 in digital currency to various operators, who allegedly later blocked Plaintiff's requested withdrawals and absconded with the remaining funds. *First Am. Compl.* [#36] at 3-4. Through his Motion [#40], Plaintiff, who proceeds pro se[4], seeks leave to conduct expedited discovery so that he may issue subpoenas to entities he believes possess information concerning the Doe defendants' identities. *Motion* [#40] at 2.

The Motion [#40] is one of many motions filed by Plaintiff requesting the same or similar relief. On October 3, 2025, Plaintiff filed his first Motion for Early Discovery [#3]. Three days later, Plaintiff filed a Motion for Expedited Consideration of his Motion for Early

---

may be adopted by reference elsewhere in the same pleading or in any other pleading or motion." Fed. R. Civ. P. 10(c) (emphasis added). *But see* D.C.COLO.LCivR 15.1(b) (prohibiting proposed amended pleadings from incorporating by reference any part of the preceding pleading). "No authority extends Rule 10(c) to incorporation of a party's prior motion into a later motion[.]" *See Wilson v. Pauling*, 457 F. Supp. 3d 965, 978 n.2 (D. Colo. 2020).

[4] The Court must liberally construe a pro se litigant's filings. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). In doing so, the Court should neither be the pro se litigant's advocate nor "supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1175 (10th Cir. 1997) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). Additionally, pro se parties must follow the same rules of procedure that govern other litigants. *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) (citing *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992)).

Discovery [#10]. Four days later, Plaintiff filed a Renewed Motion for Early Discovery [#12]. Thereafter, Plaintiff filed a Supplemental Notice [#21], wherein Plaintiff expands upon his requested relief. Namely, the Supplemental Notice [#21] requested that the subpoenaed third parties be subject to a nondisclosure order and that Plaintiff be allowed to serve the subpoenas by email. *Notice* [#21] at 3-4. That same day, Plaintiff filed another Supplemental Notice [#24], which contains the same relief he requested in the earlier Supplemental Notice [#21]. *See Notice* [#24] at 3-4.

## II.  Applicable Law

Generally, formal discovery is not permitted until the parties have conferred under Fed. R. Civ. P. 26(f). *See* FED. R. CIV. P. 26(d)(1) ("A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order."). However, a court may exercise discretion to "alter the timing, sequence, and volume of discovery." *See Qwest Commc'ns Int'l, Inc. v. WorldQuest Networks, Inc.*, 213 F.R.D. 418, 419 (D. Colo. 2003).

In this District, courts have permitted expedited discovery upon a showing of good cause. *See, e.g.*, *SEBO Am., LLC v. Does*, No. 21-cv-02865-RM-STV, 2021 WL 5167196, at *1 (D. Colo. Oct. 29, 2021) (citing *Pod-Ners v. N. Feed & Bean of Lucerne Ltd.*, 204 F.R.D. 675, 676 (D. Colo. 2002)); *Liberty Media Holdings, LLC v. Colo. Members of Swarm*, No. 11-cv-01170-WJM-KMT, 2011 WL 1812554, at *1 (D. Colo. May 12, 2011) (citing same). "Good cause may exist where the plaintiff seeks a preliminary injunction, where the moving party has asserted claims of infringement or unfair competition, or 'where physical evidence may be consumed or destroyed with the

3

passage of time, thereby disadvantaging one or more parties to the litigation.'" *SEBO Am., LLC*, 2021 WL 5167196, at *1 (quoting *Qwest Commc'ns*, 213 F.R.D. at 419). However, "[i]n applying the 'good cause' standard under Rule 26(d), the court should consider the scope of the requested discovery." *Qwest Commc'ns*, 213 F.R.D. at 420.

A plaintiff's inability to identify a defendant is "one of the few reasons that early discovery is generally permitted." *Malibu Media, LLC v. John Doe Subscriber Assigned IP Address 174.51.234.104*, No. 13-cv-00307-WYD-MEH, 2013 WL 3753436, at *4 (D. Colo. July 14, 2013) (citing *20/20 Fin. Consulting, Inc. v. Does 1-5*, No. 10-cv-01006-CMA-KMT, 2010 WL 1904530, at *1 (D. Colo. May 11, 2010)). In such situations, "the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds." *20/20 Fin. Consulting*, 2010 WL 1904530, at *1.

### III. Analysis

**A.    Request for Expedited Discovery**

Plaintiff seeks to issue subpoenas to 13 third parties to identify the unknown Doe defendants. *See Motion* [#40] at 2, 5-6. According to Plaintiff, these third parties are: Coinbase, Inc., Binance Holdings Ltd./Binance US Inc., Kraken (Payward, Inc.), Gemini Trust Company, LLC, KuCoin Global Ltd., Bitstamp USA Inc., OKX (OK Group / OKX HK Ltd.), Foris DAX, Inc. (Crypto.com), Onchain Custody, Inc., Cloudfare, Inc., Dynadot LLC, Namecheap, Inc., Meta Platforms, Inc. *Id.* [#40] at 5-6.

"Courts regularly authorize expedited discovery requests in . . . cryptocurrency theft cases," finding good cause to allow "expedited discovery to ascertain identifying

4

information [for the unknown defendants.]" *Ramirez v. Defendant 1*, No. 25-1576, 2025 WL 2337134, at *3 (E.D. La. Aug. 13, 2025); *see also Trainor v. Doe*, No. 22-cv-00350-RM-NYW, 2022 WL 444396, at *3 (D. Colo. Feb. 14, 2022) (permitting expedited discovery in cryptocurrency case to uncover identifying information of unknown defendants).

In the Motion [#40], Plaintiff argues good cause warrants early third-party discovery because he cannot uncover the identities of the Doe defendants, leaving him unable to serve them with process. *See Motion* [#40] at 2. In an earlier Motion [#12], Plaintiff identified the unsuccessful efforts he has undertaken to identify the Doe defendants, including independent analysis of blockchain data, review of WHOIS records[5], and outreach to various exchanges. *Motion* [#12] at 7. He further argued that additional delay could result in the permanent destruction of identifying information because service providers "regularly purge log data after short retention periods." *Id.* Courts have permitted expedited discovery where user activity logs are at risk of being purged, which is common among internet service providers. See *Arista Recs. LLC v. Does 1-9*, No. 07-cv-00628-EWN-MEH, 2007 WL 1059049, at *1-2 (D. Colo. Apr. 4, 2007). Therefore, the Court finds that Plaintiff's inability to identify the Doe defendants, in conjunction with the risk of losing identifying information, presents good cause to warrant expedited discovery. However, the Court must also consider the scope of Plaintiff's requested discovery. *See Qwest Commc'ns*, 213 F.R.D. at 420.

---

[5] A Whois domain lookup permits tracing of a domain name's ownership and tenure. *See* https://www.whois.com/whois/ (last accessed on Nov. 19, 2025) ("Frequently Asked Questions", "What is a Whois domain lookup?").

5

The Court takes issue with the scope of Plaintiff's requested discovery. *See id.* at 419 ("[I]n every case, the court has the discretion, in the interests of justice, to prevent excessive or burdensome discovery."). First, Plaintiff's request to serve subpoenas on 13 third parties is excessive and repetitive. Plaintiff makes no real effort to explain why these entities are the proper entities to be served or how he knows these entities possess the information he seeks. *See Motion* [#40] at 5-6; *see also Dozier v. Burns*, No. 20-cv-00504-KLM, 2021 WL 12325156, at *2 (D. Colo. Mar. 1, 2021) (limiting early discovery where number of requested subpoenas was repetitive).

Second, the information Plaintiff requests is too broad. Early discovery must be narrowly tailored to seek the necessary information. *See Trainor*, 2022 WL 444396, at *2. Put differently, Plaintiff's requested discovery should not operate as a fishing expedition. *See Advantage Sales & Mktg. LLC v. Gold*, No. 18-cv-00312-RM, 2018 WL 6252781, at *1 (D. Colo. Feb. 13, 2018). Here, Plaintiff's request for expedited discovery is framed solely for the purpose of identifying the Doe defendants. However, Plaintiff appears to request the entire gambit of discovery in this matter. For instance, the information he requests includes:

> Legal names, aliases, date of birth, verified IDs, emails, phone numbers, linked bank accounts (last 4 digits) . . . [d]eposits, withdrawals, TXIDs, timestamps, balances, routing logs, and custodial tags . . . [l]ogin IPs, timestamps, device identifiers, and geolocation data . . . [f]raud reports, SARs, support messages, and internal freeze notes . . . [and] [c]urrent balances, pending withdrawals, and custodial wallet status (hot/warm/cold)[.]

*Motion* [#40] at 6.

He further requests that all subpoena recipients "[r]etain all responsive data, logs, and backups pending further order" and that all information should be produced in the

6

following format: "KYC in PDF/TIFF; transaction data in CSV/JSON; metadata in native format (UTC timestamps)." *Id.* Plaintiff's requested information and related demands exceed the scope necessary to identify the Doe defendants and may otherwise be obtained through the ordinary course of discovery. *See Qwest*, 213 F.R.D. at 420 (denying expedited discovery request as overly broad). While Plaintiff states in conclusory fashion that each subpoena is narrowly tailored, he fails to explain how. Additionally, he fails to provide copies of his proposed subpoenas, so the Court cannot determine whether they are appropriately tailored.

The Court will not grant Plaintiff his requested expedited relief at this time. However, the Court understands the frustration this may cause, as Plaintiff's case remains at a standstill until the proper parties are served. Therefore, the Court will allow Plaintiff to file a **single** renewed motion for early discovery. In it, Plaintiff must narrowly tailor his request to seek only that information necessary to identify the Doe defendants, including their names, addresses, telephone numbers, email addresses, and IP addresses. *See Trainor*, 2022 WL 444396, at *3 (finding a subpoena narrowly tailored where it requested "account information that identities [sic] the true name, current and permanent addresses, billing address, telephone numbers, email address, [and] IP addresses" of the unknown defendants). Additionally, the Court will not permit Plaintiff to serve subpoenas on 13 different third parties. Should Plaintiff choose to file a renewed motion, he must identify **no more than three** third parties he wishes to serve, and he must thoughtfully explain why he believes those third parties possess the identifying information he seeks.

7

**B.    Request for Nondisclosure Order**

In his Motion [#40], Plaintiff asks the Court to require that all subpoenaed third parties be subject to a nondisclosure order. *Motion* [#40] at 2-3. Specifically, Plaintiff requests that each issued subpoena "include a nondisclosure provision prohibiting the recipient from revealing the existence or contents of the subpoena, or the nature of its response, until the first Defendant is identified and served, or for a period not exceeding one hundred eighty (180) days[.]" *Id.* at 2. Plaintiff asserts that such a requirement will "preserve the integrity of the proceeding and prevent further loss of traceable digital assets." *Id.*

**1.    Plaintiff's Cited Legal Authority and Advisement of Rule 11 Obligations**

In support of this argument, Plaintiff states that courts routinely recognize "delayed notice" is appropriate under these circumstances. *Id.* at 3. Plaintiff cites *In re Subpoena to Coinbase, Inc.*, No. 17-MC-80244, 2018 WL 1898913, at *4 (N.D. Cal. Apr. 19, 2018) as authority for this point. *Id.* at 3. However, this case, as cited, does not exist. Plaintiff also cited to this case in a different format in his prior Supplemental Notices [#21, #24], citing instead to *In re Subpoena to Coinbase, Inc.*, 2023 WL 177977, at 2 (N.D. Cal. Jan. 12, 2023). *See Notice* [#21] at 2; *Notice* [#24] at 2. This citation does not appear on Westlaw. However, a Google search revealed a case from the Third Circuit styled "*In re: Coinbase, Inc.*", Case No. 23-1779.[6] Ultimately, the Court is unable to locate the source of Plaintiff's authority and whether it supports his argument about delayed notice.

---

[6] See In re: Coinbase Inc (23-1779), COURT LISTENER, https://www.courtlistener.com/docket/67273468/in-re-coinbase-inc/ (last updated Sept. 27, 2024).

8

In addition to citing court decisions that cannot be located, Plaintiff cites existing cases for propositions that they do not support. For example, Plaintiff cites *Hard Drive Productions, Inc. v. Does 1-188*, 809 F. Supp. 2d 1150 (N.D. Cal. Aug. 23, 2011), for the same proposition—that courts recognize "delayed notice" in similar circumstances. *Motion* [#40] at 3, 6. But *Hard Drive Productions* does not stand for that proposition. There, a plaintiff requested to engage in early discovery to uncover the identity of unknown defendants. *Hard Drive Prods.*, 809 F. Supp. 2d at 1153. The issued subpoenas required the subpoenaed internet service providers to notify the subscribers of the IP addresses whose information was to be released—the exact opposite of what Plaintiff seeks here. *Id.* While that court authorized early discovery, it did not allow, nor did it consider, this concept of "delayed notice."

Plaintiff then relies on *Strike 3 Holdings, LLC v. Doe*, 964 F.3d 1203, 1209 (D.C. Cir. 2020) for the proposition that the court there approved "delayed notice" to avoid "tipping off" defendants. *Motion* [#40] at 3. There, the plaintiff sued an unknown defendant for distributing copyrighted pornographic videos. *Strike 3 Holdings, LLC*, 964 F.3d at 1205-06. The plaintiff only possessed the defendant's IP address, and it sought to issue a subpoena on an internet service provider to uncover the identifying information for that defendant. *Id.* at 1206. In doing so, the plaintiff also asked the court for a protective order to allow the *defendant* to proceed anonymously given the sensitive nature of the litigation. *Id.* (emphasis added). The proposition for which Plaintiff cites *Strike 3* is patently incorrect and not at all addressed in that opinion. The opinion contains zero discussion of preventing an individual targeted in a subpoena from knowing the existence of that subpoena.

9

Plaintiff also cites *Commodity Futures Trading Commission v. McDonnell*, 287 F. Supp. 3d 213 (E.D.N.Y. 2018), asserting the court permitted secrecy to preserve digital assets. *Motion* [#40] at 3. Not so. *McDonnell* involved the Commodity Futures Trading Commission's standing to exercise its enforcement power over fraudulent sales of virtual currencies and whether injunctive relief was appropriate. *Id.* at 217, 230. The opinion does not discuss the preservation of digital assets, nor does it address the concept of "secrecy" to protect those assets. *See generally id.* at 215-30. Finally, Plaintiff cites *Paoloni v. Goldstein*, 331 F. Supp. 2d 1310 (D. Colo. 2004), to, once again, support his nondisclosure argument. *Motion* [#40] at 6. That opinion does not mention the phrases "early discovery," "nondisclosure," or "delayed notice." *See generally Paoloni*, 331 F. Supp. 2d at 1311-14. Instead, *Paoloni* involved a dispute regarding trust assets, and this Court cannot identify why that case is otherwise applicable here. *See id.*

In sum, Plaintiff refers to cases that either the Court cannot locate or do not stand for the asserted proposition. The latter may be due to Plaintiff's lack of legal training and inability to fully understand legal opinions. The former may be due to suspected use of artificial intelligence to assist with drafting or legal research. While artificial intelligence can be a beneficial tool, it is commonly known to "hallucinate" citations. This can occur in several ways: by generating citations to nonexistent cases, or, attributing legal propositions to real cases that do not at all stand for those propositions. Plaintiff is reminded of his obligation to comply with Rule 11 of the Federal Rules of Civil Procedure[7]

---

[7] For example, Rule 11(b) requires that, by virtue of filing a paper with the court, "an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances[,] . . . the legal contentions are warranted by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law or for establishing new law[.]"

and warned that if he continues to supply this Court with non-existent or improperly attributed legal authority, the Court is well within its authority to recommend sanctions. *See Coomer v. Lindell*, No. 22-cv-01129-NYW-SBP, 2025 WL 1865282, at *8 (D. Colo. July 7, 2025) (imposing Rule 11 sanctions where motion contained citations to nonexistent case law). Such sanctions include, but are not limited to, monetary sanctions, the striking of filings, or dismissal of Plaintiff's action. *See Ferris v. Amazon.com Servs., LLC*, 778 F. Supp. 3d 879, 882 (N.D. Miss. 2025) (requiring pro se litigant to pay opposing party's attorneys' fees); *O'Brien v. Flick*, No. 24-61529-CIV-DAMIAN, 2025 WL 242924, at *7 (S.D. Fla. Jan. 10, 2025) (recognizing that pro se litigant's citations to fabricated case law could serve as a basis to dismiss his case without prejudice). Plaintiff's pro se status does not free him from his obligation to comply with the Federal Rules. *Morgan v. Cmty. Against Violence*, No. 23-cv-353-WPJ/JMR, 2023 WL 6976510, at *7 (D.N.M. Oct. 23, 2023) ("Although courts make some allowances for [a] pro se [p]laintiff's failure to cite to proper legal authority, courts do not make allowances for a [p]laintiff who cites to fake, nonexistent, misleading authorities.") (internal quotations and citation omitted).

    **2.**    **Merits of Plaintiff's Nondisclosure Argument**

Reaching the merits of Plaintiff's requested relief, the Court nonetheless finds the requested nondisclosure order inappropriate. First, the Court has not located any case law which expressly permits nondisclosure orders under these circumstances. Plaintiff's citations to off-point case law fail to advance his argument or apprise the Court of the governing authority. Second, the only instances the Court can find where such nondisclosure orders are permitted are those governed by 18 U.S.C. § 2705, which is titled "Delayed [N]otice." This statute essentially permits the government to obtain a gag

order prohibiting a subpoenaed service provider from disclosing the existence of that subpoena to the subscriber or customer. *See generally* 18 U.S.C. § 2705(a). However, such a statutory provision is inapplicable to the instant case because Plaintiff is not a "governmental entity" as defined by 18 U.S.C. § 2711(4). In sum, Plaintiff's request for a nondisclosure order or any form of delayed notice is off base and unsupported by existing law.

## C.     Request to Serve Subpoenas by Email

Finally, Plaintiff seeks leave to serve the nonparty subpoenas via email. *Motion* [#40] at 3. Rule 45(b)(1) provides that service of a subpoena "requires delivering a copy to the named person[.]" FED. R. CIV. P. 45(b)(1). Courts in this District "ha[ve] determined that personal service is not required under Rule 45 in every case." *Castle v. Nolan*, No. 20-CV-02481-DDD-GPG, 2021 WL 12298816, at *5 (D. Colo. Dec. 3, 2021). Ultimately, there is no "binding precedent in the Tenth Circuit favoring either position." *E.A. Renfroe & Co. v. Moran*, No. 08-cv-00733-REB-MJW, 2008 WL 1806200, at *4 (D. Colo. Apr. 21, 2008); *see also Castle*, 2021 WL 12298816, at *5.

The Court finds that Plaintiff's request to serve third party subpoenas by email is premature. Plaintiff has not had the opportunity to personally serve the third-party service providers, nor has he demonstrated that the email addresses he provides[8] are "reasonably calculated" to adequately put those third parties on notice. *See Origins Tech, Inc. v. Oak Equity Holdings II, LLC*, No. 2:23-cv-00326, 2025 WL 2652482, at *2-3 (D. Utah Sept. 16, 2025) (recognizing alternative service under Rule 45 may be permitted

---

[8] The Court notes Plaintiff previously provided the email addresses for some of the third parties' respective legal compliance departments. *See Notice* [#24] at 3-4. However, Plaintiff has since increased the number of third parties he wishes to serve and has not provided email addresses regarding those new third parties. *See generally Motion* [#40].

12

where the moving party shows "unsuccessful, but diligent, efforts at personal service, and show[s] the alternative method is reasonably calculated to provide the nonparty with notice"). Additionally, Plaintiff has not had the opportunity to demonstrate that these third parties have attempted to evade service, which may otherwise warrant alternative service. *See Amann v. Off. of Utah Att'y Gen.*, No. 2:18-cv-00341-JNP-DAO, 2021 WL 4949032, at *2 (D. Utah Oct. 25, 2021) (permitting email service of subpoena after unsuccessful attempts to personally serve party).

Before the Court concludes, it must once more address Plaintiff's inapplicable case law citations. He cites "*Arista Records LLC v. Does 1-27*, 584 F. Supp. 2d 240, 254 (D.D.C. 2008)" for the proposition that the court "approv[ed] email service for early discovery to identify anonymous infringers[.]" *Motion* [#40] at 3. But *Arista Records* is a District of Maine decision, not a decision from the District Court for the District of Columbia. *See Arista Records LLC v. Does 1-27*, 584 F. Supp. 2d 240, 254 (D. Me. 2008). Moreover, *Arista* did not address whether service of Rule 45 subpoenas may be effectuated via email. *See generally Arista Records LLC*, 584 F. Supp. 2d at 241-62. Plaintiff then cites *Hard Drive Productions*, which is immediately preceded by a parenthetical stating "(same)." *Motion* [#40] at 3. Plaintiff's use of the parenthetical language "same" implies that *Hard Drive Productions* also stands for the proposition that Plaintiff claimed *Arista* stood for—i.e., that the court approved early discovery via email. However, *Hard Drive Productions* stands for no such proposition and contains no indication that the plaintiff attempted to serve Rule 45 subpoenas via email. *See generally Hard Drive Prods., Inc.*, 809 F. Supp. 2d at 1151-65.

### IV. Conclusion

Accordingly,

IT IS HEREBY **ORDERED** that the Motion [#40] is **DENIED without prejudice.** Plaintiff may file a **single**, amended motion for expedited discovery that: (1) is narrowly tailored to information needed to identify the Doe defendants, as explained above, and (2) identifies no more than **three** third parties he wishes to serve, and explains why those third parties are most likely to possess the relevant identifying information.

IT IS FURTHER **ORDERED** that Plaintiff's Original Motion for Early Discovery [#3] is **DENIED as moot**.

IT IS FURTHER **ORDERED** that Plaintiff's Motion for Expedited Consideration of Motion for Early Discovery [#10] is **DENIED as moot**.

IT IS FURTHER **ORDERED** that Plaintiff's Renewed Motion for Early Discovery [#12] is **DENIED as moot**.

IT IS FURTHER **ORDERED** that Plaintiff's Supplemental Notice to Prevent Asset Dissipation and Request for Nondisclosure and Limited Service Regarding Renewed Motion for Early Discovery [#21] is **DENIED as moot**.

IT IS FURTHER **ORDERED** that Plaintiff's Supplemental Notice to Prevent Asset Dissipation and Request for Nondisclosure and Limited Service Regarding Renewed Motion for Early Discovery [#24] is **DENIED as moot**.

Dated: November 19, 2025               BY THE COURT:

                                                Kathryn A. Starnella
                                                United States Magistrate Judge