IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 25-cv-03129-DDD-KAS

Y.S.,

    Plaintiff,

v.

JOHN DOE et al.,

    Defendants.

_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KATHRYN A. STARNELLA**

    This matter is before the Court on Plaintiff's **Motion to Proceed Under Pseudonym** [#2] (the "Motion"). The Motion [#2] has been referred to the undersigned. *See Order Referring Motion* [#18]. The Court has reviewed the Motion [#2], the applicable case law, and the entire case file. For the reasons set forth below, the Motion [#2] is **DENIED**.

## I. Background

    This case involves a cryptocurrency transaction wherein Plaintiff transferred approximately $100,000.00 in digital currency to various unknown individuals, who allegedly later blocked Plaintiff's requested withdrawals and absconded with the remaining funds. *First Am. Compl.* [#36] at 3-5. Plaintiff seeks equitable relief and asserts claims against these unidentified individuals for (1) violations of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962(c), (2) common law fraud, (3) conversion, and (4) unjust enrichment. *Id.* at 5-8. Plaintiff allegedly confronted one of the

wrongdoers by text message, noting that the individual is a "scam business." *See Ex. 1 to Motion* [#2] at 6; *see also Motion* [#2] at 2. On September 25, 2025, the individual allegedly threatened to send a hitman to kill Plaintiff no later than "12 o'clock" the next day and confirmed he knew Plaintiff's home address. *See Ex. 1 to Motion* [#2] at 6-7; *see also Motion* [#2] at 1. In addition, the individual allegedly made various antisemitic remarks. *Ex. 1 to Motion* [#2] at 7-8; *see also Motion* [#2] at 1. Based on this threat, Plaintiff seeks to proceed anonymously in this lawsuit. *See generally Motion* [#2].

## II.   Applicable Law

"Lawsuits are public events." *M.M. v. Zavaras*, 139 F.3d 798, 803 (10th Cir. 1998) (quoting *Doe v. Frank*, 951 F.2d 320, 324 (11th Cir. 1992)). "Courts are public institutions which exist for the public to serve the public interest" and "secret court proceedings are anathema to a free society." *Id.* at 800. Therefore, "[o]rdinarily, those using the courts must be prepared to accept the public scrutiny that is an inherent part of public trials." *Femedeer v. Haun*, 227 F.3d 1244, 1246 (10th Cir. 2000). The Federal Rules of Civil Procedure contemplate the naming of the parties. Rule 10(a) requires that a complaint "name all the parties," and Rule 17(a) requires the prosecution of an action "in the name of the real party in interest." FED. R. CIV. P. 10(a), 17(a); *Raiser v. Church of Jesus Christ of Latter-Day Saints*, 182 F. App'x 810, 811 (10th Cir. 2006) (stating that "there is no explicit congressional grant of a right of a party to proceed anonymously"); *Coe v. U.S. Dist. Ct. for Dist. of Colo.*, 676 F.2d 411, 415 (10th Cir. 1982) ("There is no provision in the Federal Rules of Civil Procedure for suit against persons under fictitious names, and there are likewise no provisions for anonymous plaintiffs.").

Following these general principles, in this Circuit, plaintiffs are generally allowed to proceed anonymously only in "exceptional cases" that fall into one of three categories: (1) cases "involving matters of a highly sensitive and personal nature"; (2) where the plaintiff is threatened with "real danger or physical harm"; or (3) "where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity." *Doe v. Regents of Univ. of Colo.*, 603 F. Supp. 3d 1014, 1018-19 (D. Colo. 2022) (internal quotation marks and citation omitted). The decision whether to allow a plaintiff to proceed pseudonymously is within the trial court's sound discretion. *See Zavaras*, 139 F.3d at 802. Ultimately, "[p]roceeding under a pseudonym in federal court is, by all accounts, an unusual procedure." *Femedeer*, 227 F.3d at 1246 (internal quotations and citation omitted).

### III.   Analysis

Plaintiff asks the Court to proceed pseudonymously in this litigation because he received a death threat from an unidentified individual who is, at least in part, allegedly responsible for the underlying cryptocurrency scam. *Motion* [#2] at 1-2. The text message exchange indicates this individual told Plaintiff, "I'm going to send a hitman after you!" and that "[he] just contacted the hitman, [the hitman] checked [Plaintiff's] address" and the hitman would "find [Plaintiff] before 12 o'clock tomorrow[.]" *Ex. 1 to Motion* [#2] at 6; *see also Motion* [#2] at 2. The individual further stated the hitman would kill Plaintiff, and informed Plaintiff he knew his home address. *See Ex. 1 to Motion* [#2] at 7; *see also Motion* [#2] at 2. This exchange occurred after Plaintiff confronted the individual about the alleged fraudulent crypto scheme that gives rise to this suit. *Motion* [#2] at 2. For the

3

reasons expressed below, the Court finds that Plaintiff's need for anonymity does not outweigh the presumption of openness.

Plaintiff seeks anonymity because of the alleged threat of real danger or physical harm, *i.e.*, death. In these situations, the Tenth Circuit has recognized that the party seeking anonymity must demonstrate "real, imminent personal danger" to overcome the public's interest in court proceedings. *See Femedeer*, 227 F.3d at 1246; *see also Doe v. Kappa Kappa Gamma Fraternity*, No. 23-CV-51-ABJ, 2023 WL 4894429, at *2-3 (D. Wyo. Apr. 14, 2023) (noting that the plaintiffs "present little to demonstrate that they, themselves, are in 'real, imminent personal danger.'") (emphasis omitted).

Plaintiff cites multiple cases to support his argument that the at-issue threat warrants his anonymity. First, Plaintiff cites *Doe v. Frank*, 951 F.2d 320, 324 (11th Cir. 1997) for the proposition that courts routinely grant anonymity in cases involving violent or retaliatory threats. *Motion* [#2] at 3. *Frank*, however, stands for no such proposition and is distinguishable from the instant case. There, the plaintiff, an alcoholic, sued the United States Postal Service. *Frank*, 951 F.2d at 323-24. The plaintiff sought anonymity because (1) he was suing a government agency and (2) he feared disclosure of his alcoholism would force him to face the community's disapproval. *Id.* The court affirmed the denial of the plaintiff's request to proceed anonymously because the plaintiff's asserted need for anonymity did not outweigh the presumption of openness. *Id.* at 324. *Frank* did not involve a situation where the plaintiff faced violent or retaliatory threats.

Plaintiff next cites *Doe v. Porter*, 370 F.3d 558 (6th Cir. 2004). *Motion* [#2] at 3. *Porter* involved minor plaintiffs who challenged a public elementary school's practice of teaching the Christian Bible as religious truth. *Porter*, 370 F.3d at 560. The Sixth Circuit

4

upheld the district court's grant of pseudonymity because the plaintiffs were minors challenging a governmental activity, which would require them to disclose their beliefs on a sensitive topic, i.e., religion, "that could subject them to considerable harassment." *Id.* at 560-61. Referring to the harassment at issue, the Court pointed to a letter written by a community member which called the plaintiffs "cowards" and stated that "the people in Rhea County would come up to [their] face[s] and tell [them] what we think of [them]" and that the author "would love to come face to face with [them] because yes I would tell [them] what I thought of [them] and I would let my sons tell [them] too." *Id.* at 560. The court also referred to a statement from the school principal in which he stated: "This is a rural, conservative place, and [the community is] very emotional about religion. Attack religion and crusades begin." *Id.* at 560-61. In addressing anonymity, the court weighed the considerable harassment and violent reprisals the plaintiffs would face, the sensitive nature of the topic at issue, and the fact that plaintiffs were minors—entitling them to heightened protections under the law. *Id.*

Finally, Plaintiff cites *Doe v. Stegall*, 653 F.2d 180 (5th Cir. 1981). *Motion* [#2] at 3. Like *Porter*, *Stegall* involved minor plaintiffs and their mother challenging public schools' daily religious activities. *Stegall*, 653 F.2d at 182. In affirming the grant of anonymity, the appellate court was "especially persua[ded]" by the plaintiffs' status as children. *See id.* at 186. However, like the court in *Porter*, the court also considered other factors. For instance, the court acknowledged that the issue of religion is a "quintessentially private matter" and evidence on the record demonstrated the plaintiffs "may expect extensive harassment and perhaps even violent reprisals if their identities are disclosed." *Id.* Considering the plaintiffs' status as minors, coupled with the threats of

violence generated by the case, the court found that maintaining the plaintiffs' anonymity "tip[ped] the balance against the customary practice of judicial openness." *Id.*

While not binding on this Court, *Stegall* and *Porter* as applied to this case are distinguishable in a few key respects. For instance, *Porter* and *Stegall* involved the personal topic of religion, which was a highly sensitive and polarizing topic in the communities in which those cases originated. The instant case is a cryptocurrency theft case and presents no sensitive, controversial topic, and is therefore unlikely to provoke the community. Moreover, and perhaps most distinctly, the plaintiffs in *Porter* and *Stegall* were minor children. As each court noted, the plaintiffs' minor status was "especially persuasive" and, as a result, those courts afforded the minor plaintiffs "heightened protection." *See Stegall*, 653 F.2d at 186; *Porter*, 370 F.3d at 561. Here, however, Plaintiff is an adult.

Additionally, unlike *Porter* and *Stegall* where the litigants faced harassment from community members, the threat Plaintiff received came from one of the unidentified John Doe defendants "following Plaintiff's confrontation of the perpetrator regarding the theft of funds and possible identity fraud." *Motion* [#2] at 1; *see also id*. at 2 (explaining that Plaintiff has an "ongoing fear for his life and safety" because "the threats stemmed directly from Plaintiff's confrontation of the perpetrator about a fraudulent cryptocurrency investment"). In essence, Plaintiff seeks to conceal his identity from the individuals he has sued. *See id*. at 3 ("Because the perpetrators remain unidentified and continue to operate online, public disclosure of Plaintiff's full name and address on the court's docket would increase the risk of renewed harassment or retaliation."). Plaintiff's request to proceed pseudonymously will not provide the relief he seeks, namely protection from further

threats from the John Doe defendants. The John Doe defendants Plaintiff has sued are apparently already aware of his identity and address. *See id*. ("[The identification of Plaintiff's home address in the threatening text message] confirms that the perpetrators are capable of doxing and are aware of Plaintiff's physical location."); *see also Ex. 1 to Motion* [#2] at 7 (text message containing Plaintiff's address). While Plaintiff contends that "[p]roceeding pseudonymously is . . . necessary to prevent further targeting or harm," *Motion* [#2] at 3, the Court disagrees. The proverbial cat is already out of the bag; at least one of the John Doe defendants apparently has the information Plaintiff seeks to conceal. Therefore, the Court is disinclined to allow Plaintiff to proceed pseudonymously. *See GEICO Gen. Ins. Co. v. M.O.*, No. 21-2164-DDC-ADM, 2021 WL 4476783, at *10 (D. Kan. Sept. 30, 2021) ("[C]ourts are generally disinclined to allow parties to proceed anonymously if their identity has already been disclosed[.]"); *see also Dotson v. Acord*, No. 25-509 SCY/JHR, 2025 WL 2522380, at *2 (D.N.M. Sept. 25, 2025) (finding lack of clarity as to "how disclosure of [the] [p]laintiffs' names would open them to further retaliation from [the] [d]efendants" where the defendants already knew of their identities).

To the extent Plaintiff is concerned that the John Doe defendants will improperly use and distribute his identifying information, Plaintiff may file a motion for an order that limits the John Doe defendants' use and dissemination of the information already in their possession. *See Dotson*, 2025 WL 2522380 at *3-4 (denying the plaintiffs' request to proceed pseudonymously but inviting them to file a motion to protect information already in the defendant's possession). Plaintiff may file that motion once the John Doe defendants have been identified and served process.

7

## IV. Conclusion

Accordingly,

IT IS HEREBY **ORDERED** that the Motion [#2] is **DENIED**.

IT IS FURTHER **ORDERED** that all future filings shall identify Plaintiff by his real name.

Dated: December 3, 2025                    BY THE COURT:

Kathryn A. Starnella
United States Magistrate Judge