IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 25-cv-03129-DDD-KAS

Y.S.,

    Plaintiff,

v.

JOHN DOE et al.,

    Defendant.
_____

**OMNIBUS MINUTE ORDER ON PLAINTIFF'S VARIOUS MOTIONS TO RESTRICT**
_____
**ENTERED BY MAGISTRATE JUDGE KATHRYN A. STARNELLA**

This matter is before the Court on Plaintiff's:

- **Motion to Seal Personal Information, Sensitive Financial Data, and to Limit Disclosure of Plaintiff's Identity in Response to Subpoenas** [#5] (the "First Motion");

- **Motion to Seal All Pleadings Including Personal Information, Sensitive Financial Data, and to Limit Disclosure of Plaintiff's Identity in Response to All Requested Subpoenas** [#11] (the "Second Motion");

- **Motion to Seal All Pleadings Including Personal Information, Sensitive Financial Data, and to Limit Disclosure of Plaintiff's Identity in Response to All Requested Subpoenas** [#19] (the "Third Motion");

- **Motion to Seal All Pleadings Including Personal Information, Sensitive Financial Data, and to Limit Disclosure of Plaintiff's Identity in Response to All Requested Subpoenas** [#23] (the "Fourth Motion");

- **Emergency Request for Retroactive Restricted Access to ECF Nos. 1, 2, and 3 Pending Ruling on Plaintiff's Motion to Seal** [#25] (the "Fifth Motion");

- **Emergency Motion for Retroactive Restricted Access (Nunc Pro Tunc) to All Pleadings, Subpoenas, Exhibits, Motions, and Proposed Orders Including this Filing** [#28] (the "Sixth Motion");

- **Motion to Restrict Access to Accompanying Emergency Motion** [#29] (the "Seventh Motion");

- **Renewed Motion to Restrict Access to Plaintiff's Pleadings and Exhibits** [#32] (the "Eighth Motion"); and

- **Motion for Immediate Interim Restriction Accompanying Emergency Motion to Restrict Pending Court Ruling** [#33] (the "Ninth Motion").

## I. Applicable Law

"Courts have long recognized a common-law right of access to judicial records." *United States v. Bacon*, 950 F.3d 1286, 1292 (10th Cir. 2020) (quoting *Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1241 (10th Cir. 2012)). "Although this common law right is not absolute, there is a strong presumption in favor of public access." *Id*. at 1293 (internal citations and quotations omitted). The strong presumption of openness can "be overcome where countervailing interests heavily outweigh the public interests in access to the judicial record." *Id*. (quoting *Colony Ins. Co.*, 698 F.3d at 1241) (quotations omitted). Thus, in exercising discretion to restrict access to judicial records, courts must "weigh the interests of the public, which are presumptively paramount, against those advanced by the parties." *Id*. (quotations and citations omitted).

Motions seeking restriction must "articulate a sufficiently significant interest that will justify continuing to override the presumption of public access" and must demonstrate that no remedy short of restricted access can adequately protect the identified privacy interests. *Id*. (quotations and citation omitted). D.C.COLO.LCivR 7.2(c) specifically requires that a party seeking to restrict public access describe: (1) the nature of the materials or proceedings at issue; (2) the interest to be protected and why that interest outweighs the presumption of public access; (3) a clearly defined and serious injury that would result if access is not restricted; (4) why no alternatives to restricted access are unavailable; and (5) the level of restriction sought.

## II. The Motions

Plaintiff filed nine motions to restrict; all request the same or substantially similar relief. Resultingly, many of the arguments raised in the earlier filed motions are mooted by their subsequently filed counterparts. Therefore, the Court will analyze each Motion beginning with the most recently filed.

**A.    Ninth Motion [#33]**

In his Ninth Motion [#33], Plaintiff asks the Court to restrict the Eighth Motion [#32]. He states the Eighth Motion contains "detailed identifying, financial, and blockchain tracing information[.]" *Ninth Motion* [#33] at 1. However, the Eighth Motion [#32] does not contain that kind of information. *See generally Eighth Motion* [#32]. The Eighth Motion [#32] is a motion to restrict. The Local Rules of this District require the public filing of

2

motions to restrict. *See* D.C.COLO.LCivR 7.2(c) ("A motion to restrict public access **shall be open to public inspection**[.]") (emphasis added). **Therefore, Plaintiff's Ninth Motion [#33] is denied without prejudice**.

B.      **Eighth Motion [#32]**

In his Eighth Motion [#32], Plaintiff asks the Court to restrict "all Plaintiff-originated pleadings, motions, memoranda, declarations, and exhibits filed in this matter, at Level 2[.]" *Eighth Motion* [#32] at 1. In essence, Plaintiff seeks to seal everything filed by him in this case. *Id.* at 2 (requesting restriction of ECF Nos. 1, 2, 3, 5, 10, 11, 12, 13, 19, 21, 22, 23, 24, 25, 28, and 29). He explains that a cryptocurrency industry website recently published an article about the instant lawsuit, and Plaintiff fears that this newfound attention will "risk that the anonymous Defendants will further transfer, conceal, or launder traceable assets," thereby frustrating his potential recovery. *Id.*

Plaintiff essentially seeks a blanket order restricting **all** his fillings in this case; however, many of these filings do not require restriction. Additionally, where filings contain sensitive information, redaction appears to be practicable—despite Plaintiff's bald assertions to the contrary. Specifically,

- ECF No. 1 (Complaint) contains no sensitive information, such as specific identification of account numbers or any other information that would warrant redaction much less restriction. **Therefore, Level 1 restriction on this filing must be lifted.**

- ECF 2 (Motion to Proceed Under Pseudonym) contains no sensitive information, such as specific identification of account numbers or any other information that would warrant redaction much less restriction. To the extent Plaintiff wishes to conceal the threats he allegedly received from one of the John Doe defendants, the Court needed to discuss those threats in its adjudication of the Motion to Proceed Under Pseudonym [#2] and the Court's Order is publicly docketed. *See Order* [#53] at 2-4. **Therefore, Level 1 restriction on this filing must be lifted.**

- ECF 3 (Plaintiff's Motion for Early Discovery) contains no sensitive information, such as specific identification of account numbers or any other information that would warrant redaction much less restriction. **Therefore, Level 1 restriction on this filing must be lifted.**

- ECF 5 (Plaintiff's Motion to Seal Personal Information, Sensitive Financial Data, and to Limit Disclosure of Plaintiff's Identity in Response to Subpoenas) contains no sensitive information, such as specific identification of account numbers or any other information that would warrant redaction much less restriction. To the extent Plaintiff wishes to conceal the threats he allegedly received from one of the John Doe defendants, the Court needed to discuss those threats in its adjudication of the Motion to Proceed Under Pseudonym

3

- [#2] and the Court's Order is publicly docketed. *See Order* [#53] at 2-4. **Therefore, Level 1 restriction on this filing must be lifted.**

- ECF 10 (Plaintiff's Motion for Expedited Consideration of Motion for Early Discovery) contains no sensitive information, such as specific identification of account numbers or any other information that would warrant redaction much less restriction. **Therefore, Level 1 restriction on this filing must be lifted.**

- ECF 11 (Plaintiff's Motion to Seal All Pleadings Including Personal Information, Sensitive Financial Data, and to Limit Disclosure of Plaintiff's Identity in Response to All Requested Subpoenas) contains no sensitive information, such as specific identification of account numbers or any other information that would warrant redaction much less restriction. To the extent Plaintiff wishes to conceal the threats he allegedly received from one of the John Doe defendants, the Court needed to discuss those threats in its adjudication of the Motion to Proceed Under Pseudonym [#2] and the Court's Order is publicly docketed. *See Order* [#53] at 2-4. **Therefore, Level 1 restriction on this filing must be lifted.**

- ECF 12 (Plaintiff's Renewed Motion for Early Discovery) contains no sensitive information, such as specific identification of account numbers or any other information that would warrant redaction much less restriction. While the Motion discusses transfers and withdrawal requests that occurred during certain date ranges on three crypto currency platforms, the Motion does not contain sensitive financial information. *See* [#12] at 3-4. **Therefore, Level 1 restriction on this filing must be lifted.**

- ECF 12-1, 12-2, and 12-3 (Exhibits 1, 2, and 3 in support of Plaintiff's Renewed Motion for Early Discovery [#12]) contain no sensitive information, such as specific identification of account numbers or any other information that would warrant redaction much less restriction. While these three exhibits depict specific transactions on specific dates, no exhibit contains sensitive financial information. Moreover, Exhibit 3 "contain[s] no transaction hash, wallet address, or verifiable data normally present in legitimate blockchain records." *Pl.'s Renewed Motion for Early Discovery* [#12] at 4. **Therefore, Level 1 restriction on Exhibits 1, 2, and 3 must be lifted.**

- ECF 13 (Plaintiff's Emergency Motion for Temporary Restraining Order) contains no sensitive information, such as specific identification of account numbers or any other information that would warrant redaction much less restriction. **Therefore, Level 1 restriction on this filing must be lifted.**

- ECF 19 (Plaintiff's Motion to Seal All Pleadings Including Personal Information, Sensitive Financial Data, and to Limit Disclosure of Plaintiff's Identity in Response to all Requested Subpoenas) contains no sensitive information,

4

such as specific identification of account numbers or any other information that would warrant redaction much less restriction. **Therefore, Level 1 restriction on this filing must be lifted.**

- ECF 21 (Plaintiff's Supplemental Notice to Prevent Asset Dissipation and Request for Nondisclosure and Limited Service Regarding Renewed Motion for Early Discovery) contains no sensitive information, such as specific identification of account numbers or any other information that would warrant redaction much less restriction. **Therefore, Level 1 restriction on this filing must be lifted.**

- ECF 21-2, 21-3, 21-4, and 21-5 (Exhibits 1, 2, 3, and 4) in support of Plaintiff's Supplemental Notice to Prevent Asset Dissipation and Request for Nondisclosure and Limited Service Regarding Renewed Motion for Early Discovery [#21] contain sensitive information, specifically:

    o Exhibit 1 contains specific information about Plaintiff's Coinbase wallet, the alleged scammers' cryptocurrency wallet, and the specific transaction identification numbers. Therefore, **Plaintiff must refile, for public access, Exhibit 1 with the cryptocurrency wallet identifiers and the transaction identification numbers redacted.** However, Level 1 restriction of Exhibit 1 [#21-2] is appropriate for the unredacted version of Exhibit 1.

    o Exhibit 2 contains specific information about the alleged scammers' cryptocurrency wallet. Therefore, **Plaintiff must refile, for public access, Exhibit 2 with the cryptocurrency wallet identifiers redacted.** However, Level 1 restriction of Exhibit 2 [#21-3] is appropriate for the unredacted version of Exhibit 2.

    o Exhibit 3 contains specific information about the alleged scammers' cryptocurrency wallets. Therefore, **Plaintiff must refile, for public access, Exhibit 3 with the cryptocurrency wallet identifiers redacted.** However, Level 1 restriction of Exhibit 3 [#21-4] is appropriate for the unredacted version of Exhibit 3.

    o Exhibit 4 contains specific information about the alleged scammers' cryptocurrency wallets. Therefore, **Plaintiff must refile, for public access, Exhibit 4 with the cryptocurrency wallet identifiers redacted.** However, Level 1 restriction of Exhibit 4 [#21-5] is appropriate for the unredacted version of Exhibit 4.

- ECF 22 (Plaintiff's Emergency Motion for Temporary Restraining Order Freezing Digital Assets and Preserving Evidence) contains specific information about the alleged scammers' cryptocurrency wallets. *See* [#22] at 4, 10.

Therefore, **Plaintiff must refile, for public access, ECF 22 with the cryptocurrency wallet identifiers redacted.** However, Level 1 restriction of ECF 22 is appropriate for the unredacted version of that motion.

- ECF 22-1 and 22-2 do not contain sensitive information and 22-3 and 22-4 do contain sensitive information. Specifically:

    - [#22-1] is a Memorandum of Law in Support of Plaintiff's Emergency Motion for Temporary Restraining Order Freezing Digital Assets and Preserving Evidence. This filing does not contain complete cryptocurrency wallet addresses or any other sensitive information that would warrant redaction much less restriction. **Therefore, Level 1 restriction on this filing must be lifted.**

    - [#22-2] is Plaintiff's Rule 65(b)(1)(B) Certification Regarding Notice. This filing does not contain any information that would warrant redaction much less restriction. **Therefore, Level 1 restriction on this filing must be lifted.**

    - [#22-3] is the Declaration of Y.S. in Support of Emergency Motion for Temporary Restraining Order. This filing contains specific information about the alleged scammers' cryptocurrency wallets. *See* [#22-3] at 1-2. Therefore, **Plaintiff must refile, for public access, [#22-3] with the cryptocurrency wallet identifiers redacted.** However, Level 1 restriction of [#22-3] is appropriate for the unredacted version of that declaration.

    - [#22-4] is Plaintiff's Proposed Temporary Restraining Order Freezing Digital Assets and Preserving Evidence. This filing contains specific information about the alleged scammers' cryptocurrency wallets and specific transaction identification numbers. Therefore, **Plaintiff must refile, for public access, [#22-4] with the cryptocurrency wallet identifiers and the transaction identification numbers redacted.** However, Level 1 restriction of [#22-4] is appropriate for the unredacted version of that proposed order.

- ECF 23 is Plaintiff's Motion to Seal all Pleadings Including Personal Information, Sensitive Financial Data, and to Limit Disclosure of Plaintiff's Identity in Response to all Requested Subpoenas. This filing contains no sensitive information that would warrant redaction much less restriction. To the extent Plaintiff wishes to conceal the threats he allegedly received from one of the John Doe defendants, the Court needed to discuss those threats in its adjudication of the Motion to Proceed Under Pseudonym [#2] and the Court's Order is publicly docketed. *See Order* [#53] at 2-4. **Therefore, Level 1 restriction on this filing must be lifted.**

- ECF 24 is Plaintiff's Supplemental Notice to Prevent Asset Dissipation and Request for Nondisclosure and Limited Service Regarding Renewed Motion for Early Discovery. This filing contains no sensitive information that would warrant redaction much less restriction. **Therefore, Level 1 restriction on this filing must be lifted.**

- ECF 25 is Plaintiff's Emergency Request for Retroactive Restricted Access to ECF Nos 1, 2, and 3 Pending Ruling on Plaintiff's Motion to Seal. This filing contains no sensitive information that would warrant redaction much less restriction. **Therefore, Level 1 restriction on this filing must be lifted.**

- ECF 28 is Plaintiff's Emergency Request for Retroactive Restricted Access (Nunc Pro Tunc) to All Pleadings, Subpoenas, Exhibits, Motions, and Proposed Orders Including this Filing. This filing contains no sensitive information that would warrant redaction much less restriction. **Therefore, Level 1 restriction on this filing must be lifted.**

    - ECF 28-1 is an exhibit attached to Plaintiff's Emergency Request [#28]. The exhibit appears to be an on-line article about Plaintiff's lawsuit. Because this article was posted online, it is publicly available information. **Therefore, Level 1 restriction on this filing must be lifted.**

- ECF 29 is Plaintiff's Motion to Restrict Access to Accompanying Emergency Motion. This filing contains no sensitive information that would warrant redaction much less restriction. **Therefore, Level 1 restriction on this filing must be lifted.**

While Plaintiff maintains that he "does not seek to seal the entire docket," *Eighth Motion* [#32] at 3, granting this request would effectively restrict the entire docket. "The public has a fundamental interest in understanding the disputes presented to and decided by our courts, so as to assure that they are run fairly and that judges act honestly." *Black v. Emerson*, No. 25-cv-01035-WJM-NRN, 2025 WL 1635264, at *3 (D. Colo. June 9, 2025). Therefore, Plaintiff's request runs afoul of the longstanding principle of publicly accessible court proceedings.

In sum, Plaintiff has failed to satisfy the requirements of D.C.COLO.LCivR 7.2(c). **Therefore, Plaintiff's Eighth Motion [#32] is granted in part and denied without prejudice in part**.

C.   **Plaintiff's Seventh Motion [#29]**

Plaintiff's Seventh Motion [#29] requests restriction of the contemporaneously filed Sixth Motion [#28]. In his Seventh Motion [#29], Plaintiff does not address the requirements of D.C.COLO.LCivR 7.2(c). In any event, the Seventh Motion concerns

7

filings addressed in the Eight Motion [#32], which the Court has adjudicated. **Therefore, Plaintiff's Seventh Motion [#29] is denied as moot**.

### D.    Plaintiff's Sixth Motion [#28]

In his Sixth Motion [#28], Plaintiff asks the Court to seal all documents filed by him in this matter. *See Sixth Motion* [#28] at 3. The arguments contained in the Sixth Motion mirror the arguments contained in the Eighth Motion [#32], which the Court has adjudicated. **Therefore, Plaintiff's Sixth Motion [#28] is denied as moot**.

### E.    Plaintiff's Fifth Motion [#25]

Plaintiff's Fifth Motion [#25] seeks to restrict his Complaint [#1], Motion to Proceed Pseudonymously [#2], and his Motion for Early Discovery [#3]. These filings are addressed in Plaintiff's Eighth Motion [#32], which the Court has adjudicated. **Therefore, the Fifth Motion [#25] is denied as moot.**

### F.    Plaintiff's Fourth Motion [#23]

In his Fourth Motion [#23], among other requests, Plaintiff asks the Court to "[s]eal all personal identifying information and sensitive financial data contained in this and all future pleadings[.]" *Fourth Motion* [#23] at 1. Contrary to the requirements of D.C.COLO.LCivR 7.2(c)(1), the Fourth Motion [#23] fails to identify which documents Plaintiff seeks to restrict. Instead, Plaintiff appears to request that the Court independently determine which filings contain this sensitive information and impose any necessary restrictions, both for already filed and future filed documents. Plaintiff also fails to explain why redaction of these documents is impracticable. *See* D.C.COLO.LCivR 7.2(c)(4).

To the extent Plaintiff asks the Court to prohibit third parties from revealing information regarding Plaintiff's forthcoming subpoenas, the Court has already ruled on that issue. *See Motion* [#23] at 2-3; *Orders* [#45, #48]. **Therefore, Plaintiff's Fourth Motion [#23] is denied without prejudice.**

### G.    Plaintiff's Third Motion [#19]

In his Third Motion [#19], Plaintiff asks the Court to seal all his personal identifying and financial information from any future court filings. *Third Motion* [#19] at 1. He also asks the Court to direct any third party responding to a subpoena to "not disclose Plaintiff's personal identifying information without Court approval." *Id.* at 1. The Court adjudicated these issues when it addressed the Fourth Motion [#23]. **Therefore, Plaintiff's Third Motion [#19] is denied as moot**.

### H.    Plaintiff's Second Motion [#11]

The Second Motion seeks the same relief requested in the Third Motion [#19] and Fourth Motion [#23]. **Therefore, the Second Motion [#11] is denied as moot.**

8

I.     **Plaintiff's First Motion [#5]**

The First Motion [#5] seeks the same relief requested in the Second Motion [#11], Third Motion [#19], and Fourth Motion [#23]. **Therefore, the First Motion [#5] is denied as moot.**

### III. Conclusion

Based on the foregoing,

IT IS HEREBY **ORDERED** that Plaintiff's Eighth Motion [#32] is **granted in part** and **denied without prejudice in part**.

IT IS FURTHER **ORDERED** that Plaintiff's Fourth and Ninth Motions [#23, #33] are **denied without prejudice**.

IT IS FURTHER **ORDERED** that Plaintiff's First, Second, Third, Fifth, Sixth, Seventh Motions [#5, #11, #19, #25, #28, #29] are **DENIED as moot**.

IT IS FURTHER **ORDERED** that the Clerk of Court is directed to **lift the Level 1 restriction** on the following filings:

- Complaint **[#1]**;

- Motion to Proceed Under Pseudonym **[#2]**;

- Plaintiff's Motion for Early Discovery **[#3]**;

- Plaintiff's Motion to Seal Personal Information, Sensitive Financial Data, and to Limit Disclosure of Plaintiff's Identity in Response to Subpoenas **[#5]**;

- Plaintiff's Motion for Expedited Consideration of Motion for Early Discovery **[#10]**;

- Plaintiff's Motion to Seal All Pleadings Including Personal Information, Sensitive Financial Data, and to Limit Disclosure of Plaintiff's Identity in Response to All Requested Subpoenas **[#11]**;

- Plaintiff's Renewed Motion for Early Discovery **[#12]** and Exhibit 1 **[#12-1]**, Exhibit 2 **[#12-2]**, and Exhibit 3 **[#12-3]**;

- Plaintiff's Emergency Motion for Temporary Restraining Order **[#13]**;

- Plaintiff's Motion to Seal All Pleadings Including Personal Information, Sensitive Financial Data, and to Limit Disclosure of Plaintiff's Identity in Response to all Requested Subpoenas **[#19]**;

- Plaintiff's Supplemental Notice to Prevent Asset Dissipation and Request for Nondisclosure and Limited Service Regarding Renewed Motion for Early Discovery **[#21]**;

- Memorandum of Law in Support of Plaintiff's Emergency Motion for Temporary Retraining Order Freezing Digital Assets and Preserving Evidence **[#22-1]**;

- Plaintiff's Rule 65(b)(1)(B) Certification Regarding Notice **[#22-2]**;

- Plaintiff's Motion to Seal all Pleadings Including Personal Information, Sensitive Financial Data, and to Limit Disclosure of Plaintiff's Identity in Response to all Requested Subpoenas **[#23]**;

- Plaintiff's Supplemental Notice to Prevent Asset Dissipation and Request for Nondisclosure and Limited Service Regarding Renewed Motion for Early Discovery **[#24]**;

- Plaintiff's Emergency Request for Retroactive Restricted Access to ECF Nos 1, 2, and 3 Pending Ruling on Plaintiff's Motion to Seal **[#25]**;

- Plaintiff's Emergency Request for Retroactive Restricted Access (Nunc Pro Tunc) to All Pleadings, Subpoenas, Exhibits, Motions, and Proposed Orders Including this Filing **[#28]**;

- Exhibit **[#28-1]**;

- Motion to Restrict Access to Accompanying Emergency Motion **[#29]**;

- Renewed Emergency Motion to Restrict Access to Plaintiff's Pleadings and Exhibits **[#32]**; and

- Motion for Immediate Interim Restriction of the Accompanying Emergency Motion to Restrict Pending Court Ruling **[#33]**.

IT IS FURTHER **ORDERED** that the Clerk of Court shall **maintain or impose Level 1 restriction** on the following filings:

- **Exhibits 1 [#21-2], 2 [#21-3], 3 [#21-4], and 4 [#21-5]** in support of Plaintiff's Supplemental Notice to Prevent Asset Dissipation and Request for

- Nondisclosure and Limited Service Regarding Renewed Motion for Early Discovery [#21];

- Plaintiff's Emergency Motion for Temporary Restraining Order Freezing Digital Assets and Preserving Evidence **[#22]**;

- Declaration of Y.S. in Support of Emergency Motion for Temporary Restraining Order **[#22-3]**; and

- Plaintiff's Proposed Temporary Restraining Order Freezing Digital Assets and Preserving Evidence **[#22-4]**.

IT IS FURTHER **ORDERED** that Plaintiff **shall file the following documents** for public access **with redaction of information** consistent with this Order by **Monday, December 29, 2025**:

- **Exhibit 1 [#21-2]** in support of Plaintiff's Supplemental Notice to Prevent Asset Dissipation and Request for Nondisclosure and Limited Service Regarding Renewed Motion for Early Discovery [#21];

- **Exhibit 2 [#21-3]** in support of Plaintiff's Supplemental Notice to Prevent Asset Dissipation and Request for Nondisclosure and Limited Service Regarding Renewed Motion for Early Discovery [#21];

- **Exhibit 3 [#21-4]** in support of Plaintiff's Supplemental Notice to Prevent Asset Dissipation and Request for Nondisclosure and Limited Service Regarding Renewed Motion for Early Discovery [#21];

- **Exhibit 4 [#21-5]** in support of Plaintiff's Supplemental Notice to Prevent Asset Dissipation and Request for Nondisclosure and Limited Service Regarding Renewed Motion for Early Discovery [#21];

- Plaintiff's Emergency Motion for Temporary Restraining Order Freezing Digital Assets and Preserving Evidence **[#22]**;

- Declaration of Y.S. in Support of Emergency Motion for Temporary Restraining Order **[#22-3]**; and

- Plaintiff's Proposed Temporary Restraining Order Freezing Digital Assets and Preserving Evidence **[#22-4]**.

Dated: December 4, 2025