FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO
1:07 pm, Dec 10, 2025
JEFFREY P. COLWELL, CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**Y.S.**[1]

Plaintiff,

v.

**JOHN DOE, et al.**,

Defendants.

Civil Action No. 1:[1]25-cv-03129-DDD-KAS

---

### PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER DENYING LEAVE TO PROCEED UNDER PSEUDONYM

---

Plaintiff respectfully moves for reconsideration of the Court's December 6, 2025 Order (ECF 53) denying leave to proceed under a pseudonym. Reconsideration is proper under Fed. R. Civ. P. 54(b)—which permits revision of any interlocutory order "*at any time before the entry of judgment*"—as well as D.C.COLO.LCivR 7.1(d) and the Court's inherent authority. *See Fye v. Oklahoma Corp. Comm'n*, 516 F.3d 1217, 1224 n.2 (10th Cir. 2008) (district courts retain full discretion to revise interlocutory orders); *Price v. Philpot*, 420 F.3d 1158, 1167 n.9 (10th Cir. 2005) (same). Reconsideration is warranted because:

1. **The Order relied on a limited factual premise**—that only a single scammer or small group was involved—that did not (and could not) account for new structural blockchain

---

[1] Plaintiff continues to use the pseudonym Y.S. solely for purposes of this reconsideration motion pending resolution of this request, and will comply with any final order of the Court.

evidence now showing that Plaintiff's stolen assets are connected to a large, organized, transnational laundering operation (**Exhibits A AND B**).

2. **The Court did not evaluate the risk posed by the broader criminal organization**, whose size, resources, and operational sophistication are newly documented through forensic tracing demonstrating that related wallets hold in excess of 23,000 BTC (over $2 billion).

3. **Controlling and analogous case law establishes that pseudonym protection is appropriate where plaintiffs face retaliation from unknown members of a larger criminal enterprise**, even where some wrongdoers may already know the plaintiff's identity. See, e.g., *Does 1–2 v. Advanced Textile Corp.*, 214 F.3d 1058 (9th Cir. 2000)**;** *Doe v. Ayers*, 789 F.3d 944 (9th Cir. 2015)**;** *Doe v. United States*, 2015 WL 4394955 (S.D.N.Y. July 17, 2015)**.**

Plaintiff continues the temporary use of a pseudonym for this motion only for purposes of seeking reconsideration and will comply with any final directive of the Court regarding public identification.

I. **The Court's Order Appears to Have Considered Only One Actor, Not the Larger Criminal Organization Documented by New Blockchain Evidence**

The Court concluded anonymity was unnecessary because one scammer already knows Plaintiff's identity. This reasoning does not address the significant and now-documented risk posed by the broader criminal enterprise involved in the theft and laundering of Plaintiff's Bitcoin.

Plaintiff has obtained blockchain tracing showing (**Exhibits A and B**):

- Plaintiff's stolen Bitcoin was routed through a multi-stage laundering process.

- The funds passed through numerous intermediary wallets likely linked to other victims.

- These wallets ultimately consolidated into the custodial cluster commonly known as "Binance 4".

- The Binance-4 wallet held on November 25, 2025 over 23,263 BTC (more than $2 billion).

- Blockchain records show the laundering structure predates Plaintiff's victimization, showing it is not a one-off scam, but a persistent criminal pipeline.

This newly presented evidence shows Plaintiff is not dealing with an individual scammer but a large, coordinated cyber-laundering organization, similar to the multi-actor criminal enterprises recognized in numerous pseudonym cases.

## II. Courts Grant Anonymity When Plaintiffs Face Risks From Large, Multi-Actor Criminal Organizations

Federal courts routinely recognize that pseudonymity is justified when disclosure of a plaintiff's identity could expose them to retaliation from organized groups, not just from isolated individuals. The following authorities illustrate this principle.

In *Does 1–2 v. Advanced Textile Corp.*, 214 F.3d 1058 (9th Cir. 2000), the Ninth Circuit held that plaintiffs may proceed anonymously when identification would place them at risk of retaliation by a coercive, multi-actor enterprise. The court emphasized that anonymity protects individuals not only from those who already know their identity, but from other actors in the organization who do not yet know the plaintiff's name and could retaliate if it becomes public.

In *Doe v. Ayers*, 789 F.3d 944 (9th Cir. 2015), the Ninth Circuit reaffirmed that anonymity is appropriate where disclosure would expose a plaintiff to a credible threat of harm

from a group with the ability to coordinate retaliation. The court explained that the risk need not be certain; it is enough that disclosure would create a realistic possibility of serious harm from members of a broader organization.

In *Doe v. United States*, 2015 WL 4394955 (S.D.N.Y. July 17, 2015), the court granted pseudonymity in order to protect a plaintiff from retaliation by a criminal organization comprised of multiple individuals. The court stressed that anonymity serves to prevent wider dissemination of the plaintiff's identity, particularly to unknown members of a criminal enterprise who may not yet know the plaintiff but may retaliate once identified.

Together, these cases demonstrate that federal courts recognize the need for anonymity when plaintiffs face potential danger from large, diffuse, and coordinated criminal groups, where identifying the plaintiff risks exposing them not only to known individuals but to other members of the organization who have not yet learned their identity.

### III. Newly Presented Blockchain Evidence Places Plaintiff Squarely Within These Precedents

The Court did not have the benefit of detailed blockchain forensics at the time of its ruling.

Plaintiff's new evidence establishes:

- Defendants are part of a large-scale transnational money-laundering network.
- Their financial infrastructure is massive, holding billions in digital assets.
- Their operations involve many unknown actors who remain unidentified.
- Public exposure of Plaintiff's identity on PACER—being searchable globally—presents substantial risk.

This is a danger of the type recognized in Advanced Textile, Doe v. Ayers, and Doe v. United States.

## IV. Section: The Danger Posed by Cyber-Laundering Organizations

Modern cryptocurrency laundering structures are often operated by:

- multiple individuals,
- across jurisdictions,
- using automated systems that monitor blockchain activity and legal filings,
- with demonstrated resources (here, >$2 billion) enabling retaliation, identity exploitation, or harassment.

Blockchain analysis indicates Plaintiff's stolen Bitcoin was absorbed into a system consistently used by these actors, demonstrating a professionalized enterprise, not a lone scammer.

Courts recognize that cyber-criminal organizations—like the one shown through Binance-4 tracing—are capable of:

- retaliatory attacks,
- targeted harassment,
- doxxing,
- hacking,
- further financial fraud.

See *Doe v. U.S. Dep't of State*, 2019 WL 6329543 at *2*; *Doe v. Penzato*, 2011 WL 1833007.

Thus, the danger is not hypothetical; it is structural.

## V. The Court Did Not Analyze Less Restrictive Protective Measures

See *Doe v. Megless*, 654 F.3d 404, 411 (3d Cir. 2011) ("Courts must consider lesser alternatives before denying anonymity).

Even if pseudonymity is denied, the Court must evaluate alternatives, including:

- Sealing Plaintiff's home address under Fed. R. Civ. P. 5.2(e);
- Using initials rather than full name;
- Temporary pseudonymity until Doe defendants are identified;
- Sealing of exhibits containing threat information and blockchain tracing.

The absence of this analysis warrants reconsideration under Rule 54(b).

## VI. Conclusion

For the reasons above—new evidence, controlling precedent involving criminal organizations, and the Court's incomplete consideration of danger—Plaintiff respectfully requests that the Court reconsider its order and grant leave to proceed under a pseudonym or impose alternative protective measures.

Dated: December 10, 2025

Respectfully submitted,

Y.S., Plaintiff, Pro Se