# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

**FILED**
**UNITED STATES DISTRICT COURT**
**DENVER, COLORADO**
*9:41 am, Dec 15, 2025*
**JEFFREY P. COLWELL, CLERK**

Civil Action No. 1:25-cv-03129-DDD-KAS

**Y.S.[1],**
Plaintiff,

v.

**JOHN DOE, et al.,[1]**
Defendants.

---

## PLAINTIFF'S MOTION FOR RECONSIDERATION OF OMNIBUS MINUTE ORDER (ECF NO. 54) AND FOR LIMITED, TARGETED REDACTIONS

---

Pursuant to Fed. R. Civ. P. 54(b), D.C.COLO.LCivR 7.2(c), and the Court's inherent authority, Plaintiff respectfully moves for limited reconsideration of the Court's Omnibus Minute Order (ECF No. 54), to the extent it denied redaction of:

1. Threatening and antisemitic messages;

2. Plaintiff's home address; and

3. References to law enforcement reporting.

Plaintiff respectfully seeks narrow, additional redactions to prevent further dissemination of previously referenced but highly sensitive information that continues to pose a serious risk.

---

[1]Plaintiff continues to proceed under a pseudonym and respectfully requests that Level 1 restriction remain in place for unredacted materials until the Court rules on Plaintiff's motions for reconsideration concerning pseudonym status and restriction.

## I. LEGAL STANDARD FOR RECONSIDERATION

Federal Rule of Civil Procedure 54(b) provides that a court may revise "any order… that adjudicates fewer than all the claims" at any time before entry of final judgment. Reconsideration is appropriate where:

- The court has misapprehended facts or controlling law;

- Clarification is needed to avoid manifest injustice; or

- Changed circumstances or new arguments show that limited relief is warranted.

See *Fye v. Oklahoma Corp. Comm'n*, 516 F.3d 1217, 1224 n.2 (10th Cir. 2008); *Price v. Philpot*, 420 F.3d 1158, 1167 n.9 (10th Cir. 2005).

## II. PROCEDURAL BACKGROUND

On December 4, 2025, the Court issued its Omnibus Minute Order (ECF No. 54) resolving Plaintiff's multiple motions to restrict or redact filings.

The Court expressly recognized that cryptocurrency wallet identifiers and transaction identification numbers constitute sensitive information warranting protection, and accordingly maintained or imposed Level 1 restriction on the unredacted versions of specific filings and exhibits containing those identifiers, while directing Plaintiff to file public versions with those identifiers redacted.

In explaining the denial, the Court stated:

"To the extent Plaintiff wishes to conceal the threats… the Court needed to discuss those threats in its adjudication… and the Court's Order is publicly docketed." *(ECF No. 54 at 3–4).*

Plaintiff understands the Court's position and does not seek retroactive erasure. Instead, this motion respectfully requests reconsideration or clarification: that the ongoing public display of

sensitive materials—especially in exhibits, screenshots, or repeated factual narratives—can and should be limited in further dissemination, even if previously mentioned.

## III. COURTS ALLOW REDACTION TO PREVENT FURTHER DISSEMINATION—EVEN AFTER PARTIAL DISCLOSURE

Plaintiff agrees that ECF No. 53, a publicly docketed order, quoted or described the threats. However, that limited disclosure should not bar redaction of:

- Graphic exhibits;

- The precise home address;

- Investigative report details (e.g., IC3 submissions, police records).

Redaction here is not about concealing the case's factual basis. It is about preventing harm from continued publication, indexing, and exposure.

Courts regularly permit redactions to limit additional harm from dissemination, even where some disclosure has occurred:

- *Doe v. United States*, 2015 WL 4394955, at *3 (S.D.N.Y. July 17, 2015)**:

  Redactions warranted to avoid wider identification by unknown members of a criminal group, even after partial disclosure.

- *Doe v. Ayers*, 789 F.3d 944, 947 (9th Cir. 2015):

  Risk from other members of a broader organization justifies continued protection—even if one actor already knows.

- *Does 1–2 v. Advanced Textile Corp*., 214 F.3d 1058, 1069–70 (9th Cir. 2000):

  "[D]isclosure to others in the organization who do not yet know plaintiffs' identity could expose them to retaliation."

Thus, Plaintiff's redaction request is consistent with case law and local rules, and is tailored to minimize further injury while preserving judicial transparency.

## IV. Specific Risk From a Broader Organized Criminal Network

As detailed in Plaintiff's Motion for Reconsideration of the Pseudonym Order (ECF No. 56), the fraud and theft alleged here are **not isolated incidents**:

- The stolen assets were laundered through a complex network of cryptocurrency wallets;

- Large sums were pooled into a Binance-linked custodial cluster holding over 23,000 BTC as of November 2025 (approximately $2 billion);

- The transaction pathways reflect a large, structured, and transnational criminal enterprise.

Although one or a small number of perpetrators may know Plaintiff's identity, many others involved in the network do not. Courts have repeatedly held that anonymity and protective measures remain appropriate even where some defendants already know the plaintiff's identity, because the purpose is to prevent broader dissemination and retaliation by unknown actors (see *Doe v. City of Albuquerque*, 667 F.3d 1111, 1122–23 (10th Cir. 2012); *Doe v. Frank*, 951 F.2d 320, 324 (11th Cir. 1992)). Redaction of personal information therefore materially reduces the risk of exposure and further harm.

## V. TARGETED REDACTION REQUESTS

Plaintiff respectfully seeks leave to redact only the following categories:

A. Screenshots of Threats and Hate Speech

(Contained in ECF No. 2, Exhibit 1 and possibly other filings)

- Contains explicit death threats, hate speech, and Plaintiff's address.

- No longer necessary to remain publicly visible in raw form.

- Quoted content already available in ECF No. 53.

B. Plaintiff's Home Address

- Doxxed by unknown perpetrator.

- Presence on a federal court docket creates risk of physical harm and further doxxing.

- Redaction is consistent with Fed. R. Civ. P. 5.2(a)(5) and constitutional privacy interests.

C. Law Enforcement Reporting Details

- FBI report references and local police activity.

- May be used by malicious actors to interfere with investigations or retaliate.

- Not material to the legal claims' merits and can be redacted without prejudice to public understanding.

**VI. Local Rule 7.2(c) Analysis**

Plaintiff satisfies D.C.COLO.LCivR 7.2(c) because the relief sought is narrow and corrective, preserving public access through redaction while restricting only unredacted materials.

The filings contain direct threats, residential address information, and sensitive law-enforcement and investigatory details, implicating immediate safety and investigative concerns. Plaintiff seeks to protect physical safety, personal privacy, and the integrity of ongoing investigations. Public disclosure would create a concrete and irreversible risk of harm from unidentified participants in a global criminal enterprise.

Targeted redaction is the least restrictive means available, but it is effective only if unredacted versions remain restricted, as public filing, even temporarily, would defeat the protection. Accordingly, Plaintiff seeks only to maintain Level 1 restriction on unredacted versions, while filing redacted copies on the public docket.

**Standard for Reconsideration / Clarification**

Reconsideration is warranted to clarify the scope of permitted protection where clarification is necessary to avoid manifest injustice and limited relief is appropriate, as recognized in *Fye v. Oklahoma Corp. Comm'n*, 516 F.3d 1217, 1224 n.2 (10th Cir. 2008), and *Price v. Philpot*, 420 F.3d 1158, 1167 n.9 (10th Cir. 2005). Plaintiff seeks no expansion of relief, only confirmation that Level 1 restriction applies to unredacted materials containing threats, address information, or sensitive investigatory details, with public access preserved through redaction.

**VII. CONCLUSION**

Plaintiff respectfully requests that the Court:

1. Reconsider the Omnibus Minute Order (ECF No. 54) only insofar as it denied redaction of:

   o   Graphic threat messages and hate speech (ECF 2);

   o   Plaintiff's home address (ECF 2, ECF-2-Exhibit 1, and public docket);

   o   Law enforcement reporting references;

2. Permit Plaintiff to redact the above categories from relevant filings/public docket;

3. Maintain Level 1 restriction on the unredacted versions;

4. Permit filing of redacted public versions by December 29, 2025, or a date the Court deems appropriate;

5. Grant such other relief as the Court deems just and proper.

**Dated:** December 15, 2025

Respectfully submitted,

Y.S., Plaintiff