FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO
11:04 am, Dec 17, 2025
JEFFREY P. COLWELL, CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 25-cv-03129-DDD-KAS

**Y.S.[1]**,
Plaintiff,

v.

**JOHN DOE et al.**,
Defendants.

## PLAINTIFF'S MOTION FOR LIMITED EARLY DISCOVERY DIRECTED TO BINANCE.COM AND FOR AUTHORIZATION OF ALTERNATIVE SERVICE

**I. INTRODUCTION**

Plaintiff respectfully seeks a narrowly tailored order authorizing limited early discovery directed to Binance Holdings Limited d/b/a Binance.com ("Binance.com"), and authorization to serve the related subpoena by alternative means pursuant to Fed. R. Civ. P. 4(f)(3).

This Motion is filed to effectuate the Court's November 25, 2025 Order, which granted Plaintiff leave to conduct early discovery for the sole purpose of identifying unknown defendants in this cryptocurrency theft action and recognized that custodial exchanges are the entities most likely to possess real-world identifying information corresponding to traced wallet activity.

After Plaintiff served a Court-authorized subpoena on BAM Trading Services Inc. d/b/a Binance.US, Binance.US confirmed that the wallet addresses are not associated with its platform

---

[1] Plaintiff is temporarily continuing to proceed under a pseudonym notwithstanding the Court's prior order denying Plaintiff's request, pending the Court's resolution of Plaintiff's duly filed Motion for Reconsideration concerning pseudonymity (ECF 56).

and that it is legally distinct from Binance.com. As a result, Binance.com is the only remaining custodial intermediary reasonably likely to possess the identifying information previously approved by the Court.

## II. BACKGROUND

This case arises from the theft of Plaintiff's cryptocurrency and its laundering through intermediary wallets into a custodial cluster attributed to Binance.

In its November 19, 2025 Order, the Court (ECF 45):

- Found good cause for early discovery based on Plaintiff's inability to identify the defendants;

- Recognized that custodial exchanges are likely to possess real-world identifying information linked to wallet activity;

- Authorized subpoenas solely for identifying information, limited to names, addresses, telephone numbers, email addresses, and IP addresses; and

- Required strict adherence to those limitations and set forth notice, objection, and preservation procedures.

Plaintiff served a subpoena pursuant to that Order on Binance.US. Binance.US responded that, after a diligent search, no responsive records exist on its platform, the wallet addresses identified are not associated with Binance.US accounts, and Binance.US and Binance.com are separate and distinct legal entities (See **Evidence 1**).

Binance.US's response confirms that discovery must be directed to Binance.com in order to accomplish the identification purpose approved by the Court.

## III. LEGAL STANDARD

The governing standards for early discovery and alternative service are well established.

### A. Early Discovery

Under Fed. R. Civ. P. 26(d)(1), discovery may proceed before a Rule 26(f) conference when authorized by court order. Courts in the District of Colorado permit early discovery upon a showing of good cause, particularly where a plaintiff cannot identify defendants without third-party discovery. The Court has already found good cause in this case.

**B. Alternative Service**

Fed. R. Civ. P. 4(f)(3) authorizes service on foreign entities "by other means not prohibited by international agreement, as the court orders." Rule 4(f)(3) is an independent, co-equal method of service—not a last resort—and does not require exhaustion of Hague Convention procedures. The method need only be reasonably calculated to provide notice and an opportunity to respond.

Binance Holdings Limited is not an obscure or unsophisticated foreign entity unfamiliar with U.S. legal process. In recent years, Binance Holdings Limited has been the subject of coordinated criminal and regulatory enforcement actions by the United States Department of Justice, the Financial Crimes Enforcement Network, and the Office of Foreign Assets Control, resulting in guilty pleas, admissions of compliance failures, and the imposition of multibillion-dollar penalties. As part of those resolutions, Binance agreed to significant compliance obligations and ongoing monitoring.

These enforcement proceedings underscore that Binance Holdings Limited is well aware of U.S. judicial and regulatory processes, maintains established legal and compliance channels, and regularly engages U.S. counsel in connection with U.S. proceedings. Under these circumstances, service by email to Binance's designated legal address, together with court-authorized notice to U.S. counsel who have represented Binance in related proceedings, is reasonably calculated to provide notice and satisfies due process under Rule 4(f)(3).

**IV. ARGUMENT**

**A. Limited Early Discovery Directed to Binance.com Is Necessary and Proper**

The Court has already determined that custodial exchanges are likely to possess identifying information corresponding to traced wallet activity and authorized limited early discovery for that purpose.

Binance.US's response establishes that the wallets at issue are not associated with the U.S. platform and that Binance.com is the relevant custodial entity. Absent discovery from Binance.com, Plaintiff cannot obtain the identifying information previously approved by the Court.

This Motion implements the Court's prior Order without expanding its scope. The requested discovery is limited to the categories previously approved in ECF No. 45.

**B. Alternative Service on Binance.com Is Authorized Under Rule 4(f)(3)**

Binance.com is a foreign entity and does not maintain a registered agent for service of process in the United States. Traditional personal service would require international service and cause substantial delay, undermining the purpose of the Court's early-discovery authorization. Rule 4(f)(3) permits alternative service where traditional service is impracticable and the proposed method is reasonably calculated to provide notice. *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1016–18 (9th Cir. 2002).

The Tenth Circuit has endorsed a flexible application of Rule 4(f)(3). In *Compania de Inversiones Mercantiles, S.A. v. Grupo Cementos de Chihuahua S.A.B. de C.V.*, 970 F.3d 1269, 1276–77 (10th Cir. 2020), the court affirmed a district court's authorization of alternative service on a foreign defendant and recognized the court's broad discretion to order service by means reasonably calculated to provide notice.

District courts within the Tenth Circuit likewise approve alternative service methods designed to ensure notice, including service through U.S. counsel associated with a foreign defendant where appropriate. See *GCIU-Employer Ret. Fund v. Coleridge Fine Arts*, No. 19-cv-03265, 2020 WL 6821700, at *3–4 (D. Colo. Nov. 20, 2020); *ClearOne Commc'ns, Inc. v. Bowers*, No. 2:07-cv-37, 2007 WL 1060073, at *3 (D. Utah Apr. 6, 2007).

Here, alternative service comports with due process. Binance.com maintains established legal and compliance channels, including a designated legal contact email address, and Binance Holdings Limited has retained U.S. counsel in related U.S. proceedings. Although such counsel is not presumed to be an authorized agent for service absent consent or appearance in this action, service on associated U.S. counsel—when combined with direct service on the foreign defendant—is reasonably calculated to provide notice.

Accordingly, service by email to legal@binance.com, together with Court-authorized service on U.S. counsel by email and U.S. mail, is reasonably calculated to provide notice and satisfies Rule 4(f)(3). No international agreement prohibits such service.

## V. ENTITIES AND PERSONS TO BE SERVED

Plaintiff identifies the following entities and persons to be served with this Motion, any Order granting relief, and any Court-authorized subpoena:

### A. Service of This Motion and Any Resulting Court Order

- **BAM Trading Services Inc. d/b/a Binance.US**. Although Binance.US has confirmed it holds no responsive records, Plaintiff will serve this Motion and any resulting Order on Binance.US for notice purposes only, through its legal department.

- **Binance Holdings Limited d/b/a Binance.com**. Foreign custodial exchange and subject of the requested early discovery, to be served by alternative methods authorized herein.

**B. Legal Contacts and U.S. Counsel for Notice and Court-Authorized Alternative Service**

**Binance Holdings Limited – Legal Department**

Designated legal contact: legal@binance.com

Service requested by email, and by any additional method the Court authorizes.

**Quinn Emanuel Urquhart & Sullivan LLP**

A U.S. law firm publicly associated with representation of Binance Holdings Limited and/or its founder in U.S. civil, regulatory, and enforcement matters, including by attorneys such as William Burck and Avi Perry. See *Martin v. Binance Holdings Ltd.*, S.D. Fla. Case No. 1:25-cv-22100.

Plaintiff does not assert that Quinn Emanuel is an authorized agent for service by default. Rather, Plaintiff seeks authorization, if the Court deems appropriate, to serve Quinn Emanuel **by** email and by U.S. mail as an alternative service method pursuant to Fed. R. Civ. P. 4(f)(3), in conjunction with direct service on Binance Holdings Limited, because such service is reasonably calculated to provide notice and satisfy due process.

Any other U.S. counsel of record that has appeared on behalf of Binance Holdings Limited in U.S. proceedings, to be served by email and by U.S. mail, if authorized by the Court as an alternative service recipient.

**VI. REQUESTED RELIEF**

Plaintiff respectfully requests that the Court:

1. Authorize limited early discovery directed to Binance Holdings Limited d/b/a Binance.com for the purpose of identifying the unknown defendants;

2. Limit the scope of discovery to the following identifying information only:

    Names; Current and permanent addresses; Billing addresses; Email addresses; Telephone numbers; IP addresses;

3. Authorize alternative service of the Rule 45 subpoena pursuant to Fed. R. Civ. P. 4(f)(3), including:

    o   Email service to legal@binance.com;

    o   Court-authorized service on U.S. counsel who has appeared for Binance Holdings Limited in related U.S. proceedings, by email and by U.S. mail; and

    o   Any other method the Court deems reasonably calculated to provide notice;

4. Order that all notice, objection, disclosure, and preservation procedures mirror those set forth in the Court's November 19, 2025 Order (ECF 45); and

5. Grant any further relief the Court deems just and proper.

**VII. SUMMARY OF RELIEF REQUESTED**

In sum, Plaintiff seeks a narrow, efficient order allowing Court-approved identification discovery to proceed against the correct custodial entity and authorizing practical service methods to avoid unnecessary delay. Absent this relief, the Court's identification process risks being frustrated by corporate formality rather than substance, delaying resolution and prejudicing Plaintiff.

**CONCLUSION**

Plaintiff seeks only to implement the discovery previously authorized by the Court by directing it to the correct custodial entity and permitting practical service methods where traditional service is impracticable. Plaintiff respectfully requests that the Court grant this Motion in full.

Date: December 17, 2025

Respectfully submitted,

**Y.S.**
Plaintiff, Pro Se