FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO
12:53 pm, Dec 29, 2025
JEFFREY P. COLWELL, CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 25-cv-03129-DDD-KAS

Y.S.[1],
Plaintiff,

v.

JOHN DOE et al.,
Defendants.

## PLAINTIFF'S MOTION FOR LEAVE TO SERVE LIMITED SUBPOENA DUCES TECUM ON META PLATFORMS, INC. TO IDENTIFY UNKNOWN DEFENDANT

**I. BACKGROUND**

This action arises from a coordinated fraudulent scheme in which Plaintiff was induced to transfer digital assets through misrepresentations and deceptive communications (ECF 2). In its November 25, 2025 Order (ECF No. 48), the Court recognized that Plaintiff cannot proceed without identifying the unknown defendant(s) and authorized limited early discovery, subject to strict narrowing and provider-specific justification.

---

[1] Plaintiff is proceeding under a pseudonym for purposes of this filing notwithstanding the Court's prior order denying Plaintiff's motion to proceed anonymously (ECF 53). Plaintiff has filed a motion for reconsideration of that order, which remains pending. Plaintiff uses a pseudonym temporarily to avoid irreparable disclosure of sensitive identifying information pending the Court's ruling and will promptly comply with any further direction of the Court once the motion for reconsideration is resolved.

Pursuant to that Order, Plaintiff has separately sought authorization to subpoena Internet Service Providers based on authenticated transaction-platform records establishing specific IP addresses, timestamps, and continuity of access associated with the fraudulent transfers.

Independently of that technical attribution, the unknown defendant communicated directly with Plaintiff through Facebook Messenger as part of the same fraudulent scheme during the period from August 2025 through September 2025. Those communications were integral to the fraudulent inducement and occurred contemporaneously with the transaction activity.

The Messenger account used for those communications has since been deleted or deactivated and no longer resolves publicly, foreclosing identification through public means.

Plaintiff preserved the Messenger conversation contemporaneously with the communications, including the end-to-end encrypted conversation URL and the unique thread identifier:

- **Thread URL:** https://www.facebook.com/messages/e2ee/t/1482174922958311
- **Messenger Thread ID:** 1482174922958311

Although the profile no longer exists publicly, Meta retains historical non-content records for deleted or deactivated accounts, including subscriber information and login IP records. Meta can identify the account holder associated with a Messenger conversation using the preserved thread identifier alone.

## II.  APPLICABLE LEGAL STANDARD

As the Court held in its November 25, 2025 Order (ECF 48), early discovery may be permitted upon a showing of good cause where a plaintiff cannot identify unknown defendants and the requested discovery is narrowly tailored to uncover their identities.

Meta Platforms, Inc. is an electronic communication service provider within the meaning of 18 U.S.C. § 2510(15) and § 2703. Under § 2703(c)(2), an electronic communication service provider may be compelled to disclose basic subscriber and account information. Under **§ 2703(d)**, a court may order disclosure of additional non-content records upon a showing of specific and articulable facts demonstrating relevance and materiality to an ongoing investigation.

## III. META IS LIKELY TO POSSESS THE RELEVANT IDENTIFYING INFORMATION

Meta operates Facebook Messenger and maintains subscriber-level and account-level records for Messenger users, including historical records for deleted or deactivated accounts. Because the fraudulent communications occurred through a specific Messenger conversation identified by a preserved thread identifier during August–September 2025, Meta is uniquely positioned to identify the account holder or holders who participated in that conversation during the relevant period. No other third party can provide this information, and Plaintiff has no alternative means of identifying the Messenger account holder absent a subpoena to Meta.

## IV. SCOPE OF THE REQUESTED SUBPOENA

Consistent with the Court's November 25, 2025 Order, Plaintiff seeks leave to serve a subpoena on Meta Platforms, Inc. limited solely to non-content identifying information for only the account or accounts that participated in the Messenger thread identified by Thread ID 1482174922958311, and only for the period from August 1, 2025 through September 30, 2025.

Plaintiff expressly disclaims and does not seek:

- any records outside this time period;
- any information regarding unrelated Meta users or participants;

- any device identifiers, advertising identifiers, cookie IDs, session tokens, or similar tracking identifiers;
- any message content, message timestamps, attachment metadata, or metadata that would reveal the substance, direction, or structure of communications.

The subpoena is limited to the following non-content identifying information for the relevant account(s) and time period only:

- Full name(s);
- Current and permanent address(es);
- Billing address(es), if any;
- Telephone number(s);
- Email address(es);
- Login and access IP address(es) with timestamps limited to August–September 2025 only;
- Length of service; and
- Type(s) of Meta service(s) used (e.g., Facebook, Messenger).

Plaintiff will not accept or review any content inadvertently produced.

## V. PURPOSE AND NECESSITY OF THE REQUEST

### A. Necessity to Identify and Serve the Defendant

The deletion or deactivation of the Messenger account prevents Plaintiff from identifying or serving the defendant through any public or private means. Without Meta's identifying records for the August–September 2025 communication period, Plaintiff cannot amend the complaint to name the defendant, and this action cannot proceed.

### B. Correlation of Independent Identity Evidence to Avoid Misidentification

Plaintiff does not seek Meta's records to establish liability or prove the merits of the claims at this stage. Rather, Plaintiff seeks limited identifying information to determine whether the individual identified through transaction-platform and IP-based attribution is the same individual who communicated with Plaintiff through Facebook Messenger during the relevant period as part of the same fraudulent scheme.

This correlation is necessary to avoid misidentification and to ensure that any defendant named in this action accurately reflects the person who exercised control over both the transaction activity and the fraudulent communications.

The requested discovery is proportional to the needs of the case under Rule 26(b)(1), narrowly tailored, limited in time and scope, and directed only to information uniquely held by Meta.

## VI. SAFEGUARDS AND COMPLIANCE WITH THE COURT'S ORDER

Plaintiff will serve the subpoena with a copy of the Court's Order attached, permit notice to any affected user, and proceed in accordance with Fed. R. Civ. P. 45(d)(2)(B) for any objections.

Plaintiff will use any information obtained solely for purposes of this litigation and will not seek to identify or unmask any unrelated Meta accounts.

## VII. RELIEF REQUESTED

Plaintiff respectfully requests that the Court grant leave to serve a limited subpoena duces tecum on Meta Platforms, Inc., limited to the Messenger thread identified by Thread ID 1482174922958311 and the August–September 2025 period, authorize disclosure only of the non-content identifying information described above, and grant such other and further relief as the Court deems just and proper.

**Dated:** December 29, 2025

Respectfully submitted,

**Y.S.** Plaintiff, pro se