**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:25-cv-03129-DDD-KAS

Y.S.,
Plaintiff,

v.

John Doe, et al.,
Defendants.

**FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO**
*10:50 am, Apr 09, 2026*
**JEFFREY P. COLWELL, CLERK**

---

## PLAINTIFF'S RULE 72(a) OBJECTION TO ORDER DENYING PSEUDONYMITY

---

### I. INTRODUCTION

This objection arises from an order that permits the public disclosure of Plaintiff's identity despite unrebutted evidence of an explicit death threat, accompanied by antisemitic and hate-based targeting, and occurring within the context of a multi-actor criminal enterprise (ECF 56).

Plaintiff respectfully objects under Federal Rule of Civil Procedure 72(a) to the Magistrate Judge's March 19, 2026 Order (ECF 83) denying leave to proceed under a pseudonym.

The Order is clearly erroneous and contrary to law because it applies an incorrect legal standard, fails to account for the risks created by public disclosure of Plaintiff's identity, and fails to consider newly presented evidence demonstrating that Plaintiff's claims arise from a coordinated, multi-actor criminal enterprise (ECF 56).

Importantly, the Court stayed the effect of its ruling until April 23, 2026, and expressly provided that any appeal must be filed by April 9, 2026, with anonymity to be lifted within one

week after a ruling if the appeal is denied. Absent relief from this Court, Plaintiff's identity will be publicly disclosed shortly after the stay expires.

## II. STANDARD OF REVIEW AND GOVERNING LAW

Under Federal Rule of Civil Procedure 72(a), a district judge must modify or set aside any portion of a magistrate judge's order that is "clearly erroneous or contrary to law." An order is contrary to law when it fails to apply or misapplies governing legal standards.

In the Tenth Circuit, whether a party may proceed under a pseudonym is governed by a balancing test that weighs the plaintiff's privacy and safety interests against the public interest in open judicial proceedings and any prejudice to opposing parties.

In *M.M. v. Zavaras*, 139 F.3d 798, 803 (10th Cir. 1998), the Tenth Circuit explained that anonymity may be appropriate in "exceptional circumstances," such as where a case involves "matters of a highly sensitive and personal nature" or where there is a "real danger of physical harm." The court emphasized that the decision requires balancing the plaintiff's interests in privacy and safety against the public's interest in access to judicial proceedings.

District courts applying this standard recognize that pseudonymity is appropriate where disclosure would expose a party to retaliation, harassment, or physical danger, even if the harm is not certain to occur. The relevant inquiry is whether there is a credible risk of harm under the circumstances, not whether harm has already occurred or is guaranteed.

Similarly, in *Doe v. Megless*, 654 F.3d 404, 408–10 (3d Cir. 2011), the court articulated a widely adopted balancing framework and identified non-exhaustive factors, including:

- the severity of the threatened harm,

- the reasonableness of the plaintiff's fears, and

- the plaintiff's vulnerability to retaliation.

The court further emphasized that courts must consider whether less restrictive alternatives can adequately protect the plaintiff's interests before denying pseudonymity. See also, *Femedeer v. Haun*, 227 F.3d 1244, 1246 (10th Cir. 2000).

Courts recognize a strong presumption of openness but allow pseudonymity when a plaintiff demonstrates a substantial privacy interest that outweighs that presumption. See *Doe v. Frank*, 951 F.2d 320, 323 (11th Cir. 1992). Courts have applied this standard to grant anonymity where disclosure could expose a plaintiff to harm or harassment. See *Doe v. Stegall*, 653 F.2d 180, 185 (5th Cir. 1981).

Together, these authorities establish that:

1. A plaintiff need only show a credible risk of harm—not multiple threats or past injury;

2. The severity and context of a threat are more important than its frequency; and

3. Courts must consider both risk amplification through public disclosure and less restrictive protective measures.

Under these authorities, Plaintiff's receipt of explicit death threats and the risk of exposure to unknown actors through public disclosure satisfy the requirement of a credible risk of harm.

## III. THE ORDER APPLIED AN INCORRECT LEGAL STANDARD

The Magistrate Judge discounted Plaintiff's safety concerns on the ground that Plaintiff received only a single threat and that the threat was not as severe as in other cases. In doing so, the Magistrate Judge further minimized the severity of the threat by emphasizing that, unlike in cases where anonymity was granted, the threat was not directed at Plaintiff's family. This analysis overlooks that the singular nature of the threat resulted from Plaintiff's immediate protective action in blocking further communications from the perpetrator (ECF 2, Exhibit 1).

The absence of additional threats thus reflects Plaintiff's efforts to prevent further harm—not any lack of seriousness or risk.

A direct and explicit death threat against Plaintiff is inherently severe and, standing alone, sufficient to establish a credible risk of harm. By discounting the threat based on its singular occurrence and by downplaying its severity because it did not reference Plaintiff's family, the Magistrate Judge imposed requirements that do not exist under governing law and therefore constitutes legal error under Rule 72(a). This misapplication of the governing standard renders the Order contrary to law under Rule 72(a).

## A. The Threat Against Plaintiff Was Explicit and Severe

Plaintiff received a direct threat message including explicit homicide threats, such as:
"You bitch, I'm going to send a hitman after you!"
"They will find you before 12 o'clock tomorrow… They will kill you."

These threats were accompanied by antisemitic and other hate-based comments, underscoring the malicious intent and targeting of Plaintiff. The evidence of these threats is set forth in Exhibit 1 to ECF No. 2, which appears immediately following Plaintiff's motion in the same filing.

This was not vague or ambiguous. It was a direct, explicit threat of lethal harm.

This explicit threat has already caused significant emotional distress, including fear for Plaintiff's personal safety. That harm would be substantially amplified if Plaintiff's identity were publicly disclosed, exposing Plaintiff to unknown actors. This includes individuals with no prior connection to Plaintiff, thereby materially expanding the scope of potential harm.

The Magistrate Judge discounted this threat based on its singular occurrence. But courts do not measure risk by counting threats. A single explicit death threat—particularly one

accompanied by hate-based language—is inherently serious and sufficient to establish a credible

risk of harm in the context of criminal activity. Under *M.M. v. Zavaras*, this constitutes a "real

danger of physical harm" sufficient to justify pseudonymity.

## IV. THE MAGISTRATE JUDGE FAILED TO ACCOUNT FOR THE RISKS OF PUBLIC DISCLOSURE

The Order focuses on the fact that at least one wrongdoer may already know Plaintiff's

identity. This misses the central issue—the risk created by public disclosure of Plaintiff's

identity.

Once Plaintiff's identity appears on PACER, it becomes:

- globally accessible,

- permanently searchable, and

- available to unknown actors.

The threat must be evaluated in light of that exposure. Public disclosure significantly

increases the risk that additional actors—who did not previously know Plaintiff's identity—can

locate and target Plaintiff.

## V. THE ORDER FAILED TO CONSIDER RISKS FROM A MULTI-ACTOR CRIMINAL ENTERPRISE

Unrebutted evidence submitted in ECF 56 demonstrates that Plaintiff's assets were routed

through a coordinated laundering structure involving numerous unknown actors. The Court did

not address this evidence.

This evidence demonstrates:

- a multi-participant operation,

- transnational scope, and

- substantial resources.

In this context, the threat cannot be viewed as isolated. It must be understood as occurring within a broader criminal ecosystem capable of coordinated retaliation.

## VI. THE ORDER FAILED TO CONSIDER LESS RESTRICTIVE ALTERNATIVES

Even where pseudonymity is denied, courts must consider less restrictive alternatives. See, *e.g., Doe v. Megless*, 654 F.3d 404, 408–10 (3d Cir. 2011).

Plaintiff proposed:

- sealing identifying information,

- use of initials, and

- temporary pseudonymity.

The Order does not reflect meaningful consideration of these alternatives. In addition, the Magistrate Judge did not meaningfully balance Plaintiff's safety interests against the public interest or consider narrower alternatives, as required by controlling law.

## VII. IRREVERSIBILITY OF DISCLOSURE

The Court's stay until April 23, 2026 underscores that once disclosure occurs, the harm is irreversible.

Public disclosure is:

- permanent,

- global, and

- beyond the Court's control once made.

Because the Magistrate Judge applied an incorrect legal standard, failed to account for material evidence, and did not conduct the required balancing analysis, the Order is contrary to law and must be set aside under Rule 72(a).

Once disclosed, Plaintiff's identity cannot be made private again.

## VIII. RELIEF REQUESTED

Plaintiff respectfully requests that the District Judge set aside the Magistrate Judge's Order (ECF 83) and permit Plaintiff to proceed under a pseudonym or, in the alternative, impose narrowly tailored protective measures to prevent public disclosure of Plaintiff's identity and the resulting irreparable harm.

Dated: April 9, 2026

Respectfully submitted,

/s/ Y.S.

Plaintiff, Pro Se