**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

**FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO**
*11:12 am, Apr 13, 2026*
**JEFFREY P. COLWELL, CLERK**

Civil Action No. 1:25-cv-03129-DDD-KAS

Y.S.,
Plaintiff,

v.

John Doe, et al.,
Defendants.

---

## PLAINTIFF'S MOTION FOR ACCESS TO HEARING RECORDING OR OTHER APPROPRIATE RELIEF

---

Plaintiff respectfully moves for access to the audio recording of the March 19, 2026 hearing, or other appropriate relief, and states as follows:

1. Plaintiff intends to file objections under Federal Rule of Civil Procedure 72(a) to the Court's March 19, 2026 Order (ECF No. 83). The preparation of such objections requires access to the record of the proceedings.

2. At present, Plaintiff has no access to the hearing record. No transcript has been made available, and Plaintiff has been informed that the cost of obtaining a transcript is approximately $300–$400. Plaintiff, a retiree proceeding pro se, cannot reasonably afford this cost.

3. Courts have recognized that due process requires that a party be afforded a meaningful opportunity to review and challenge a court's ruling, which in turn requires access to a sufficient record of the proceedings. *See, e.g., Draper v. Washington*, 372 U.S. 487, 497 (1963) (recognizing the importance of an adequate record for meaningful review); *Deines v. Vermeer Mfg. Co.*, 969 F.2d 977, 979–80 (10th Cir. 1992) (emphasizing the necessity of an adequate record for review). Where, as here, a transcript is unavailable or cost-

prohibitive, and the issues raised depend in part on oral arguments presented at a hearing, reasonable access to the record—such as access to the audio recording—may be necessary to ensure fundamental fairness.

4. During the March 19, 2026 hearing, counsel for Coinbase presented factual assertions that were not contained in prior filings and contradicted prior representations that there was "nothing to compel." These statements are material to the issues addressed in the Court's ruling.

5. Plaintiff further notes that the Court's March 19, 2026 Order does not address or reflect these material oral arguments. Because those issues were raised during the hearing and are not reflected in the written order, access to the hearing record is necessary for Plaintiff to determine whether, and to what extent, such arguments may have informed the Court's ruling.

6. Plaintiff requires access to the audio recording to ensure an accurate and precise understanding of the statements made during the hearing, as necessary to permit the preparation of meaningful objections under Rule 72(a).

7. The absence of access to the hearing record under these circumstances raises fundamental fairness and due process concerns, as it prevents Plaintiff from meaningfully participating in the review of the Court's ruling and deprives the Court of a complete record for consideration of any objections.

8. Plaintiff respectfully seeks a reasonable accommodation that would permit access to the hearing record, including access to the audio recording of the March 19, 2026 hearing. Plaintiff requests such access solely for the purpose of preparing objections under Rule

72(a) and will not disseminate the recording. In the alternative, Plaintiff requests such other relief as the Court deems appropriate.

WHEREFORE, Plaintiff respectfully requests that the Court grant access to the audio recording of the March 19, 2026 hearing, or provide such other appropriate relief as necessary to ensure access to the record required to prepare objections under Federal Rule of Civil Procedure 72(a).

Dated: April 13, 2026

Respectfully submitted,

/s/ Y.S.

Plaintiff, Pro Se