IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 25-cv-03129-DDD-KAS

Y.S.,

       Plaintiff,

v.


JOHN DOE et al.,

       Defendants.

_____

**MINUTE ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KATHRYN A. STARNELLA**

       This matter is before the Court on Plaintiff's **Motion for Leave to Issue Follow-Up Subpoena to AT&T** [#105] (the "Motion"). The Court granted Plaintiff's request to engage in early discovery to identify the defendants in this case. *Order* [#48] at 6-7. However, the Court cautioned Plaintiff that this early discovery must be *narrowly tailored*, and that he was not permitted to serve subpoenas on more than three third parties. *Order* [#45] at 14. As early discovery unfolded, the Court later granted Plaintiff's motion to serve additional subpoenas on at least four other non-parties, including AT&T. *Motion* [#66]; *Courtroom Minutes* [#83] at 2; *Subpoena* [#86-2].

       In response to Plaintiff's subpoena, AT&T's Custodian of Records stated, "After a thorough search of the documents relied on in the course of my duties as Custodian of Records and Compliance Security Analyst, I was unable to find any information responsive to your request." *Plf.'s Ex. 1, AT&T Records Return* [#105-1]. Plaintiff asserts that "AT&T's response indicates that the IP address may not be associated with an individual subscriber, but rather with: an enterprise customer[,] an institutional network[,] or an upstream allocation." *Motion* [#115] at 2. Therefore, Plaintiff asks to serve on AT&T a limited follow-up subpoena that would seek to identify "the enterprise, institutional, or business customer to whom AT&T assigned the IP address during the relevant time period." *Id.*

       The Court is respectfully unpersuaded that AT&T's response, appended to the Motion [#105], suggests what Plaintiff seeks to read into it. The Court has already warned Plaintiff that early discovery may not be used as a fishing expedition. Plaintiff has not shown the Court, at this juncture, any material reason to believe that AT&T has relevant information. Accordingly,

IT IS HEREBY **ORDERED** that the Motion [#105] is **DENIED without prejudice**.


Dated: May 12, 2026