**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:25-cv-03129-DDD-KAS

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO
1:31 pm, May 14, 2026
JEFFREY P. COLWELL, CLERK

**Y.S.,**
Plaintiff,

v.

**JOHN DOE, et al.,**
Defendants.

## PLAINTIFF'S RENEWED MOTION FOR LEAVE TO ISSUE NARROW FOLLOW-UP SUBPOENA TO AT&T

Plaintiff Y.S., proceeding pro se, respectfully renews his request for leave to issue a narrowly tailored follow-up subpoena to AT&T. This renewed motion is filed in response to the Court's May 12, 2026 Minute Order denying Plaintiff's prior motion without prejudice. Plaintiff does not seek reconsideration. Instead, Plaintiff narrows and clarifies the proposed subpoena to address the Court's concern that Plaintiff had not yet shown a material reason to believe AT&T possesses relevant information.

## I. INTRODUCTION

Plaintiff previously served a Court-authorized subpoena on AT&T seeking identifying information associated with IP address **207.104.41.106**, an address that appears repeatedly in authenticated platform records tied to material account events relevant to the alleged fraud (ECF No. 66-1). The subpoena was issued following the Court's March 19, 2026 authorization of limited ISP subpoenas.

AT&T responded that it could not locate information responsive to the original request. Specifically, AT&T's Legal Compliance Analyst stated: "After a thorough search of the documents relied on in the course of my duties as Custodian of Records and Compliance Security Analyst, I was unable to find any information responsive to your request."

Plaintiff now seeks leave to issue a narrower follow-up subpoena that does not request individual subscriber information if none exists. Instead, the renewed subpoena seeks only documents sufficient to identify the customer, enterprise account, institutional customer, reseller, downstream provider, business customer, or smallest applicable netblock assignment associated with the IP address at the specific dates and times already identified.

This renewed request directly addresses the Court's May 12, 2026 Order and remains strictly within the scope of early discovery. Plaintiff is not asking the Court to infer from AT&T's no-records response alone that the IP address must belong to an enterprise or institutional account. Rather, Plaintiff seeks permission to ask a narrower and different question: whether AT&T can identify the customer, assignee, reseller, downstream provider, enterprise account, institutional customer, business customer, or smallest applicable netblock assignment for the IP address at the relevant times.

## II. LEGAL STANDARD

Courts permit early discovery when the plaintiff shows a concrete basis to believe the discovery sought will aid in identifying unknown defendants and the request is narrowly tailored to that purpose. See *Arista Records LLC v. Doe 3*, 604 F.3d 110, 119 (2d Cir. 2010).

Early discovery is appropriate where the subpoena seeks only the minimum information needed to identify the defendant. Plaintiff's renewed request satisfies this standard because it

seeks only non-content identifying information tied to a single IP address and specific timestamps already included in the Court-authorized subpoena.

The request is also proportional under Rule 26(b)(1). It concerns a single IP address, a finite set of timestamps, and one limited category of identifying information. It does not seek content, communications, browsing history, usage history, session logs, device identifiers, internal analytics, or merits discovery.

## III. BACKGROUND

### A. Early Discovery Authorization

On November 25, 2025, the Court granted limited early discovery to identify unknown defendants. The Court limited that discovery to identifying information and required the subpoenas to remain narrowly tailored.

On March 19, 2026, the Court authorized subpoenas to Internet Service Providers, including AT&T. Plaintiff now seeks leave before issuing any further subpoena, consistent with the Court's orders and the Court's instruction that further early-discovery subpoenas require prior permission.

### B. The IP Address Originated From Authenticated Platform Records

The IP address **207.104.41.106** appears in authenticated platform records tied to multiple discrete account events on September 12, 15, 16, 18, 21, and 30, 2025 (ECF No. 66-1). The original AT&T subpoena explained that the relevant entries were "derived from authenticated platform records" and corresponded to "discrete, material account events."

The subpoena further stated that all listed entries were made using the same IP address, **207.104.41.106**, as reflected in those authenticated platform records. The records attribute the IP address to AT&T network infrastructure, including enterprise network services.

Plaintiff therefore did not select this IP address randomly or through generalized internet research. The IP address was selected because it appeared repeatedly in authenticated platform records connected to material account activity relevant to the alleged fraud.

## C. The Original Subpoena Was Narrow

The original subpoena sought only documents sufficient to identify the subscriber assigned IP address **207.104.41.106** at the listed timestamps. It requested limited identifying information, including subscriber name, address, billing address, telephone number, email address, and records sufficient to identify the account assigned the IP address at the listed dates and times.

The original subpoena expressly excluded:

- content of communications;

- emails, messages, or attachments;

- browsing history;

- packet data or payload;

- metadata reflecting the substance of communications; and

- information outside the IP address and timestamps listed.

The subpoena was therefore limited to non-content identifying information only.

## D. AT&T's Response

AT&T's Legal Compliance Analyst stated under penalty of perjury that, after searching the records relied on by its Custodian of Records and Compliance Security Analyst, AT&T was "unable to find any information responsive" to Plaintiff's request (ECF No. 105-1).

That response does not state that AT&T never assigned the IP address, that the IP address is not on AT&T's network, or that AT&T lacks enterprise, business, reseller, downstream-

provider, or netblock-assignment records. It establishes only that AT&T did not locate information responsive to the original subscriber-focused request.

## E. Prior Motion Denied Without Prejudice

Plaintiff previously requested leave to issue a follow-up subpoena to identify the enterprise, institutional, or business customer to whom AT&T assigned the IP address during the relevant time period (ECF No. 105).

The Court denied the prior request without prejudice. The Court explained that it was "unpersuaded that AT&T's response … suggests what Plaintiff seeks to read into it" and that Plaintiff had not shown "any material reason to believe that AT&T has relevant information."

This renewed motion is intended to address that concern. Plaintiff does not rely on AT&T's no-records response alone. Instead, Plaintiff identifies the source and significance of the IP address and narrows the requested follow-up subpoena to assignment/allocation records only.

## IV. ARGUMENT

## A. The Renewed Subpoena Is Supported by a Material Connection to Fraud-Related Activity

The IP address **207.104.41.106** appears repeatedly in authenticated platform records tied to material account events relevant to the alleged fraud. The original subpoena listed specific dates and times for those events and identified the IP address as attributed to AT&T network infrastructure, including enterprise network services.

That provides a concrete, non-speculative basis for the requested follow-up. The renewed subpoena is not based merely on AT&T's inability to locate individual subscriber information. It is based on the combination of:

1. authenticated platform records showing repeated use of the same IP address during material account events;

2. attribution of the IP address to AT&T network infrastructure; and

3. AT&T's inability to locate individual subscriber information responsive to the original subpoena.

Thus, Plaintiff has a material reason to believe AT&T may possess relevant identifying information, even if no individual subscriber record exists.

## B. The Renewed Subpoena Directly Addresses the Court's Concern

The Court denied Plaintiff's prior motion without prejudice because Plaintiff had not shown a material reason to believe AT&T has relevant information and because AT&T's response did not itself support Plaintiff's inference that the IP address may be associated with an enterprise customer, institutional network, or upstream allocation.

Plaintiff respectfully renews the request in a narrower and more precise form. Plaintiff no longer asks the Court to infer from AT&T's no-records response alone that the IP address must belong to an enterprise or institutional customer. Instead, Plaintiff seeks permission to serve a follow-up subpoena designed to determine whether relevant information exists in a different category of AT&T records: allocation, netblock, enterprise-customer, institutional-customer, reseller, downstream-provider, business-customer, or network-assignment records.

This is not a fishing expedition. It concerns one IP address, specific timestamps, and one narrow category of identifying information: the customer or assignee to whom AT&T assigned the IP address or smallest applicable netblock at the relevant times.

## C. AT&T's Response Does Not Establish That No Relevant Assignment or Allocation Information Exists

AT&T's response was limited to the search described by its Legal Compliance Analyst. It stated only that AT&T was unable to find information responsive to Plaintiff's original request. That response does not answer the narrower question presented here: whether AT&T can identify the enterprise customer, institutional customer, reseller, downstream provider, network assignee, business customer, or smallest applicable netblock assignment associated with IP address **207.104.41.106** at the listed times.

The original subpoena used the term "subscriber." In consumer ISP records, "subscriber" may identify an individual customer. But for enterprise, institutional, reseller, business, or downstream network assignments, the relevant identifying record may not be maintained as an individual "subscriber" record. It may be maintained as a business-customer record, enterprise-account record, circuit record, netblock-assignment record, downstream-provider record, or other allocation record.

Plaintiff does not ask the Court to assume that AT&T has such records. Plaintiff asks only for leave to serve a limited subpoena asking AT&T to search for and identify that category of records, if any exist.

## D. The Renewed Subpoena Is Proportional Under Rule 26(b)(1)

The request concerns a single IP address, a finite set of timestamps, and a single category of identifying information. It imposes minimal burden on AT&T and expressly excludes content, usage data, session logs, device identifiers, internal analytics, and merits discovery.

The requested information is important because Plaintiff cannot identify the unknown defendants without third-party identifying discovery. If AT&T cannot identify an individual subscriber, the next narrower question is whether AT&T can identify the customer, assignee,

reseller, downstream provider, enterprise account, institutional customer, business customer, or smallest applicable netblock assignment associated with the IP address at the relevant times.

Without this limited information, Plaintiff has no practical means to determine whether the IP-based evidence leads to an identifiable customer, an intermediary network, a downstream provider, or no further identifiable record.

### E. The Renewed Subpoena Is the Least Intrusive Means Available

The renewed subpoena seeks only the minimum information necessary to determine whether the IP address can lead to identification of the unknown defendants. It is narrowly tailored to the Court's early-discovery limitations and avoids any request for content or broad network information. It seeks only documents sufficient to identify the customer, assignee, reseller, downstream provider, enterprise account, institutional customer, or business customer to whom AT&T assigned IP address **207.104.41.106**, or the smallest applicable netblock containing that IP address, at the exact dates and times already identified.

### F. The Renewed Subpoena Is Narrower Than the Original and Prior Request

The renewed subpoena:

1. concerns only one IP address: **207.104.41.106**;

2. uses the same timestamps already included in the original subpoena;

3. seeks only assignment or netblock-allocation information;

4. requests non-content identifying information only;

5. is limited to the smallest applicable netblock if the specific IP assignment cannot be identified; and

6. does not seek individual users behind an enterprise, institutional, reseller, or downstream-provider network.

This is narrower and more precise than the original subpoena and directly addresses the Court's May 12, 2026 Order.

## V. REQUESTED RELIEF

Plaintiff respectfully requests that the Court:

1. grant leave to issue the narrowed follow-up subpoena to AT&T;

2. find that the request is limited to identifying information necessary to determine the customer, assignee, reseller, downstream provider, enterprise account, institutional customer, or business customer to whom AT&T assigned IP address **207.104.41.106**, or the smallest applicable netblock containing that IP address, at the listed times;

3. authorize service of the subpoena with the Court's prior orders attached;

4. require AT&T to provide notice to any affected customer or assignee and allow fourteen days for objections, consistent with the Court's prior procedures;

5. limit use of any information produced to identifying and serving unknown defendants in this action; and

6. grant any further relief the Court deems proper.

## VI. CONCLUSION

The Court denied the prior motion without prejudice because Plaintiff had not yet shown a material reason to believe AT&T had relevant information. Plaintiff now renews the request in narrower form.

The IP address **207.104.41.106** was obtained from authenticated platform records and appeared repeatedly during material account events relevant to the alleged fraud. The original subpoena identified the IP address as attributed to AT&T network infrastructure, including enterprise services.

AT&T's response shows only that it did not locate information responsive to the original subscriber request. The renewed subpoena asks a narrower question: whether AT&T can identify the customer, assignee, reseller, downstream provider, enterprise account, institutional customer, business customer, or network assignee for that IP address or the smallest applicable netblock at the relevant times.

Because this limited information is necessary to identify unknown defendants and remains within the Court's early-discovery limits, Plaintiff respectfully requests leave to serve the narrowed follow-up subpoena.

Respectfully submitted,

Dated: May 14, 2026

/s/ Y.S.
Y.S., Pro Se