IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 25-cv-03129-DDD-KAS

Y.S.,

                Plaintiff,

v.

JOHN DOE et al.,

                Defendants.

---

**NON-PARTY COINBASE, INC.'S RESPONSE TO PLAINTIFF'S OBJECTION UNDER FED. R. CIV. P. 72(a) TO ORDER DENYING MOTION TO COMPEL NONPARTY COINBASE, INC. (ECF NO. 107)**

---

## I.    INTRODUCTION

Non-party Coinbase, Inc. ("Coinbase") has made every effort, at its own burden and expense, to comply with Plaintiff Y.S.'s ("Plaintiff") subpoena. The answer has been the same throughout: Coinbase does not have the identifying information Plaintiff seeks, because the Doe Defendants' wallets are not and have never been hosted on Coinbase. Undeterred, Plaintiff now objects to Magistrate Judge Starnella's well-reasoned denial of his motion to compel, a motion that, as the Court found, amounted to a "fishing expedition." ECF No. 83; Ex. A at 11:18-20.

Plaintiff cannot satisfy Rule 72(a)'s demanding standard: that the Order was "clearly erroneous or contrary to law," a high bar requiring more than disagreement with the magistrate's judgment. The Court correctly found: (1) that Coinbase does not have the specific information authorized by this Court's November 25, 2025 order; (2) that Plaintiff's alternative demand for personally identifying information for every Coinbase account that ever transacted with the Doe Defendant wallets far exceeds that authorized scope; and (3) that compelling production of private information for dozens of third parties with no demonstrated connection to the alleged scam is

NON-PARTY COINBASE, INC.'S
RESPONSE TO PLF'S OBJ. TO ORDER
DENYING MOTION TO COMPEL

neither relevant nor proportional under the Federal Rules.

Plaintiff's Objection offers only a reimagining of the arguments Magistrate Judge Starnella already considered and rejected. The Court should overrule it.

## II.    RELEVANT BACKGROUND

Plaintiff proceeds pro se, pursuing recovery of approximately $100,000 worth of cryptocurrency he lost in a "pig butchering" scam. Plaintiff filed the present action on October 6, 2025. ECF No. 1. Since then, Plaintiff has inundated the Court with filings and motions—often in direct violation of the Court's orders. For example, in response to Plaintiff's request for several emergency restraining orders, the Court entered a temporary filing restriction on Plaintiff on October 30, 2025. ECF No. 42. Yet, just seven days later, Plaintiff filed another motion for preliminary injunction. ECF No. 43.

In seeking to uncover the identities of the Doe Defendants, Plaintiff sought permission to subpoena Coinbase because it was the cryptocurrency exchange Plaintiff used to send the now-lost cryptocurrency. On November 25, 2025, the Court granted Plaintiff's motion for expedited discovery in part, permitting Plaintiff to subpoena Coinbase, among others, for basic identifying information of the Doe Defendants—the owners of the wallets to which he sent cryptocurrency. ECF No. 48 at 5. The Court denied Plaintiff's motion in all other respects, finding much of the "requested information . . . too broad" and unnecessary to "identify[] the defendants." *Id.* Two weeks later, on December 9, 2025, Plaintiff served a subpoena on Coinbase. ECF No. 52-1.

Coinbase timely served its objections and responses on January 9, 2026, explaining that after conducting a reasonable search, it had determined that it had no responsive documents in its possession, custody, or control. Ex. B.[1] Critically, the wallet addresses belonging to the Doe

---

[1] All exhibits cited are appended to the Declaration of Alexandra Mayhugh filed concurrently herewith.

NON-PARTY COINBASE, INC.'S
RESPONSE TO PLF'S OBJ. TO ORDER
DENYING MOTION TO COMPEL

Defendants are not hosted on Coinbase and, thus, Coinbase has no customer account information associated with the Doe Defendants. *Id.* Plaintiff filed a motion three days later, without meeting and conferring with Coinbase. ECF No. 72.

On January 15, 2026, counsel for Coinbase contacted Plaintiff in an attempt to avoid burdening the Court with unnecessary motion practice. Ex. C. On that call, Coinbase explained that it did not have responsive information to the subpoena and asked Plaintiff to withdraw the motion. *Id*. Plaintiff declined and instead demanded that Coinbase search its internal records for any customer account that may have ***interacted*** with the wallet addresses or TXIDs listed in the subpoena. *Id.* This demand went far beyond the scope of the subpoena and the Court's prior order, which limited allowable discovery from Coinbase "to include only ***the defendants'*** names, current and permanent addresses, billing addresses, telephone numbers, email addresses, and IP addresses." ECF No. 48 at 5. Coinbase opposed the motion to compel on February 6, 2026. ECF No. 77.[2]

The Court set a hearing on all pending motions, including Plaintiff's Motion to Compel as to Non-Party Coinbase (ECF No. 72), for March 19, 2026. ECF No. 82. At the hearing, Magistrate Judge Starnella denied Plaintiff's Motion, concluding it was "a fishing expedition" amounting to "asking a non-party to assist [Plaintiff] in looking for a needle in a haystack." Ex. A at 11:18-20.[3] Further, the Court agreed with Coinbase that Plaintiff's reading of his subpoena as articulated in

---

[2] Coinbase opposed Plaintiff's Motion to Compel on three independent grounds: (1) this Court lacks personal jurisdiction over Coinbase; (2) the Motion was procedurally improper; and (3) Coinbase has no responsive information. ECF No. 77. Coinbase maintains these arguments, but the Court need not reach them to dispose of Plaintiff's Objection. Magistrate Judge Starnella's Order is independently supported by her assessment of relevance and proportionality under Rule 26(b) and the heightened standard governing non-party discovery under Rule 45.

[3] Coinbase notes that this Court has rejected similar attempts by Plaintiff to engage in a "fishing expedition" using a non-party subpoena. *See* ECF No. 108 (denying Plaintiff's request for a follow-up subpoena to AT&T after AT&T already confirmed, in response to the first subpoena, that it had no information identifying the subscriber associated with the IP address at issue).

NON-PARTY COINBASE, INC.'S
RESPONSE TO PLF'S OBJ. TO ORDER
DENYING MOTION TO COMPEL

his Motion and at the hearing was not only overbroad but sought irrelevant information invoking third-party privacy interests. *Id.* at 5:13-17 (concluding that to the extent Plaintiff sought "identifying information on people who might have had transactions with [Defendants'] account beyond the time in which the fraudulent transaction occurred, that is definitely overbroad") (cleaned up); *see also id.* at 9:2-20 ("I'm not sure you are seeking directly relevant information. . . to get information on every Coinbase client who interacted with . . . the scammers' account . . . It seems to me the relevant information you're seeking is who owns the wallets that were used to defraud you. . . [And] Coinbase is saying, [] whoever owns those wallets, they're not with Coinbase."), 10:12-15 (concluding that the non-party Coinbase account holders "have privacy interests in their identifying information" and Plaintiff has "no basis to believe that they're the scammers or that they were involved in the scam"). Because Coinbase already provided Plaintiff with "the most relevant information"—that the Defendants' wallets are not Coinbase accounts— the Court found no basis to compel Coinbase to produce the personal and private information of non-parties. *Id*. at 13:4-13.[4]

Magistrate Judge Starnella's denial of Plaintiff's Motion to Compel is firmly grounded in both the law and the record, and Plaintiff offers nothing to suggest otherwise.

## III.    STANDARD OF REVIEW

A district court may designate a magistrate judge to hear and decide any "pretrial matter not dispositive of a party's claim or defense." Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. §636(b)(1)(A). Magistrate judges are given "broad discretion" for addressing discovery disputes

---

[4] At the hearing, Coinbase identified that its search of all non-party Coinbase accounts that had ever transacted with the subject wallets resulted in over 70 accounts. Ex. A at 4:25-5:5. Coinbase has never admitted this information is responsive. *Compare* Ex. A at 15: 16-17 (Coinbase counsel stating that information of the 70 non-party Coinbase accounts "is not responsive") *with* Objection at 3 ("Coinbase[] admi[tted] that its preliminary internal search identified over 70 accounts…").

NON-PARTY COINBASE, INC.'S
RESPONSE TO PLF'S OBJ. TO ORDER
DENYING MOTION TO COMPEL

and district courts rarely see reason to disturb their rulings. *Howmedica Osteonics Corp. v. Schilling*, No. CV22MC00005CMAMEH, 2023 WL 4701463, at \*4 (D. Colo. July 24, 2023). "[M]ere disagreement with [a] Magistrate Judge['s] recommendation does not make the recommendation incorrect or outside the bounds of [her] authority." *Witt v. Colorado*, No. 22-CV-02242-CNS-NRN, 2023 WL 345960, at \*1 (D. Colo. Jan. 20, 2023) (quotation marks and citation omitted).

While a party can object to a magistrate judge's ruling, the district court can modify or set aside that ruling only if it is "clearly erroneous" or "contrary to law." Fed. R. Civ. P. 72(a). "A factual finding is 'clearly erroneous' if, after reviewing the matter, this Court is left with a 'definite and firm conviction that a mistake has been made.'" *GSL Grp., Inc. v. Travelers Indem. Co.*, No. 18-CV-00746-MSK-SKC, 2020 WL 4282291, at \*5 (D. Colo. July 24, 2020) (citation omitted). An order is contrary to law only if the magistrate judge "applied the wrong legal standard or applied the appropriate legal standard incorrectly." *Residences at Olde Town Square Association v. Travelers Casualty Insurance Company of America*, 413 F. Supp. 3d 1070, 1072 (D. Colo. 2019).

## IV.    ARGUMENT

### A.  Plaintiff Cannot Satisfy Rule 72(a)'s Standard for Overruling the Order.

#### i.  Plaintiff has not shown that the Court's Order is contrary to law.

Plaintiff only provides two arguments that the Order was contrary to law: that the Court supposedly misapplied the relevance standard and that the Court's prior order somehow entitled Plaintiff to the requested discovery. Objection at 5-6. Neither is persuasive.

***First***, Plaintiff cites zero legal authority supporting his claim that the Court applied "an unduly narrow relevance standard." Objection at 6. It did not. Nor did the Court "treat[] the possibility of innocent accounts as a categorical bar." *Id*. Instead, the Court assessed the relevance

NON-PARTY COINBASE, INC.'S
RESPONSE TO PLF'S OBJ. TO ORDER
DENYING MOTION TO COMPEL

of personally identifying information for dozens of non-parties—where there is no factual basis for tying those non-parties to the alleged scammers—against Rule 26's proportionality standard and Rule 45's heightened requirements for non-party discovery. Ex. A at 10:7-10; *see* Fed. R. Civ. P. 26(b) (stating discovery must be "relevant" and "proportional to the needs of the case"); *Al Muderis v. Hernandez*, No. 1:20-MC-00090-RM, 2021 WL 119348, at *2 (D. Colo. Jan. 13, 2021) (explaining there is "a heightened relevancy requirement for nonparty discovery requests") (citation and quotations omitted).

Plaintiff's sole argument in this section of his brief is that the Court applied a "categorical bar" on discovery based on the possibility that innocent accounts might be swept in. Objection at 6. Plaintiff's argument proves too much. Under his theory, Rule 26's relevance standard would require any exchange to hand over the private information of every account that ever transacted with a suspected fraudster's wallet, simply because the fraudster *might* have controlled one of those accounts. That is not the law. Per Rule 45, the Court assessed the relevance of personally identifying information for dozens of non-parties—where there is no factual basis tying those non-parties to the alleged scammers—and concluded that "right now, [you] have no basis to believe that they're the scammers or that they were involved in the scam." Ex. A at 10:13-15; *id.* at 13:9-13 ("I'm saying this is not relevant information. We are not going to get into Coinbase having to reveal non-parties' personal and private information where there's no basis to do so."). Against this backdrop, the Court properly held that personally identifying information for every Coinbase account that ever interacted with the Doe Defendant wallets is not relevant. *Id.* at 13:10; *cf Al Muderis*, 2021 WL 119348, at *4 (denying plaintiff's discovery of non-party patient medical records because plaintiffs "failed to show the Court why private patient information is necessary to prove their claim").

NON-PARTY COINBASE, INC.'S
RESPONSE TO PLF'S OBJ. TO ORDER
DENYING MOTION TO COMPEL

*Second*, Plaintiff argues that the Court's order improperly interprets its prior order, which Plaintiff claims authorized wide-ranging early, non-party discovery. Objection at 5 (quoting ECF No. 48). He is incorrect. While it is true that the Court's prior order allowed narrow non-party discovery "for the sole purpose of obtaining information to identify the unknown defendants," Plaintiff omits the very next sentence, which expressly limits such information to "*only* the names, current and permanent addresses, billing addresses, telephone numbers, email addresses, and IP addresses associated *with each unknown defendant*." ECF No. 48 at 6-7. Coinbase has no such information and Plaintiff's alternative demand for personally identifying information for every Coinbase user with a "transactional linkage" to the Doe Defendants' wallets far exceeds the Court's prior order. *Id.* Indeed, as the Court found, it amounts to a "fishing expedition." Ex. A at 11:18-20. Plaintiff's claim that district courts "repeatedly" allow non-party discovery—"despite the possibility that innocent subscribers might be swept in"—is baseless and undermined by his own cited authority. *Hard Drive Productions, Inc.* denied precisely the kind of early non-party discovery Plaintiff seeks here, on the grounds that the plaintiff had not shown how such discovery was "at all likely to uncover the identity of the Doe defendants." *See Hard Drive Productions, Inc. v. Does 1–90*, 2012 WL 1094653, at *4 (N.D. Cal. Mar. 30, 2012); Objection at 7 (citing same case). The same is true here.[5]

Magistrate Judge Starnella's denial of Plaintiff's Motion was well within the Court's discretion and fully supported by the Federal Rules and caselaw governing non-party discovery.

### ii.   Plaintiff has not shown that the Court's order is clearly erroneous.

Even a cursory review of the record makes clear that nothing gives rise to a "definite and firm conviction that a mistake has been made" in the Court's Order denying Plaintiff's Motion to

---

[5] Notably, Plaintiff did not challenge the Court's prior order at ECF No. 48. To the extent he is attempting to use the instant Objection to do so, it is improper and should be rejected.

NON-PARTY COINBASE, INC.'S
RESPONSE TO PLF'S OBJ. TO ORDER
DENYING MOTION TO COMPEL

Compel. *GSL Grp., Inc.* 2020 WL 4282291, at *5.

*First*, the Court's prior order permitted early third-party discovery for the single purpose of identifying the Doe Defendants, limited "to include *only the defendants*'" identifying information. ECF No. 48 at 5. Plaintiff did not challenge that order or its applicability to his subpoena, and he does not argue it is clear error now. Yet Plaintiff now contends that identifying information for the Doe Defendants extends to *every* Coinbase user who has ever *interacted* with one of the Doe Defendant wallets. Objection at 3. The Court squarely rejected this reading, ruling that Plaintiff's demand was "broader than what I had authorized when I granted [Plaintiff's] motion to issue a subpoena to Coinbase." Ex. A at 16:12-13. That Plaintiff characterizes the non-party Coinbase accounts as "attribute[ed] through transactional pathways" to the Defendants' wallets does not change the scope of what the Court permitted. Objection at 6.[6]

*Second*, Plaintiff argues the Court failed to consider whether these third-party accounts could be "controlled by the perpetrators" or be "intermediary routing accounts." Objection at 4. But the Court considered this exact point and nonetheless rejected Plaintiff's demand because he had no basis to believe these non-parties—at least twice removed from the alleged scam—had any relation to the Doe Defendants. Ex. A at 10:11-15; *id*. at 12:2-6; *id.* at 13:9-13. Plaintiff does not and cannot point to anything in the record suggesting these dozens of Coinbase users were involved in any way in the alleged scam. Thus, Plaintiff offers nothing to support the notion that the Court committed clear error.

### iii.   The Court properly rejected Plaintiff's proposed "narrowing."

---

[6] Plaintiff argues that the Court misinterpreted the subpoena as seeking wallet address ownership as opposed to wallets "attribute[d] to" the Defendants' wallets. Objection at 4. This is immaterial, as the requested information goes well beyond the scope of the Court's prior order.

NON-PARTY COINBASE, INC.'S
RESPONSE TO PLF'S OBJ. TO ORDER
DENYING MOTION TO COMPEL

Plaintiff further argues that rather than deny the Motion to Compel, the Court should have unilaterally narrowed the subpoena. As an initial matter, the Court was under no obligation to rewrite Plaintiff's deficient and overly expansive subpoena, and Plaintiff cites no authority to the contrary.[7] This is particularly true for the forms of narrowing—*e.g.*, "partial production, staged disclosure, anonymization" (Objection at 9)—that Plaintiff never even proposed to the Court. In any event, the Court considered and rejected the only form of "narrowing" Plaintiff actually proposed—shortening the time period—because "it is still broader than what [the Court] had authorized when [it] granted [Plaintiff's] motion to issue a subpoena to Coinbase." Ex. A at 16:11-13.

### B. Plaintiff Continues to Cite Hallucinated and Inapt Caselaw, Warranting Sanctions.

Coinbase reiterates its request for relief from Plaintiff's repeated motions against Coinbase, which are harassing and made all the more so due to Plaintiff's repeated citations to nonexistent cases and misstatements of the law. ECF No. 77 at 6-8. Specifically, Coinbase asks that the Court prevent Plaintiff from filing any motion or other paper against or related to Coinbase. *See id.*; *Cotner v. Hopkins*, 795 F.2d 900, 902 (10th Cir. 1986). Plaintiff has already received multiple warnings about his citations to nonexistent cases—first from the Court (ECF No. 45 at 11, stating that if Plaintiff "continue[d] to supply this Court with non-existent or improperly attributed legal authority, the Court is well within its authority to recommend sanctions"), and again at the hearing (Ex. A at 21:18-20, warning that if Plaintiff "continue[s] to miscite cases and misstate cases, I will likely recommend that the district judge impose filing restrictions on you"). Yet again, Plaintiff

---

[7] Plaintiff's citations to *Jordan v. Virginia Department of Corrections*, 921 F.3d 180, 189 (4th Cir. 2019), and *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004), are inapplicable. Neither decision addressed motions to compel information beyond the authorized scope of non-party discovery.

NON-PARTY COINBASE, INC.'S
RESPONSE TO PLF'S OBJ. TO ORDER
DENYING MOTION TO COMPEL

cites hallucinated and misstated caselaw, creating additional burden for Coinbase, and the Court, to address. Objection at 7-9.

***First***, Plaintiff cites a nonexistent case—*Diamond Fortress Techs., Inc. v. EverID, Inc.*, No. 19-337-LPS, 2022 WL 2239826, at \*3–4 (D. Del. June 22, 2022)—for the proposition that courts compel production of identifying information tied to "wallet activity." Objection at 7-8.

***Second***, Plaintiff cites a slate of copyright infringement cases where non-party discovery was sought regarding the identities of the ISP subscribers whose IP addresses were found to have downloaded copyright material. Objection at 7. Not only did some of those cases actually ***reject*** Plaintiff's position in this case,[8] but they are factually inapposite: in each, plaintiffs sought the identity of the wrongdoers themselves, not innocent non-parties. Thus, none of the cases addresses the situation where, as here, non-party discovery of innocent third-parties is sought in a convoluted effort to identify doe defendants based on nothing more than speculation.[9]

Coinbase, thus, respectfully requests that the Court order Plaintiff to seek leave of the Court before filing any motion or other papers against or relating to Coinbase in this matter per Magistrate Judge Starnella's warning. Ex. A at 21:18-20.

## V.    CONCLUSION

For the foregoing reasons, Coinbase respectfully requests that the Court overrule Plaintiff's Objection.

---

[8] Plaintiff states that *Hard Drive Productions, Inc.* "followed the same approach" where the court "approved early discovery despite the possibility that innocent subscribers might be swept in." Objection at 7. But *Hard Drive Productions, Inc.* **denied** such discovery because plaintiff failed to show how it was "at all likely to uncover the identity of the Doe defendants." 2012 WL 1094653, at \*4. The same result is warranted here.

[9] *See* Objection at 7 (citing cases that do not stand for the propositions offered: *Sony Music Entertainment Inc. v. Does 1–40*, 326 F. Supp. 2d 556, 565 (S.D.N.Y. 2004); *Arista Records LLC v. Does 1–19*, 551 F. Supp. 2d 1, 6 (D.D.C. 2008); *Malibu Media LLC v. Does 1–16*, 2012 WL 5987854, at 3 (E.D. Pa. Nov. 30, 2012)).

NON-PARTY COINBASE, INC.'S
                                      RESPONSE TO PLF'S OBJ. TO ORDER
                                      DENYING MOTION TO COMPEL

Dated: May 18, 2026

COOLEY LLP


By: */s/ Alexandra Mayhugh*
    Alexandra Mayhugh, California Bar No. 300446
    amayhugh@cooley.com

Two California Plaza
350 South Grand Avenue, Suite 3200
Los Angeles, CA 90071
Telephone:    +1 213 561-3250
Facsimile:    +1 213 561-3244

Attorneys for Non-Party
Coinbase, Inc.

NON-PARTY COINBASE, INC.'S
RESPONSE TO PLF'S OBJ. TO ORDER
DENYING MOTION TO COMPEL

## **CERTIFICATE OF SERVICE**

I certify that on this 18th day of May, 2026, a true and correct copy of the foregoing Non-Party Coinbase, Inc.'s Response to Plaintiff's Objection Under Fed. R. Civ. P. 72(a) to Order Denying Motion to Compel Nonparty Coinbase, Inc. was served via USPS First Class Mail to the following party in this action:

Y. S.                                                            *Plaintiff, Pro Se*
1818 South Quebec Way
#11-6
Denver, CO 80231


                                                    */s/ Alexandra Mayhugh*
                                                    Alexandra Mayhugh

                                    NON-PARTY COINBASE, INC.'S
                                    RESPONSE TO PLF'S OBJ. TO ORDER
                                    DENYING MOTION TO COMPEL