**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:25-cv-03129-DDD-KAS

**FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO**
*11:09 am, May 27, 2026*
**JEFFREY P. COLWELL, CLERK**

**Y.S.,**
Plaintiff,

v.

**JOHN DOE et al.,**
Defendants.

---

**PLAINTIFF'S MOTION TO STRIKE OR DISREGARD NONPARTY COINBASE,
INC.'S UNAUTHORIZED RESPONSE TO PLAINTIFF'S RULE 72(a) OBJECTION, OR
IN THE ALTERNATIVE, FOR LEAVE TO FILE REPLY**

---

Plaintiff Y.S., proceeding pro se, respectfully moves this Court pursuant to Judge

Domenico's Civil Practice Standards § III.B.2 and the Court's inherent authority to manage its

docket and control unauthorized filings to strike or disregard the Response filed by Nonparty

Coinbase, Inc. ("Coinbase") (ECF No. 111). In the alternative, if the Court considers Coinbase's

Response, Plaintiff respectfully requests leave to file a reply within twenty-one (21) days of the

Court's order, with an increased page limit of up to fifteen (15) pages, or within any other time

and page limit the Court deems appropriate.

**Conferral pursuant to D.C.COLO.LCivR 7.1(a) and Judge Domenico's Civil**

**Practice Standards:** Plaintiff made reasonable, good-faith efforts to confer with counsel for

Nonparty Coinbase, Inc. regarding the relief requested in this Motion. On May 25, 2026,

Plaintiff contacted counsel for Nonparty Coinbase, Inc. by email and advised that Plaintiff

intended to file a motion to strike or disregard Coinbase's unauthorized Response to Plaintiff's

Rule 72(a) Objection, or, in the alternative, for leave to file a reply of up to fifteen pages within

twenty-one days if the Court considers Coinbase's Response. Counsel for Nonparty Coinbase,

Inc. advised that Coinbase opposes the requested relief. Accordingly, the relief requested in this Motion is opposed.

Federal Rule of Civil Procedure 72(a) governs objections to magistrate judge orders on nondispositive matters. Rule 72(a) authorizes a party to file objections within fourteen days after being served with the order and requires the district judge to consider timely objections and modify or set aside any portion of the order that is clearly erroneous or contrary to law. But Rule 72(a) does not itself create an automatic right to file a response to a Rule 72(a) objection, and it does not create an automatic right to file a reply. In the District of Colorado, the right to respond is supplied — if at all — by the applicable judge-specific practice standard, local rule, or specific court order, not by Rule 72(a) itself.

Judge Domenico's Civil Practice Standards § III.B.2 supply the applicable briefing procedure. That standard provides that "a party may respond to another party's objections" within fourteen days after service of the objections, but that "[n]o reply is permitted without leave of Court."

The text of the practice standard is clear. It grants an as-of-right response only to parties. Coinbase is not a party to this action. Coinbase is a nonparty subpoena respondent. Because Rule 72(a) does not independently authorize a response, and because Judge Domenico's Civil Practice Standards authorize only "a party" to respond as of right, Coinbase was required to seek leave before filing a response to Plaintiff's Rule 72(a) Objection. Coinbase did not seek leave.

Because no federal rule or judge-specific practice standard authorized Coinbase, as a nonparty, to file a response as of right, Coinbase should have sought leave before filing ECF No. 111. Coinbase did not move to intervene, did not request leave, and did not obtain authorization before filing a substantive response to Plaintiff's Rule 72(a) Objection. A nonparty may not

place a response brief before the Court without leave where the federal rule does not authorize

such a response and the applicable practice standard grants an as-of-right response only to

parties. The Court should strike or disregard ECF No. 111.

The Federal Rules distinguish between parties and nonparties. A nonparty that seeks to

become a participant in the action may move to intervene under Rule 24, while a subpoena

recipient's rights and obligations arise from Rule 45's subpoena-specific procedures. Fed. R.

Civ. P. 24; Fed. R. Civ. P. 45. Coinbase has rights as a subpoena recipient under Rule 45, but it is

not a party to this action and did not intervene under Rule 24. Rule 72(a), by contrast, authorizes

"a party" to serve and file objections to a magistrate judge's nondispositive order; it does not

independently authorize nonparty response briefing. Fed. R. Civ. P. 72(a). Judge Domenico's

Civil Practice Standards § III.B.2 likewise authorizes only "a party" to respond as of right.

Coinbase therefore should have sought leave before filing a substantive response to Plaintiff's

Rule 72(a) Objection.

Coinbase may argue that, as the subpoena respondent, it has an interest in the underlying

discovery dispute. But any such interest under Rule 45 does not create an automatic right to file a

response to a Rule 72(a) objection without leave. Rule 45 governs subpoena compliance,

objections, motions to compel, motions to quash, and protective relief; it does not override the

District Judge's briefing procedures for objections to a magistrate judge's nondispositive order.

If Coinbase wished to participate in Rule 72(a) briefing as a nonparty, it should have sought

leave.

If the Court nevertheless considers Coinbase's Response, Plaintiff respectfully requests

leave to file a reply. Coinbase's Response does more than defend the Magistrate Judge's Order.

It raises new arguments, presents new case-law characterizations, makes factual assertions about

the 70-plus accounts identified by Coinbase's internal search, asserts waiver and preservation arguments, asserts proportionality arguments, and requests affirmative relief in the form of filing restrictions against Plaintiff. Plaintiff has not yet had an opportunity to respond to those matters. Because filing restrictions are affirmative relief that can limit access to the Court, Plaintiff should be afforded a meaningful opportunity to respond before any such request is considered.

Good cause exists to permit a reply if the Court considers Coinbase's Response. Coinbase raises multiple issues Plaintiff has not had an opportunity to answer, including the Rule 72(a) standard of review, Coinbase's cited authority regarding early discovery and Rule 45 modification, waiver and preservation, proportionality, the claimed absence of a demonstrated connection between the 70-plus accounts and the alleged scam, and Coinbase's request for filing restrictions. A reply is warranted so Plaintiff may address those arguments before the Court rules.

Coinbase's waiver and preservation arguments specifically require a response. Coinbase contends that Plaintiff did not challenge ECF No. 48 and therefore cannot rely on the present Objection to alter or expand that order. Coinbase also argues that Plaintiff failed to preserve certain narrowing arguments, including partial production, staged disclosure, anonymization, and other protective mechanisms, because Coinbase says those options were not proposed to the Magistrate Judge. Those arguments mischaracterize the scope of Plaintiff's Rule 72(a) Objection and the record before the Magistrate Judge. Leave to reply is warranted so the Court may consider those preservation issues on a complete and accurate record.

A reply would also allow Plaintiff to address a preserved threshold issue under Rule 45(d)(2)(B) and the Court's November 25, 2025 Order authorizing the subpoena (ECF No. 48). Plaintiff argued in his motion to compel that Coinbase's January 9, 2026 objections were

untimely because they were served more than fourteen days after the December 9, 2025

subpoena. Coinbase's Response nevertheless characterizes those January 9 objections as

"timely." Coinbase's characterization is incorrect. Rule 45(d)(2)(B) required Coinbase to serve

any objections within fourteen days after service of the subpoena — by December 23, 2025.

Coinbase did not do so. The Court's November 25, 2025 Order authorizing the subpoena (ECF

No. 48) did not extend that deadline. If leave to reply is granted, Plaintiff intends to argue that

Coinbase's January 9, 2026 subpoena objections should be deemed waived and disregarded as

untimely.

The Magistrate Judge's Order did not address Plaintiff's preserved timeliness and waiver

argument. If Coinbase's Response remains before the Court, leave is warranted so Plaintiff may

explain why Coinbase's "timely" characterization is wrong, why the January 9 objections

violated the Rule 45(d)(2)(B) deadline.

A reply would also allow Plaintiff to address Coinbase's failure to seek appropriate Rule

45 relief. Coinbase served objections and refused production, but did not timely move to quash,

move to modify the subpoena, seek a protective order, request staged disclosure, request in

camera review, or propose any alternative procedure that would preserve the defendant-

identifying discovery authorized by ECF No. 48 while addressing any claimed burden or privacy

concern. If Coinbase's Response remains before the Court, Plaintiff should be permitted to

explain why Coinbase's all-or-nothing refusal does not justify denial of the motion to compel

and why Rule 45's modification framework required consideration of narrower alternatives

rather than categorical denial.

Plaintiff also intends to address Coinbase's attempt to reframe the subpoena as seeking

ownership of external wallets rather than internal attribution records. The subpoena sought

Coinbase customer accounts that Coinbase's own internal records attribute to the wallet addresses or TXIDs identified in the subpoena. Coinbase's Response continues to defend an ownership-based theory even though Coinbase disclosed that its own internal search identified more than 70 accounts that transacted with the subject wallets. If Coinbase's Response remains before the Court, Plaintiff should be permitted to reply to that factual and legal characterization before the Court rules.

Because Coinbase's Response raises numerous distinct arguments, Plaintiff respectfully requests an increased page limit if leave to reply is granted. A reply must address, among other things, Coinbase's Rule 72(a) standard-of-review arguments, its waiver and preservation assertions, its Rule 26 proportionality arguments, its Rule 45 modification arguments, Coinbase's failure to seek timely Rule 45 relief, its characterization of the 70-plus accounts, its assertion that the January 9 objections were timely, Plaintiff's argument that Coinbase's subpoena objections should be deemed waived and disregarded as untimely, and Coinbase's request for filing restrictions. These issues cannot be adequately addressed within the ordinary reply length without sacrificing clarity or omitting material points. Plaintiff therefore respectfully requests leave to file a reply of up to fifteen (15) pages, or such other increased page limit as the Court deems appropriate.

No prejudice will result to Coinbase if leave and an increased page limit are granted. Coinbase has already filed a twelve-page Response defending the Magistrate Judge's Order and requesting affirmative relief. Plaintiff seeks only a reply addressing Coinbase's arguments, preservation assertions, timeliness assertions, Rule 45 assertions, and request for filing restrictions. Plaintiff does not seek additional discovery, additional briefing beyond the requested reply, or any extension of any other deadline.

For the foregoing reasons, Plaintiff respectfully requests that the Court strike or disregard Nonparty Coinbase's Response (ECF No. 111) because Coinbase, as a nonparty, did not seek leave before filing a response not authorized by Rule 72(a) and not authorized as of right by Judge Domenico's Civil Practice Standards. In the alternative, if the Court considers Coinbase's Response, Plaintiff respectfully requests leave to file a reply within twenty-one (21) days of the Court's order, with an increased page limit of up to fifteen (15) pages, or within any other time and page limit the Court deems appropriate.

Dated: May 26, 2026

Respectfully submitted,

/s/ Y.S.
Y.S.
Plaintiff, Pro Se

**CERTIFICATE OF SERVICE**

I certify that on May 26, 2026, I submitted the foregoing **Plaintiff's Motion to Strike or Disregard Nonparty Coinbase, Inc.'s Unauthorized Response to Plaintiff's Rule 72(a) Objection, or in the Alternative, for Leave to File Reply** to the Clerk of the Court by email for filing. Once docketed, the CM/ECF system will transmit notice of the filing to all counsel of record, including:

Alexandra Mayhugh
Cooley LLP
Counsel for Nonparty Coinbase, Inc.

/s/ Y.S.
Y.S., Plaintiff, Pro Se