**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Chief Judge Daniel D. Domenico**

Civil Action No. 1:25-cv-03129-DDD-KAS

Y.S.,

      Plaintiff,

v.

JOHN DOE, et al.,

      Defendant.

---

## ORDER OVERRULING OBJECTIONS

---

Plaintiff, proceeding pro se, is attempting to recover bitcoin that he alleges was improperly taken by scammers. Plaintiff does not know the identity of the scammers and so has been granted limited discovery to try to uncover the identities. He has asked to proceed pseudonymously because of threats he has received. Plaintiff now objects to two orders related to non-party subpoenas and his motion to proceed under pseudonym.

## LEGAL STANDARDS

"A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972)). I cannot, however, act as a pro se litigant's advocate. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008). Pro se parties also must "follow the same rules of procedure that govern other litigants." *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) (quoting *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992)).

- 1 -

When reviewing a magistrate judge's order that is not dispositive of a party's claim or defense, a Court should "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). The magistrate judge's factual findings may not be set aside unless "on the entire evidence [the court] is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948); *Residences at Olde Town Square Assoc. v. Travelers Cas. Ins. Co. of Am.*, 413 F. Supp. 3d 1070, 1072 (D. Colo. 2019) (citing *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988)). Legal determinations may be set aside if the magistrate judge applied the wrong legal standard or applied the appropriate legal standard incorrectly. *Olde Town Square*, 413 F. Supp. 3d at 1072 (citing 12 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3069 (2d ed.)).

## DISCUSSION

### I.   Motion to Compel Production

The Court granted expedited discovery for the sole purpose of obtaining information to identify the unknown defendants. Doc. 48 at 6–7. Pursuant to that order, the Court permitted Plaintiff to subpoena non-party Coinbase, the exchange he used to send the cryptocurrency. In the subpoena, Plaintiff provided addresses to his own wallets and to wallets he believes are associated with the scammers, either because Plaintiff sent currency to or received currency from these wallets in connection with the scam. *See* Doc. 52-1 at 4–5. He then requested that Coinbase identify "[a]ny Coinbase customer account that Coinbase's internal records attribute to the wallet addresses." *Id.* at 4.

Coinbase, although it listed several objections, informed Plaintiff that it had no responsive records because the owners of the wallets in question are not Coinbase customers. Plaintiff then moved to compel the

production of the names and identifying information of any Coinbase customers who have interacted with the wallets at issue.

Magistrate Judge Starnella denied Plaintiff's motion to compel. She concluded that even if the language of the subpoena could support Plaintiff's broad reading, that reading would result in an overbroad subpoena—both broader than the Court authorized and broader than Fed. R. Civ. P. 45 permits. *See generally* Doc. 83 and Doc. 90.

Plaintiff now objects. He argues that Judge Starnella erred in concluding that Coinbase had no responsive records because Coinbase itself admitted that it had identified 70 accounts that transacted with the wallets at issue. And he argues that he should be permitted to subpoena these records because they may reveal individuals attributable to the scam wallets.

I agree with Judge Starnella. The Court granted expedited discovery to obtain "only the names, current and permanent addresses, billing addresses, telephone numbers, email addresses, and IP addresses associated with each unknown defendant." Doc. 48 at 7. And the subpoena's language should be understood in that light, meaning that the customers Coinbase can "attribute" to the wallets are the Coinbase customers that own the wallets.

Plaintiff argues that Judge Starnella applied the wrong legal standard either because she misconstrued Doc. 48, applied an unduly narrow relevance standard, or mischaracterized the request as a fishing expedition. But Judge Starnella properly applied the relevant standards. As to the interpretation of Doc. 48 and the relevant standard, Plaintiff inaccurately claims that Judge Starnella created a categorical bar to discovery because the information would also include innocent customers. But Judge Starnella simply concluded that the request is overbroad because Plaintiff has no evidence about the 70 accounts and does not know

whether the information would even be useful. The fact that the 70 ac-counts likely include other victims weighs in favor of their being irrele-vant under Rule 26 and unduly burdensome under Rule 45. For those same reasons, Judge Starnella correctly concluded that Plaintiff's re-quest was a "fishing expedition." And I agree with her conclusion that Plaintiff's proposed temporal narrowing does not solve the problems identified.

Plaintiff's objections are overruled.[1]

## II.     Motion to Proceed Under Pseudonym

Plaintiff also objects to Judge Starnella's order denying reconsidera-tion of his motion to proceed pseudonymously. He argues that Judge Starnella applied the wrong legal standard, but the transcript shows that Judge Starnella, after considering the new information Plaintiff provided, walked through (1) the severity of the threatened harm, (2) the reasonableness of the his fears, and (3) his vulnerability to retalia-tion—the same three-part test plaintiff cites. *See* Doc. 88 at 2 (*citing Doe v. Megless*, 654 F.3d 404, 408–10 (3d Cir. 2011)).

Judge Starnella concluded that pseudonymity is not warranted in this case because the record shows that the individuals that threatened Plaintiff already know his name and address, and that he has not faced

---

[1] In his argument that Judge Starnella mischaracterized his request as a fishing expedition, Plaintiff cites to hallucinated cases and misattrib-utes conclusions that cannot be found in real cases. He cites a nonex-istent case, *Diamond Fortress Techs., Inc. v. EverID, Inc.*, No. 19-337-LPS, 2022 WL 2239826, at *3–4 (D. Del. June 22, 2022), and gives the opposite holding of another case, *Hard Drive Prods., Inc. v. Does 1-90*, No. C11-03825 HRL, 2012 WL 1094653, *2–*3 (N.D. Cal. Mar. 30, 2012). This is a sufficient alternative ground for overruling his objec-tions. *See* Doc. 90 at 21:18–20 ("I am warning you that if you continue to miscite cases and misstate cases, I will likely recommend that the district judge impose filing restrictions on you.").

any further threats. Plaintiff correctly notes that repeated threats are not strictly necessary, but he has not shown that Judge Starnella based her conclusions on an incorrect standard or incorrect information. While I understand Plaintiff's apprehension and disagreement with the decision, the bar to overturn a non-dispositive motion is high, and he has not shown error, clear or otherwise.

## CONCLUSION

It is **ORDERED** that:

Plaintiff's objections, **Doc. 88 and Doc. 104** are **OVERRULED**.

DATED: June 4, 2026          BY THE COURT:

_____
~~Daniel D. Domenico~~
Chief United States District Judge