**FILED**
**UNITED STATES DISTRICT COURT**
**DENVER, COLORADO**
*4:24 pm, Jun 04, 2026*
**JEFFREY P. COLWELL, CLERK**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:25-cv-03129-DDD-KAS

Y.S.,
Plaintiff,

v.

JOHN DOE, et al.,
Defendants.

---

**EMERGENCY MOTION TO CORRECT CLERICAL DOCKETING ERROR
CONCERNING ECF NO. 104, TO DOCKET AND CONSIDER PLAINTIFF'S MAY 4,
2026 AMENDED RULE 72(a) OBJECTION TO ORDER DENYING PSEUDONYMITY,
TO RECONSIDER ECF NO. 115 AS TO PSEUDONYMITY, AND TO MAINTAIN
PSEUDONYMITY PENDING REVIEW**

---

Plaintiff Y.S., proceeding pro se, respectfully moves on an emergency basis for

correction of a material clerical docketing error concerning ECF No. 104, for consideration of

the correct document Plaintiff submitted to the Clerk on May 4, 2026, for reconsideration of the

portion of the Court's June 4, 2026 Order overruling Plaintiff's pseudonymity objection, and for

immediate continuation of Plaintiff's pseudonymity pending the Court's review.

Emergency relief is necessary because the issue presented is whether Plaintiff's identity

may be publicly disclosed. Once Plaintiff's identity is publicly disclosed, the protection sought in

his Rule 72(a) objection cannot be restored, and any later correction of the docket would not

remedy the harm.

**I. MATERIAL CLERICAL DOCKETING ERROR**

On April 9, 2026, Plaintiff filed his original Rule 72(a) Objection to Order Denying

Pseudonymity, challenging the Magistrate Judge's March 19, 2026 ruling denying Plaintiff leave

to proceed under a pseudonym. That objection was docketed at ECF No. 88.

On May 4, 2026, Plaintiff emailed the Clerk an amended Rule 72(a) objection addressing that same pseudonymity ruling. The document Plaintiff submitted was titled Plaintiff's Rule 72(a) Objection to Order Denying Pseudonymity and expressly stated in its opening paragraph that Plaintiff "respectfully submits this Amended Rule 72(a) Objection to the Magistrate Judge's March 19, 2026 Order (ECF No. 83) denying leave to proceed under a pseudonym." A true and correct copy of that document is attached as **Exhibit A**. Plaintiff's May 4, 2026 email transmitting that document to the Clerk for filing is attached as **Exhibit B**.

The May 4 submission was intended to amend and supplement Plaintiff's earlier pseudonymity objection at ECF No. 88. It further addressed the hearing record, the explicit death threat and disclosure of Plaintiff's address, the antisemitic targeting, the risk that public disclosure would disseminate Plaintiff's identity to unknown actors, the multi-actor context alleged in Plaintiff's prior submissions, and the Magistrate Judge's reasoning concerning the effect of public disclosure.

However, the document entered on the docket at ECF No. 104 is not Plaintiff's May 4 amended pseudonymity objection. Instead, ECF No. 104 contains an unrelated Rule 72(a) objection concerning the denial of Plaintiff's motion to compel Nonparty Coinbase, Inc. That Coinbase-related objection concerns a different ruling, different relief, and different issues from the amended pseudonymity objection Plaintiff emailed to the Clerk on May 4. Plaintiff previously notified the Clerk of the apparent error and requested administrative correction. Before the correction was made, the Court entered its June 4, 2026 Order Overruling Objections at ECF No. 115.

## II. ECF NO. 115 RULED BEFORE THE CORRECT MAY 4 DOCUMENT WAS BEFORE THE COURT

In ECF No. 115, the Court separately addressed: (1) the Coinbase motion-to-compel objection appearing at ECF No. 104; and (2) Plaintiff's original pseudonymity objection appearing at ECF No. 88. The Court ultimately ordered that "Plaintiff's objections, Doc. 88 and Doc. 104 are OVERRULED."

As a result of the clerical docketing error, the Court did not have before it the document Plaintiff submitted on May 4: Plaintiff's amended Rule 72(a) objection addressing pseudonymity. Instead, the Court addressed ECF No. 104 as a Coinbase discovery objection, because that was the unrelated document appearing on the docket.

Plaintiff does not seek to submit a new objection after the Court's ruling or to materially revise the May 4 document. Plaintiff requests that the record be corrected to reflect the document actually submitted to the Clerk on May 4, 2026, and that the Court consider whether its pseudonymity ruling should be reconsidered after reviewing that document.

The May 4 amended pseudonymity objection is material. It was directed to the same pseudonymity ruling challenged in ECF No. 88, but it further developed Plaintiff's objection based on the hearing record and the risk created by public disclosure. Among other things, it addressed the Court's statements at the March 19 hearing regarding the absence of repeated threats, the fact that the threat was sent by text message, the suggestion that anonymity would provide only "peace of mind," and the incremental risk that public disclosure would spread Plaintiff's identity beyond any actor who may already know it. Those arguments concern the precise basis on which ECF No. 115 overruled the pseudonymity objection.

## III. THE DOCKET SHOULD BE CORRECTED TO REFLECT THE DOCUMENT PLAINTIFF SUBMITTED ON MAY 4, 2026

Federal Rule of Civil Procedure 60(a) permits the Court to correct "a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." The error presented here is clerical: an unrelated Coinbase objection was entered at ECF No. 104 instead of the amended pseudonymity objection Plaintiff submitted to the Clerk for filing on May 4, 2026.

Plaintiff respectfully requests that the Clerk be directed to correct or annotate ECF No. 104 and docket the correct amended pseudonymity objection attached as Exhibit A as the document Plaintiff submitted on May 4, 2026. Plaintiff also requests that the Court treat Exhibit A as submitted for filing on May 4, 2026, rather than as a new filing first presented after the June 4 Order.

Plaintiff recognizes that the Court may determine whether the May 4 amended objection should be accepted as an amendment or considered as a supplement to the timely original objection at ECF No. 88. Plaintiff respectfully requests that it be considered in either capacity because it was the document Plaintiff transmitted for filing, and because the unrelated document mistakenly entered at ECF No. 104 prevented the Court from reviewing it before ruling.

## IV. RECONSIDERATION IS WARRANTED AS TO PSEUDONYMITY BECAUSE THE COURT DID NOT HAVE THE CORRECT MAY 4 SUBMISSION BEFORE IT

Plaintiff respectfully requests reconsideration of the portion of ECF No. 115 overruling his pseudonymity objection, limited to consideration of the correct May 4 amended objection. The request is not based merely on disagreement with the Court's ruling. It is based on a material docketing error that deprived the Court of the document Plaintiff submitted for filing before the Court ruled. Plaintiff's amended objection concerns the central grounds on which the Court denied relief: whether the Magistrate Judge applied the proper standard; whether the absence of

repeated threats diminished the seriousness of an explicit death threat; whether the fact that one actor may know Plaintiff's identity eliminates the distinct danger created by public disclosure; and whether dissemination of Plaintiff's identity to unknown participants in the alleged scheme materially increases the risk of harm.

In ECF No. 115, the Court held that the Magistrate Judge considered the severity of the threatened harm, the reasonableness of Plaintiff's fears, and his vulnerability to retaliation. The Court further held that the threatening individuals already know Plaintiff's name and address and that Plaintiff had not received further threats. Plaintiff's May 4 amended objection directly addresses why those considerations do not resolve the distinct risk posed by public disclosure: a publicly accessible court record may disseminate Plaintiff's identity to additional unknown individuals who do not already possess it.

Plaintiff does not ask the Court to prejudge those arguments in this Motion. He asks only that the Court review the amended pseudonymity objection he actually submitted before determining whether ECF No. 115 should remain in effect as to pseudonymity.

## V. PSEUDONYMITY SHOULD REMAIN IN EFFECT PENDING CORRECTION AND REVIEW

Immediate temporary relief is necessary to prevent irreparable harm. The relief sought in Plaintiff's pseudonymity objection is protection from public disclosure of his identity while this action concerns alleged fraudsters who made an explicit threat against him and disclosed his address.

If Plaintiff's identity is disclosed publicly before the Court reviews the correct May 4 submission, that disclosure cannot be undone. The Court could later correct the docket or

reconsider its ruling, but it could not restore confidentiality after Plaintiff's identity has appeared on the public docket or become accessible to unknown persons.

Maintaining the existing use of Plaintiff's initials for the limited period necessary to correct the record and consider this Motion would preserve the status quo and impose no cognizable prejudice on any party. The public can continue to understand the nature of the proceedings, the issues presented, and the Court's rulings without immediate disclosure of Plaintiff's name.

Plaintiff therefore requests that the Court immediately maintain Plaintiff's pseudonymity and any existing protection of Plaintiff's identifying information pending resolution of this Motion and consideration of the correct May 4 amended objection.

## VI. THE PORTION OF ECF NO. 115 ADDRESSING ECF NO. 104 SHOULD BE VACATED OR DISREGARDED WITHOUT PREJUDICE

Because the document docketed at ECF No. 104 was not the May 4 amended pseudonymity objection Plaintiff submitted for filing, Plaintiff also respectfully requests correction of the portion of ECF No. 115 adjudicating ECF No. 104.

ECF No. 115 addresses ECF No. 104 as an objection to the denial of Plaintiff's motion to compel Coinbase and overrules it on the merits. But ECF No. 104 appeared on the docket only because the wrong document was entered in place of Plaintiff's May 4 amended pseudonymity objection. Plaintiff respectfully requests that the Court vacate or disregard, without prejudice, the portion of ECF No. 115 adjudicating ECF No. 104, so the erroneous docket entry does not prejudice Plaintiff concerning a distinct Coinbase dispute that was not the filing Plaintiff intended the Clerk to docket on May 4.

**RELIEF REQUESTED**

For the foregoing reasons, Plaintiff respectfully requests that the Court:

1. Maintain immediately Plaintiff's pseudonymity and any existing protection of Plaintiff's identifying information pending resolution of this Motion and review of the correct May 4 amended pseudonymity objection;

2. Find that Plaintiff submitted to the Clerk on May 4, 2026 an amended Rule 72(a) objection addressing the Magistrate Judge's Order denying pseudonymity, which was intended to amend or supplement Plaintiff's original pseudonymity objection at ECF No. 88;

3. Direct the Clerk to correct or annotate ECF No. 104 to reflect that the document docketed there was not Plaintiff's May 4 amended Rule 72(a) objection to the Order denying pseudonymity;

4. Direct the Clerk to docket Plaintiff's correct May 4 amended Rule 72(a) objection to the Order denying pseudonymity, attached as Exhibit A, and deem it submitted for filing as of May 4, 2026;

5. Accept and consider Plaintiff's correct May 4 amended Rule 72(a) objection as an amendment or supplement to Plaintiff's timely original pseudonymity objection at ECF No. 88;

6. Reconsider the portion of the Court's June 4, 2026 Order at ECF No. 115 overruling Plaintiff's objection to the denial of pseudonymity, after consideration of Plaintiff's correct May 4 amended objection;

7. Vacate or disregard without prejudice the portion of ECF No. 115 adjudicating the unrelated Coinbase objection presently appearing at ECF No. 104, because that document

was docketed in place of the amended pseudonymity objection Plaintiff submitted on

May 4; and

8.  Grant such other and further relief as the Court deems just and appropriate.

Dated: June , 2026

Respectfully submitted,
/s/ Y.S.
Y.S.
Plaintiff, Pro Se

**CERTIFICATE OF COMPLIANCE WITH WORD LIMITATION**

I hereby certify that the foregoing paper complies with the applicable length limitation set forth

in DDD Civ. P.S. III(A)(1).

/s/ Y.S.
Y.S.
Plaintiff, Pro Se

**CERTIFICATE OF SERVICE**

I certify that on June 4, 2026, I submitted the foregoing Emergency Motion to Correct Clerical Docketing Error Concerning ECF No. 104, to Docket and Consider Plaintiff's May 4, 2026 Amended Rule 72(a) Objection to Order Denying Pseudonymity, to Reconsider ECF No. 115 as to Pseudonymity, and to Maintain Pseudonymity Pending Review to the Clerk of the Court by email for filing.

/s/ Y.S.

Y.S., Plaintiff, Pro Se