FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO
9:53 am, Jun 05, 2026
JEFFREY P. COLWELL, CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:25-cv-03129-DDD-KAS

Y.S.[1],
Plaintiff,

v.

JOHN DOE, et al.,
Defendants.

---

**EMERGENCY MOTION TO MAINTAIN PSEUDONYMITY PENDING APPEAL AND
TO TEMPORARILY STAY PUBLIC DISCLOSURE OF PLAINTIFF'S IDENTITY**

---

Plaintiff Y.S., proceeding pro se, respectfully moves on an emergency basis for an order maintaining Plaintiff's pseudonymity and temporarily staying public disclosure of Plaintiff's identity pending appeal from the Court's orders denying Plaintiff leave to proceed under a pseudonym.

Plaintiff intends to appeal the Court's June 4, 2026 Order Overruling Objections (ECF No. 115), and the Court's June 5, 2026 text-only order granting in part Plaintiff's Motion to Correct Docketing Error and denying reconsideration of the pseudonymity ruling (ECF No. 119), to the extent those orders deny Plaintiff leave to proceed under a pseudonym and permit public disclosure of Plaintiff's identity.

This motion is filed pursuant to Fed. R. App. P. 8(a)(1), Fed. R. Civ. P. 62(d), D.C.COLO.LCivR 7.1, Judge Domenico's Civil Practice Standards, and the Court's authority to preserve the status quo pending appellate review.

---

[1] Plaintiff files this motion using the initials "Y.S." to preserve the status quo pending resolution of Plaintiff's emergency request to maintain pseudonymity pending appeal. Plaintiff does not intend to disregard the Court's order; rather, Plaintiff seeks temporary preservation of the issue so that appellate review is not rendered meaningless by irreversible public disclosure.

Emergency relief is necessary because the issue concerns public disclosure of Plaintiff's identity. Once Plaintiff's identity is disclosed on the public docket, the harm cannot be undone. A later appellate ruling permitting pseudonymity would not restore confidentiality after public disclosure has already occurred.

## I. BACKGROUND

Plaintiff brought this action under a pseudonym because the case arises from alleged cryptocurrency fraud involving unknown actors. Plaintiff requested leave to proceed under a pseudonym based on threats, doxing, and safety concerns related to the underlying events. On March 19, 2026, the Magistrate Judge denied Plaintiff's request to proceed pseudonymously. Plaintiff timely objected under Federal Rule of Civil Procedure 72(a). Plaintiff's original objection was docketed at ECF No. 88.

On May 4, 2026, Plaintiff submitted an amended Rule 72(a) objection addressing the denial of pseudonymity. Due to a docketing error, an unrelated objection was docketed at ECF No. 104. Plaintiff moved to correct that docketing error.

On June 4, 2026, the Court entered an Order Overruling Objections (ECF No. 115). On June 5, 2026, the Court granted the motion to correct the docketing error in part, corrected ECF No. 104 to attach the correct May 4, 2026 objection, stated that the May 4 objection was accepted and considered together with Plaintiff's initial objection at ECF No. 88, and denied reconsideration of the pseudonymity ruling.

Plaintiff intends to appeal the denial of pseudonymity. Plaintiff therefore respectfully requests that the Court maintain the existing use of initials and stay any public disclosure of Plaintiff's identity pending appeal.

## II. STANDARD

A party seeking a stay or injunction pending appeal ordinarily first moves in the district court. Fed. R. App. P. 8(a)(1). Courts considering a stay pending appeal generally consider: (1) whether the movant has made a strong showing that he is likely to succeed on the merits; (2) whether the movant will be irreparably injured absent a stay; (3) whether a stay will substantially injure other interested parties; and (4) where the public interest lies.

This motion is directed to preserving the status quo while Plaintiff seeks appellate review of the pseudonymity issue. Because the subject of the appeal is whether Plaintiff's identity should be publicly disclosed, maintaining pseudonymity pending appeal is necessary to preserve the appellate court's ability to provide meaningful relief.

## III. ARGUMENT

### A. Plaintiff Will Suffer Irreparable Harm Absent a Stay

The most important factor here is irreparable harm. If Plaintiff's identity is publicly disclosed before appellate review, the disclosure cannot be undone. Once Plaintiff's name appears on the public docket, it may become permanently searchable and accessible to unknown persons. That would effectively moot the protection Plaintiff seeks on appeal.

The requested stay therefore preserves the status quo. It does not grant Plaintiff final relief. It simply prevents irreversible disclosure while Plaintiff seeks appellate review of the denial of pseudonymity.

### B. Plaintiff Has a Substantial Appellate Issue Regarding Pseudonymity

Plaintiff intends to appeal because the denial of pseudonymity presents a substantial issue. Plaintiff contends that the Court should have given greater weight to the risk created by public disclosure in light of the alleged threats, doxing, and unknown actors connected to the underlying fraud. Plaintiff also contends that the relevant inquiry should focus not only on

whether one actor already knew Plaintiff's identity, but also on whether public disclosure would disseminate Plaintiff's identity to additional unknown persons.

Plaintiff recognizes that this Court has rejected those arguments. But the issue is sufficiently serious to warrant temporary preservation of the status quo pending appellate review, particularly because the harm from disclosure would be irreversible.

**C. Maintaining Pseudonymity Pending Appeal Will Not Prejudice Any Party**

Maintaining Plaintiff's initials pending appeal will not prejudice any party. The opposing parties and nonparties have been able to litigate the issues in this case while Plaintiff has proceeded under a pseudonym. Temporary continuation of the same protection will not impair their ability to respond to filings, receive notice, or participate in the case.

By contrast, denying a stay would cause irreversible harm to Plaintiff because public disclosure of his identity cannot later be undone.

**D. The Public Interest Supports a Temporary Stay**

The public interest supports preserving meaningful appellate review. The public can understand the nature of this case, the rulings, the legal issues, and the parties' arguments without immediate disclosure of Plaintiff's name. Temporary use of initials pending appeal is a narrow measure that protects the appellate process while preserving public access to the substance of the proceedings.

This request is limited. Plaintiff does not seek closure of the case, sealing of all filings, or restriction of the Court's reasoning. Plaintiff seeks only continued pseudonymity and protection of identifying information pending appeal.

**IV. RELIEF REQUESTED**

For the foregoing reasons, Plaintiff respectfully requests that the Court:

1. Maintain Plaintiff's pseudonymity and permit Plaintiff to continue proceeding as "Y.S." pending appeal;

2. Stay public disclosure of Plaintiff's identity pending appeal from the Court's orders denying pseudonymity;

3. Direct that Plaintiff's identifying information remain restricted or redacted pending appeal;

4. Maintain the status quo at least until Plaintiff files a Notice of Appeal and, if necessary, seeks emergency relief from the United States Court of Appeals for the Tenth Circuit;

5. Rule on this Motion on an expedited basis before any public disclosure of Plaintiff's identity occurs; and

6. Grant such other and further relief as the Court deems just and proper.

Dated: June 5, 2026

Respectfully submitted,

/s/ Y.S.
Y.S.
Plaintiff, Pro Se

**CERTIFICATE OF COMPLIANCE WITH WORD LIMITATION**

I certify that this motion complies with the applicable word limit in Judge Domenico's Civil Practice Standards.

/s/ Y.S.
Y.S.
Plaintiff, Pro Se

**CERTIFICATE OF SERVICE**

I certify that on June 5, 2026, I submitted the foregoing Emergency Motion to Maintain
Pseudonymity Pending Appeal and to Temporarily Stay Public Disclosure of Plaintiff's Identity
to the Clerk of the Court by email for filing.


/s/ Y.S.
Y.S.
Plaintiff, Pro Se