FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO
*9:56 am, Jun 08, 2026*
JEFFREY P. COLWELL, CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:25-cv-03129-DDD-KAS

Y.S.,
Plaintiff,

v.

JOHN DOE, et al.,
Defendants.

---

**EMERGENCY SUPPLEMENT AND REQUEST FOR IMMEDIATE
ADMINISTRATIVE CORRECTION OR RESTRICTION
OF PUBLIC DOCKET TEXT IDENTIFYING
PLAINTIFF BY FULL NAME**

---

Plaintiff Y.S., proceeding pro se, respectfully submits this supplement to his Emergency Motion to Maintain Pseudonymity Pending Appeal and to Temporarily Stay Public Disclosure of Plaintiff's Identity, ECF No. 120.

Since filing that emergency motion, public docket text has identified Plaintiff by full legal name in connection with Plaintiff's effort to preserve pseudonymity pending appeal. Plaintiff respectfully submits this supplement to clarify that immediate administrative action is necessary to prevent further irreversible disclosure and to preserve meaningful appellate review.

The Magistrate Judge's March 19, 2026 Minute Order, ECF No. 83, recognized the need to preserve anonymity temporarily while Plaintiff sought review by the District Judge. That order provided that, if the appeal were denied, "the restriction and anonymity shall be lifted within one week after the Court's ruling." ECF No. 83 at 2. Plaintiff respectfully submits that the same principle applies now: Plaintiff's identity should not be publicly disclosed before he can obtain meaningful appellate review from the Tenth Circuit.

Plaintiff respectfully requests that the Court immediately correct, restrict, or otherwise administratively modify any public docket text, docket entry, filing description, caption, or public reference identifying Plaintiff by full legal name, and replace Plaintiff's full name with "Y.S." pending appellate review.

This request does not seek to seal the case, restrict public access to the Court's reasoning, or alter any substantive filing. It seeks only to prevent further public dissemination of Plaintiff's full legal name while the pseudonymity issue is pending on appeal.

The harm is irreparable. Once Plaintiff's full legal name appears on the public docket, it may be indexed, copied, searched, downloaded, or redistributed by third-party services. Later correction cannot fully restore confidentiality. Public disclosure therefore risks mooting the collateral-order appeal before the Tenth Circuit can decide whether Plaintiff should be permitted to proceed under pseudonym.

Plaintiff previously sought pseudonymity because the record includes an explicit death threat, address-related threat, antisemitic and hate-based abuse, disclosure or misuse of Plaintiff's personal information, and unknown alleged perpetrators who remain unidentified. The immediate issue is not whether the Court will ultimately reconsider its ruling, but whether Plaintiff's identity should remain protected temporarily so that appellate review is not defeated by irreversible public disclosure.

For these reasons, Plaintiff respectfully requests immediate administrative correction or restriction of any public docket text identifying Plaintiff by full legal name, replacement of Plaintiff's full name with "Y.S." pending appellate review, and such other relief as the Court deems just and proper.

Dated: June 7, 2026

Respectfully submitted,

/s/ Y.S.
Y.S.
Plaintiff, Pro Se

Case No. 1:25-cv-03129-DDD-KAS    Document 126    filed 06/08/26    USDC Colorado
pg 3 of 4

**CERTIFICATE OF SERVICE**

I certify that on June 7, 2026, I submitted the foregoing Plaintiff's Supplement to Emergency Motion to Maintain Pseudonymity Pending Appeal and Request for Immediate Administrative Correction or Restriction of Public Docket Text Identifying Plaintiff by Full Name to the Clerk of Court by email.

/s/ Y.S.
Y.S.