**FILED**
**UNITED STATES DISTRICT COURT**
**DENVER, COLORADO**
*12:21 pm, Jun 10, 2026*
**JEFFREY P. COLWELL, CLERK**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:25-cv-03129-DDD-KAS

Y.S.,
Plaintiff,

v.

JOHN DOE, et al.,
Defendants.

**PLAINTIFF'S NOTICE OF TENTH CIRCUIT INTERIM ORDER AND REQUEST FOR
INTERIM RELIEF OR CLARIFICATION REGARDING
DISTRICT-COURT FILINGS**

Plaintiff respectfully submits this Notice to inform the Court of an interim order entered by the United States Court of Appeals for the Tenth Circuit in Case No. 26-1220 concerning Plaintiff-Appellant's pending emergency motion to proceed under pseudonym on appeal.

This request concerns only the temporary form of filings while the appellate pseudonymity issue remains pending and does not ask this Court to reconsider its prior pseudonymity ruling. Specifically, Plaintiff respectfully seeks interim relief or clarification permitting Plaintiff to use the pseudonym "Y.S." in district-court captions, signature blocks, docket text, and filing descriptions while the appellate pseudonymity issue remains pending.

On June 9, 2026, the Tenth Circuit entered an order stating that Plaintiff-Appellant's Emergency Motion under Tenth Circuit Rule 8.2 to Proceed under Pseudonym on Appeal is referred to the panel of judges that will later be assigned to consider the case on the merits, and further stating: "In the interim, the appellant may use his pseudonym of choice, Y.S., for filings." The order was entered as Tenth Circuit Docket No. 11288974. A copy of the Tenth Circuit's June 9, 2026 order is attached as Exhibit A.

Plaintiff submits this Notice because this Court has separately ordered that future filings in this matter bear Plaintiff's full legal name. Plaintiff respectfully seeks interim relief or clarification to avoid inconsistent filing obligations while the Tenth Circuit considers the pending pseudonymity issue.

Plaintiff respectfully submits that the emergency motion before the Tenth Circuit sought interim protection of Plaintiff's identity while appellate review is pending, including protection against public disclosure through captions, docket text, and filing descriptions. Although the Tenth Circuit's order was entered in the appeal, its operative language states without further limitation that, "[i]n the interim, the appellant may use his pseudonym of choice, Y.S., for filings." Plaintiff respectfully submits that the order does not expressly limit that interim authorization to appellate filings only.

The Tenth Circuit's interim order also does not state that the district court's prior full-name filing requirement remains in effect while the appellate pseudonymity issue is pending. Nor does the order deny interim protection, authorize further public disclosure of Plaintiff's full legal name, or state that public docket text in either court should continue identifying Plaintiff by full legal name while the appellate panel considers the matter. Instead, the Tenth Circuit expressly allowed Plaintiff-Appellant, in the interim, to use "Y.S." for filings and referred the pseudonymity motion to the panel that will later consider the case on the merits.

Because district-court filings may also affect public disclosure and the preservation of meaningful appellate review, Plaintiff respectfully requests corresponding interim clarification from this Court. Plaintiff seeks only to preserve the status quo and avoid inconsistent obligations while the appellate court considers the pseudonymity issue.

Plaintiff does not request that this Court alter its prior ruling on the merits of pseudonymity. Plaintiff seeks only temporary clarification regarding the form of filings while the Tenth Circuit considers the issue.

Plaintiff respectfully submits that this creates, at minimum, uncertainty about how Plaintiff should caption and sign district-court filings during the pendency of the appeal. If Plaintiff uses his full legal name in district-court filings, the public disclosure may undermine the interim protection recognized by the Tenth Circuit and risk mooting the issue before appellate review is complete. If Plaintiff uses "Y.S." without clarification, Plaintiff risks appearing inconsistent with this Court's prior order. Plaintiff therefore seeks clarification so that he can comply with all applicable orders while preserving meaningful appellate review.

Accordingly, Plaintiff respectfully requests interim clarification that, pending further order from the Tenth Circuit or this Court, Plaintiff may use "Y.S." in district-court captions, signature blocks, docket text, and filing descriptions. In the alternative, Plaintiff respectfully requests clarification whether the Court's prior order requiring use of Plaintiff's full legal name in future district-court filings remains in effect notwithstanding the Tenth Circuit's interim order permitting Plaintiff-Appellant to use "Y.S." for filings while the pseudonymity issue remains pending on appeal. If the Court determines that Plaintiff must use his full legal name in district-court filings notwithstanding the Tenth Circuit's interim order, Plaintiff respectfully requests a brief temporary stay of that requirement to allow Plaintiff to seek emergency clarification or relief from the Tenth Circuit.

Plaintiff does not seek reconsideration of the Court's prior pseudonymity ruling through this Notice. Plaintiff also does not seek to disregard any order of this Court. Plaintiff seeks interim clarification to preserve meaningful appellate review, avoid waiver or mootness of the

issue pending appeal, avoid inconsistent filing obligations, and comply with all applicable court orders.

The requested interim relief is narrow and administrative. Plaintiff does not seek to seal the case, close proceedings, restrict public access to judicial reasoning, or conceal the substance of any filing. Plaintiff seeks only temporary permission to use "Y.S." in district-court filings while the Tenth Circuit considers whether Plaintiff may proceed under pseudonym.

Dated: June 10, 2026

Respectfully submitted,

/s/ Y.S.
Y.S.
Plaintiff, Pro Se

## CERTIFICATE OF SERVICE

I certify that on June 10, 2026, I submitted the foregoing Plaintiff's Notice of Tenth Circuit Interim Order and Request for Interim Relief or Clarification Regarding District-Court Filings and Exhibit A to the Clerk of Court by email for filing.

Dated: June 10, 2026

/s/ Y.S.
Y.S.
Plaintiff, Pro Se