**FILED**
**UNITED STATES DISTRICT COURT**
**DENVER, COLORADO**
*2:39 pm, Jun 18, 2026*
**JEFFREY P. COLWELL, CLERK**

# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO

Civil Action No. 1:25-cv-03129-DDD-KAS

Y.S.,

Plaintiff,

v.

JOHN DOE, et al.,

Defendants.

---

**PLAINTIFF'S MOTION TO APPLY JUNE 17, 2026 INTERIM PSEUDONYM RELIEF TO TRANSCRIPT AT ECF NO. 90 AND TO DIRECT REDACTION OR SUBSTITUTION OF PLAINTIFF'S NAME WITH "Y.S." BEFORE PUBLIC RELEASE**

---

Plaintiff Y.S., proceeding pro se, respectfully moves the Court for an order applying the Court's June 17, 2026 interim pseudonym relief to the transcript filed at ECF No. 90 and directing that Plaintiff's name be removed, redacted, or replaced with "Y.S." in any publicly available version of that transcript before the transcript becomes remotely available on PACER. In support, Plaintiff states as follows:

## I. INTRODUCTION

On June 17, 2026, the Court granted Plaintiff's request for interim relief and ordered that Plaintiff may proceed under the pseudonym "Y.S." while he is permitted to do so in his Tenth Circuit filings. The Court further directed the Clerk of Court to remove Plaintiff's name from the docket and modify docket text, replacing Plaintiff's name with "Y.S."

Plaintiff respectfully requests that this same interim protection be applied to the transcript filed at ECF No. 90, which is the transcript of the March 19, 2026 motion hearing before Magistrate Judge Starnella.

The transcript notice states that the transcript may become electronically available after the 90-day restriction period. Plaintiff respectfully seeks relief before public release so that the public version of the transcript does not disclose the same identifying information that the Court has now ordered removed from the public docket.

## II. RELEVANT BACKGROUND

1. On April 9, 2026, the transcript of the March 19, 2026 motion hearing was filed at ECF No. 90.

2. The docket notice for ECF No. 90 states that the transcript may be made electronically available after 90 days.

3. On June 17, 2026, the Court granted Plaintiff's request for interim relief and ordered that Plaintiff may proceed under pseudonym "Y.S." while he is permitted to do so in Tenth Circuit filings.

4. The June 17, 2026 order also directed the Clerk of Court to remove Plaintiff's name from the docket and modify docket text, replacing Plaintiff's name with "Y.S."

5. Plaintiff respectfully submits that the same interim protection should apply to the public version of the transcript at ECF No. 90. Otherwise, the docket text may be corrected while the transcript still publicly discloses the same name that the Court ordered removed from the docket.

## III. REQUESTED RELIEF

Plaintiff respectfully requests that the Court:

1. order that Plaintiff's legal name be redacted, removed, or replaced with "Y.S." in any publicly available version of the transcript filed at ECF No. 90;

2. direct the Clerk of Court, the court reporter, and/or Patterson Transcription Company to ensure that any public version of ECF No. 90 uses "Y.S." instead of Plaintiff's legal name;

3. order that the unredacted version of the transcript remain restricted and not be made remotely available on PACER while Plaintiff is permitted to proceed as "Y.S.";

4. extend the 90-day restriction period for ECF No. 90 if necessary to allow the Court, Clerk, court reporter, or transcriber to implement the redaction or substitution before public release; and

5. grant any other relief the Court deems just and proper.

## IV. BASIS FOR RELIEF

This motion is necessary to avoid undermining the Court's June 17, 2026 interim order.

The Court has already directed that Plaintiff's name be removed from the public docket and replaced with "Y.S." If the transcript at ECF No. 90 becomes publicly available while still containing Plaintiff's legal name, the relief granted on June 17, 2026 would be materially impaired.

Plaintiff does not seek to seal the hearing transcript or prevent public access to the substance of the proceeding. Plaintiff seeks only the same limited identifying protection the Court has already granted: substitution of Plaintiff's legal name with "Y.S." in the public record while the interim pseudonym order remains in effect.

The requested relief is narrow, consistent with the June 17, 2026 order, and necessary to prevent further public dissemination of Plaintiff's legal name.

**V. TIMELINESS AND GOOD CAUSE**

Plaintiff recognizes that the transcript at ECF No. 90 was filed on April 9, 2026. Plaintiff files this motion promptly after the Court's June 17, 2026 order granting interim pseudonym relief.

Good cause exists because the June 17, 2026 order materially changed the status of Plaintiff's interim pseudonym protection. Before that order, the district court had not granted corresponding district-court relief. Now that the Court has granted interim relief and directed replacement of Plaintiff's name with "Y.S." on the docket, Plaintiff respectfully seeks conforming relief for the transcript before it becomes remotely available on PACER.

**VI. NON-WAIVER**

Plaintiff files this motion without waiving any argument, objection, appeal issue, or request for relief concerning pseudonymity, docket correction, transcript redaction, restriction, or appellate review.

**VII. CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Court apply the June 17, 2026 interim pseudonym relief to the transcript filed at ECF No. 90 and direct that Plaintiff's legal name be redacted, removed, or replaced with "Y.S." in any publicly available version of that transcript before release on PACER.

Dated: June 18, 2026

Respectfully submitted,

/s/ Y.S.
Y.S.
Plaintiff, pro se

**CERTIFICATE OF SERVICE**

I certify that on June 18, 2026, I submitted the foregoing Plaintiff's Motion to Apply June 17, 2026 Interim Pseudonym Relief to Transcript at ECF No. 90 and to Direct Redaction or Substitution of Plaintiff's Name with "Y.S." before Public Release by email to the Clerk of the United States District Court for the District of Colorado for filing.

I further certify that, upon docketing, service will be completed through the Court's CM/ECF filing and service procedures on all registered parties, or by any additional method directed by the Clerk.

Dated: June 18, 2026

/s/ Y.S.
Y.S.
Plaintiff, pro se