**FILED**
**UNITED STATES DISTRICT COURT**
**DENVER, COLORADO**
*1:27 pm, Jun 30, 2026*
**JEFFREY P. COLWELL, CLERK**

## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO

Civil Action No. 1:25-cv-03129-DDD-KAS

Y.S.,
Plaintiff,

v.

JOHN DOE, et al.,
Defendants.

---

**PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL, OR ALTERNATIVELY LIMITED-PURPOSE COUNSEL, TO ASSIST IN IDENTIFYING DOE DEFENDANTS**

Plaintiff Y.S., proceeding pro se, respectfully moves for appointment of counsel, to assist Plaintiff in identifying the Doe Defendants, pursuing third-party discovery, addressing service issues, preserving evidence, and obtaining account-level information necessary to identify the wrongdoers. In support, Plaintiff states as follows:

## I. INTRODUCTION

This case arises from a cryptocurrency fraud scheme in which unknown wrongdoers induced Plaintiff to transfer approximately $100,000 in Bitcoin from Plaintiff's Coinbase account to scammer-controlled wallets. The wrongdoers used pseudonymous online identities, cryptocurrency wallet addresses, electronic communications, and layered blockchain transfers to conceal their real names, locations, and account information.

Plaintiff does not presently know the true names, addresses, or physical locations of the Doe Defendants. Plaintiff has attempted to proceed diligently as a pro se litigant, including by seeking early discovery, serving subpoenas, reviewing blockchain evidence, and pursuing account-level identifying information from third parties. However, the identification of the Doe Defendants depends on complex third-party discovery from cryptocurrency exchanges,

custodians, communications platforms, internet service providers, and other entities that may possess account records, KYC information, IP logs, device identifiers, transaction histories, internal ledger records, and other identifying information.

At the hearing held on June 17, 2026, the Court proposed that appointment of counsel may assist Plaintiff with identifying the Doe Defendants. Plaintiff therefore brings this motion consistent with the Court's proposal and the procedural posture of the case. Plaintiff seeks counsel, or alternatively limited-purpose counsel, specifically to assist with identifying the unknown defendants, obtaining third-party account-level discovery, addressing subpoena and service issues, and preserving evidence necessary to name the proper defendants.

Plaintiff therefore requests appointment of counsel under 28 U.S.C. § 1915(e)(1), or alternatively limited-purpose counsel, for the specific purpose of assisting Plaintiff in identifying the Doe Defendants and preserving evidence necessary to prosecute this case. Plaintiff requests assistance because the case has reached a stage where meaningful progress depends on complex discovery, service, subpoena compliance, and third-party account-attribution issues that are difficult for a pro se plaintiff to manage alone.

## II. LEGAL STANDARD

Under 28 U.S.C. § 1915(e)(1), the Court may request an attorney to represent a party. Although civil litigants do not have an automatic constitutional right to appointed counsel, a court may request counsel in appropriate circumstances.

In deciding whether to appoint counsel in a civil case, courts generally consider factors such as the merits of the litigant's claims, the nature and complexity of the factual and legal issues, the litigant's ability to present the claims, and the degree to which counsel would assist the Court and the parties in resolving the matter fairly and efficiently.

Appointment is appropriate where the case presents difficult factual or legal issues and where counsel would materially assist in investigation, discovery, presentation of evidence, or development of the record.

## III. ARGUMENT

### A. Plaintiff's claims have sufficient merit to justify limited appointment of counsel.

Plaintiff alleges that unknown wrongdoers induced him through fraudulent investment representations to transfer substantial cryptocurrency to scammer-controlled wallets. Plaintiff has presented blockchain-tracing evidence showing movement of the stolen cryptocurrency through downstream wallets, layered transfers, commingling, and exchange-linked activity.

The Court has already recognized that early discovery is appropriate in this case by authorizing subpoenas and alternative service directed toward identifying the unknown defendants and related account information. The need for early discovery confirms that Plaintiff's claims are not speculative in the ordinary sense; rather, the central obstacle is identifying the wrongdoers who concealed themselves behind digital wallets, online identities, and third-party platforms.

Plaintiff seeks counsel for that specific purpose: to help identify the Doe Defendants and preserve the evidence necessary to prosecute the case on the merits.

### B. The factual and procedural issues are unusually complex.

This case involves factual and procedural issues that are difficult for a pro se litigant to navigate. Plaintiff must attempt to connect public blockchain activity to real-world identities through third-party records. Public blockchain records may show wallet addresses, transaction hashes, dates, and amounts, but they generally do not reveal the real-world account holder behind exchange-linked activity.

Identifying the Doe Defendants may require subpoenas and discovery directed to cryptocurrency exchanges, custodians, internet service providers, communications platforms, wallet providers, bridge or swap services, and other entities. The relevant information may include KYC records, account-opening records, IP logs, device identifiers, login histories, linked accounts, internal ledger entries, deposit records, withdrawal records, conversion records, fiat off-ramp records, and account balances.

In addition, Plaintiff must address service issues involving unknown or foreign defendants, possible alternative service, objections by third parties, preservation of digital records, and disputes over the scope of subpoenas. These issues are legally and technically complex and directly affect whether Plaintiff can identify the defendants at all.

## C. Plaintiff has diligently attempted to prosecute the case pro se.

Plaintiff has actively prosecuted this case without counsel. Plaintiff has filed motions, sought early discovery, attempted to serve subpoenas, reviewed blockchain records, organized tracing evidence, and pursued information from third parties. Plaintiff has not ignored deadlines or sought counsel as a substitute for diligence.

However, Plaintiff's diligence does not eliminate the need for counsel. The case now depends on sophisticated discovery and account-attribution issues that require legal experience with subpoenas, service, preservation demands, meet-and-confer obligations, discovery objections, and enforcement against third parties. Limited-purpose counsel would materially improve Plaintiff's ability to obtain the information needed to identify the Doe Defendants and would assist the Court by narrowing disputes and presenting discovery issues more efficiently.

**D. Limited-purpose counsel would be appropriate and proportional.**

Limited-purpose counsel would be appropriate and proportional here because, at the hearing held on June 17, 2026, the Court proposed that appointment of counsel may assist Plaintiff with identifying the Doe Defendants. Plaintiff's request follows that proposal and is narrowly tailored to the specific identification stage of the case. Plaintiff requests appointment of counsel for the entire case if the Court finds that appropriate. Alternatively, Plaintiff requests limited-purpose counsel for the specific purpose of assisting with:

1. Identifying the Doe Defendants;

2. Drafting, serving, and enforcing subpoenas;

3. Addressing third-party objections and meet-and-confer issues;

4. Seeking account-level discovery from exchanges, custodians, internet service providers, communications platforms, and other entities;

5. Addressing alternative service issues;

6. Preserving digital records and traceable account information;

7. Assisting with discovery motions related to identifying the wrongdoers; and

8. Assisting Plaintiff in obtaining information necessary to amend the complaint to name the proper defendants.

This limited-purpose request is narrowly tailored. Plaintiff is not asking the Court to appoint counsel for every possible issue if the Court is unwilling to do so. Plaintiff asks, at minimum, for counsel to assist with the critical identification stage of the case, because without identifying the Doe Defendants, Plaintiff may be unable to obtain meaningful relief.

**E. Appointment of counsel would assist the Court and promote efficient resolution.**

Appointment of counsel would not merely assist Plaintiff; it would assist the Court. This case involves nonparty subpoenas, cryptocurrency tracing, possible foreign entities, alternative service, and preservation issues. Counsel could help narrow subpoenas, communicate with third parties, evaluate objections, frame discovery disputes, and present issues in a way that reduces unnecessary motion practice.

Because the wrongdoers remain unidentified, the case cannot proceed in an ordinary manner until Plaintiff obtains account-level records from third parties. Limited counsel would help move the case toward identification of the proper defendants and avoid further delay caused by procedural disputes.

**F. Plaintiff will continue complying with all deadlines unless counsel is appointed and appears.**

Plaintiff files this motion while proceeding pro se. Plaintiff understands that filing this motion does not automatically appoint counsel and does not stay deadlines. Plaintiff will continue to comply with all Court orders, deadlines, and filing requirements unless and until counsel is appointed and appears, or unless the Court orders otherwise.

Plaintiff also requests that, if counsel is appointed for a limited purpose, the Court specify the scope of the appointment so that Plaintiff and counsel can comply with the Court's expectations regarding future filings.

**IV. REQUEST FOR RELIEF**

For the foregoing reasons, Plaintiff respectfully requests that the Court:

1. Appoint pro bono counsel to represent Plaintiff in this action; or, alternatively,

2.  Appoint limited-purpose counsel to assist Plaintiff with identifying the Doe Defendants, pursuing third-party discovery, addressing service and subpoena issues, preserving evidence, and obtaining account-level records necessary to identify the wrongdoers;

3.  Clarify that Plaintiff remains pro se and may continue filing necessary papers until counsel is appointed and appears, unless the Court orders otherwise; and

4.  Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

Y.S.
Plaintiff, pro se

**CERTIFICATE OF SERVICE**

I certify that on July 1, 2026, I served the foregoing Plaintiff's Motion for Appointment of Counsel, or Alternatively Limited-Purpose Counsel, to Assist in Identifying Doe Defendants by emailing a copy to the Clerk of Court for filing and service through the Court's electronic filing system.


Respectfully submitted,

Y.S.
Plaintiff, pro se