FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO
*1:20 pm, Jul 13, 2026*
JEFFREY P. COLWELL, CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 1:25-cv-03129-DDD-KAS

Y.S.,
Plaintiff,

v.

JOHN DOE, et al.,
Defendants.

---

**PLAINTIFF'S PROTECTIVE RULE 72(a) OBJECTION TO ECF NO. 131 AND REQUEST TO DEEM OBJECTION TIMELY, EXTEND DEADLINE TO AUGUST 14, 2026, PROVIDE HEARING AUDIO, AND PERMIT COMPLETE OBJECTION**

---

Plaintiff Y.S., proceeding pro se, respectfully submits this protective Rule 72(a) objection to ECF No. 131, the June 17, 2026 minute entry denying Plaintiff's Motion to Compel Compliance with Court-Authorized Subpoena Directed to Binance Holdings Limited, ECF No. 100, and Plaintiff's Renewed Motion for Leave to Issue Narrow Follow-Up Subpoena to AT&T, ECF No. 109.

Plaintiff files this protective objection to preserve his rights because Plaintiff has not received the June 17, 2026 hearing audio, Plaintiff's motion for access to the hearing recording remains unresolved or has not resulted in Plaintiff receiving the audio, and Plaintiff's motion for extension of time remains unresolved or unclear from Plaintiff's perspective. Plaintiff respectfully requests that the Court deem this objection timely, rule on Plaintiff's pending extension request, provide or direct access to the hearing audio, and extend Plaintiff's deadline through and including August 14, 2026, so Plaintiff may file a complete Rule 72(a) objection after receiving and reviewing the hearing audio.

1

## I. PROCEDURAL BACKGROUND

On June 17, 2026, the Court held a motion hearing before Magistrate Judge Kathryn A. Starnella. The docket entry at ECF No. 131 states that the Court denied Plaintiff's Motion to Compel Compliance with Court-Authorized Subpoena Directed to Binance Holdings Limited, ECF No. 100, and denied Plaintiff's Renewed Motion for Leave to Issue Narrow Follow-Up Subpoena to AT&T, ECF No. 109.

The docket entry also identifies the hearing recording information as FTR: KAS Courtroom A501.

On June 18, 2026, Plaintiff filed ECF No. 132, seeking access to the hearing recording or other appropriate relief.

On June 18, 2026, Plaintiff also filed ECF No. 133, asking that the Court apply the June 17 interim pseudonym relief to the transcript at ECF No. 90 and require redaction or substitution of Plaintiff's name with "Y.S." before public release.

On June 25, 2026, Plaintiff filed ECF No. 136, seeking an extension of time. Plaintiff sought additional time because he needed the hearing audio to fairly and accurately identify the grounds for objection and because the issues addressed at the hearing were important to Plaintiff's ability to identify the Doe Defendants.

On June 30, 2026, Plaintiff filed ECF No. 137, Plaintiff's Motion for Appointment of Counsel, or Alternatively Limited-Purpose Counsel, to Assist in Identifying Doe Defendants. On June 30, 2026, ECF No. 138 referred that motion to Magistrate Judge Starnella. The docket reflects that ECF No. 138 is a referral order, not a ruling granting or denying counsel.

Plaintiff has not received a substantive ruling resolving the extension issue or otherwise clarifying Plaintiff's ability to file a complete Rule 72(a) objection after receiving the hearing

2

audio. Plaintiff therefore requests a clear extension through and including August 14, 2026, to file a complete Rule 72(a) objection, rather than a limited supplement, after the hearing audio is made available.

## II. LEGAL STANDARD

Under Fed. R. Civ. P. 72(a), a party may object to a magistrate judge's order on a nondispositive matter. The district judge must consider timely objections and modify or set aside any part of the order that is clearly erroneous or contrary to law. This standard is deferential, but it permits review where a discovery ruling prevents a pro se plaintiff from obtaining narrowly tailored identifying discovery necessary to identify and serve Doe defendants.

## III. THIS PROTECTIVE OBJECTION IS FILED TO PRESERVE PLAINTIFF'S RIGHTS

Plaintiff files this protective Rule 72(a) objection out of caution. Plaintiff does not intend to burden the Court with duplicative filings. Plaintiff is attempting to preserve his rights while also waiting for access to the June 17, 2026 hearing audio and a ruling on the pending extension request.

The hearing audio is important because the June 17, 2026 ruling was made at a hearing. Rule 72(a) review is not limited to written orders; where a magistrate judge issues an oral ruling reflected in a minute entry, the hearing record is necessary for meaningful review. Without the audio, Plaintiff cannot fairly identify all of the Court's reasoning, the issues discussed, the exact basis for denial, or the specific portions of the ruling that should be addressed in a complete objection.

Plaintiff is not asking merely to file a limited supplement. Plaintiff requests that the Court extend the Rule 72(a) deadline through and including August 14, 2026, so Plaintiff may file one

3

complete objection after receiving and reviewing the June 17, 2026 hearing audio. This protective filing is submitted to avoid waiver while the audio and extension issues remain unresolved.

Plaintiff therefore respectfully requests that the Court either:

1. deem this protective objection timely;

2. grant or rule on Plaintiff's pending extension request, ECF No. 136;

3. allow this filing to preserve Plaintiff's Rule 72(a) rights; and

4. extend Plaintiff's deadline through and including August 14, 2026, to file a complete Rule 72(a) objection after the June 17, 2026 hearing audio is made available.

## IV. PLAINTIFF'S ACTIVE TENTH CIRCUIT DEADLINE FURTHER SUPPORTS GOOD CAUSE

Plaintiff also respectfully notes that he has an active appeal deadline in the United States Court of Appeals for the Tenth Circuit.

On July 10, 2026, the Tenth Circuit entered a docket entry in Case No. 26-1220 stating: "Jurisdictional review complete. Fee or ifp forms, notice of appearance, and opening brief due by 08/19/2026 for Y.S. Record on appeal 10th circuit due 07/31/2026."

Plaintiff is proceeding pro se. Plaintiff must prepare the opening brief and related appellate filings while also attempting to obtain the June 17, 2026 hearing audio, preserve his Rule 72(a) rights in this Court, address subpoena compliance issues, and pursue discovery necessary to identify the Doe Defendants.

The Tenth Circuit appeal is not an unrelated matter. Plaintiff filed that appeal in this case, and the appeal concerns the pseudonym issue and the Coinbase ruling, including issues that affect Plaintiff's safety, death-threat concerns, access to records, and third-party discovery.

4

Plaintiff raises the appellate deadline to show good cause, practical prejudice, and the need for clear scheduling relief while he is simultaneously required to address active appellate obligations and unresolved district-court discovery issues. Plaintiff is attempting to comply with multiple overlapping obligations while lacking access to the hearing audio necessary to prepare a complete objection.

This overlap further supports Plaintiff's request that the Court rule on the pending extension request, deem this protective objection timely, provide access to the hearing audio, and extend the deadline through and including August 14, 2026, for Plaintiff to file a complete Rule 72(a) objection.

## V. PROTECTIVE OBJECTION TO ECF NO. 131

Plaintiff respectfully objects to ECF No. 131 under Rule 72(a) to the extent the order denied relief necessary to identify the Doe Defendants and obtain compliance with Court-authorized discovery.

Plaintiff understands that discovery rulings are reviewed under a deferential standard. However, Plaintiff respectfully submits that the denial of the Binance compliance motion and the narrow AT&T follow-up subpoena materially impairs Plaintiff's ability to identify the Doe Defendants.

Plaintiff's claims involve anonymous online fraud actors who used pseudonymous communications, cryptocurrency wallets, exchange-facing infrastructure, and layered transfers to conceal their identities. Plaintiff cannot identify or serve the Doe Defendants without third-party records.

The Binance subpoena and the requested AT&T follow-up subpoena were not broad merits discovery. They were identification tools directed to information and account-attribution

records needed to determine who controlled relevant accounts, phone numbers, IP addresses, devices, communications, wallet activity, or related identifying markers.

Plaintiff also respectfully submits that ECF No. 131 appears inconsistent with, or substantially undercuts, the Court's prior authorization of identification-focused discovery and alternative service. The Binance motion to compel was related to Plaintiff's effort to obtain compliance with discovery and service mechanisms previously authorized by the Court. The AT&T motion sought subscriber-identifying information of the type the Court had already authorized Plaintiff to pursue for the purpose of identifying the Doe Defendants. In practical effect, denying the compliance and follow-up mechanisms leaves Plaintiff with authorization in principle, but without a workable path to obtain the identifying information necessary to serve the Doe Defendants.

Plaintiff respectfully objects because denial of those discovery tools leaves Plaintiff without a practical means to identify the Doe Defendants, despite the Court's earlier recognition that limited early discovery may be appropriate where Doe defendants cannot otherwise be identified.

## VI. BINANCE COMPLIANCE REMAINS IMPORTANT TO IDENTIFYING THE DOE DEFENDANTS

Plaintiff's motion to compel Binance compliance concerned records that Plaintiff cannot obtain from the public blockchain, including internal account-attribution and identifying information. Plaintiff did not seek merits discovery into Binance's general operations or unrelated customer accounts.

The denial is significant because the Binance compliance issue related to alternative service and discovery mechanisms the Court had previously authorized. Without compliance or a

6

clarified production obligation, that prior authorization cannot meaningfully accomplish its purpose of identifying and serving the Doe Defendants.

Plaintiff therefore preserves his objection to the denial of the Binance compliance motion and requests an extension to file a complete Rule 72(a) objection after receiving and reviewing the hearing audio.

## VII. THE AT&T FOLLOW-UP SUBPOENA WAS NARROW AND IDENTIFICATION-FOCUSED

Plaintiff's requested AT&T follow-up subpoena sought subscriber-identifying information related to communications used in the alleged fraud. It was not broad merits discovery.

The AT&T denial is significant because the requested follow-up concerned a category of identifying information the Court had already authorized Plaintiff to pursue for the purpose of identifying the Doe Defendants. Plaintiff respectfully submits that denial of a narrow follow-up request substantially limits the practical value of the earlier authorization.

Plaintiff therefore preserves his objection to the denial of the AT&T follow-up subpoena and requests an extension to file a complete Rule 72(a) objection after receiving and reviewing the hearing audio.

## VIII. PLAINTIFF NEEDS THE HEARING AUDIO TO FILE A COMPLETE AND ACCURATE OBJECTION

Plaintiff needs the June 17, 2026 hearing audio to file a complete and accurate Rule 72(a) objection. The docket identifies the recording information as FTR: KAS CourtroomA501. Plaintiff has requested access to the audio but has not received it or a clear ruling resolving the issue.

Rule 72(a) review is not limited to written orders. Where a magistrate judge issues an oral ruling reflected in a minute entry, the hearing record is necessary for meaningful review, especially where the minute entry does not include the full reasoning stated at the hearing.

Plaintiff respectfully requests that the Court provide access to the hearing audio or direct the Clerk to process the audio request promptly, and that Plaintiff be permitted to file a complete Rule 72(a) objection by August 14, 2026, after receiving and reviewing the audio.

## IX. REQUEST TO TREAT THIS FILING AS A TIMELY PROTECTIVE OBJECTION AND TO EXTEND THE DEADLINE TO FILE A COMPLETE RULE 72(a) OBJECTION TO AUGUST 14, 2026

Because Plaintiff filed a request for access to the hearing audio and a motion for extension of time, Plaintiff respectfully requests that the Court deem this protective objection timely.

Plaintiff also requests that the Court extend Plaintiff's Rule 72(a) deadline through and including August 14, 2026, so Plaintiff may file a complete objection after receiving and reviewing the June 17, 2026 hearing audio. Plaintiff is not asking only for permission to file a limited supplement; Plaintiff seeks a clear deadline to file the complete Rule 72(a) objection by August 14, 2026.

Alternatively, if the Court determines that the Rule 72(a) deadline has expired, Plaintiff respectfully requests an extension nunc pro tunc through August 14, 2026, based on good cause, excusable neglect, Plaintiff's pro se status, lack of access to the hearing audio, the pending extension request, and overlapping Tenth Circuit appellate deadlines.

## X. REQUESTED RELIEF

Plaintiff respectfully requests that the Court enter an order:

8

1. deeming this protective Rule 72(a) objection timely;

2. granting or ruling on Plaintiff's pending extension request, ECF No. 136;

3. extending Plaintiff's Rule 72(a) deadline through and including August 14, 2026, so Plaintiff

    may file a complete objection, not merely a limited supplement;

4. directing that Plaintiff be provided access to the June 17, 2026 hearing audio identified as

    FTR: KAS Courtroom A501;

5. clarifying the status of ECF No. 132, ECF No. 133, ECF No. 136, and ECF No. 137;

6. reconsidering or setting aside ECF No. 131 to the extent it denied Plaintiff's Motion to Compel

    Compliance with Court-Authorized Subpoena Directed to Binance Holdings Limited, ECF

    No. 100;

7. reconsidering or setting aside ECF No. 131 to the extent it denied Plaintiff's Renewed Motion

    for Leave to Issue Narrow Follow-Up Subpoena to AT&T, ECF No. 109; and

8. granting such other and further relief as the Court deems just and proper.

## XI. CONCLUSION

Plaintiff respectfully submits this protective objection to preserve his rights while he awaits access to the June 17, 2026 hearing audio and a ruling or clarification regarding the pending extension request.

Plaintiff is proceeding pro se, has not received the hearing audio needed to prepare a complete objection, has overlapping appellate obligations in Tenth Circuit Case No. 26-1220 involving the pseudonym issue and Coinbase ruling, and continues to face difficulty identifying the Doe Defendants without the Court-authorized discovery and follow-up subpoenas at issue.

For these reasons, Plaintiff respectfully requests that the Court deem this protective objection timely, provide access to the June 17, 2026 hearing audio, extend Plaintiff's Rule 72(a)

deadline through and including August 14, 2026, permit Plaintiff to file a complete objection by

that date, and grant the relief requested above.

Respectfully submitted,

Date: July 13, 2026

/s/ Y.S.

Y.S.

Plaintiff, pro se

**CERTIFICATE OF SERVICE**

I hereby certify that on July 13, 2026, I filed the foregoing Motion with the Clerk of Court via electronic mail.


Respectfully submitted,



/s/ Y.S.
Y.S.
Plaintiff, pro se