IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 25-cv-03129-DDD-KAS

Y.S.,

     Plaintiff,

v.

JOHN DOE et al.,

     Defendants.

_____

**MINUTE ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KATHRYN A. STARNELLA**

This matter is before the Court on Plaintiff's **Motion for Appointment of Counsel, or Alternatively Limited-Purpose Counsel, to Assist in Identifying Doe Defendants** [#137] (the "Motion").

In accordance with D.C.COLO.LAttyR 15(a) and 15(f)(1)(B) regarding civil pro bono representation, the Court has determined that Plaintiff Y.S. merits appointment of counsel from the Civil Pro Bono Panel. The Court is satisfied that the following factors and considerations have been met: (1) the nature and complexity of the action; (2) the potential merit of the pro se party's claims; (3) the demonstrated inability of the pro se party to retain counsel by other means; and (4) the degree to which the interests of justice will be served by appointment of counsel, including the benefit the Court may derive from the assistance of the appointed counsel. Accordingly,

IT IS HEREBY **ORDERED** that the Motion [#137] is **GRANTED**. The Clerk of Court shall select, notify, and appoint counsel to represent Plaintiff Y.S. in this civil matter. In the event that the Clerk of Court is unable to appoint counsel for general representation of Plaintiff in this case, the Clerk of Court may alternatively seek, notify, and appoint counsel for the limited purpose of conducting early discovery to assist Plaintiff in uncovering the identities of the Doe Defendants.

Plaintiff Y.S. is advised that there is no guarantee that Panel members will undertake representation in every case selected for pro bono representation. Plaintiff is further cautioned that, until appointed counsel enters an appearance, he is responsible for all scheduled matters, including hearings, depositions, motions, and trial. It remains

his legal obligation to comply with the Federal Rules of Civil Procedure, the Local Rules in this District, and all orders of this Court. *See Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992).

Dated:   July 26, 2026