**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO
9:56 am, Aug 24, 2026
JEFFREY P. COLWELL, CLERK

**Y.S.,**
Plaintiff,

v.

**JOHN DOE, et al.,**
Defendants.

Civil Action No. 1:25-cv-03129-DDD-KAS

---

# PLAINTIFF'S REQUEST FOR IMMEDIATE DISPOSITION OF PENDING PRELIMINARY-INJUNCTION REQUEST OR, ALTERNATIVELY, TO SET EXPEDITED RESPONSE DEADLINE FOR NEST CLEARING AND CUSTODY LIMITED

---

Plaintiff Y.S., proceeding pro se, respectfully requests that the Court promptly determine Plaintiff's preliminary-injunction request concerning Nest Clearing and Custody Limited ("Nest") and enter the requested asset-preservation restraint on the existing record. Nest received actual notice on August 13, 2026, has had 11 days to oppose the requested relief, and has neither appeared nor responded. Alternatively, if the Court concludes that a formal response deadline remains necessary, Plaintiff requests that the Court set the shortest practicable deadline and promptly determine the preliminary-injunction request upon expiration of that deadline.

## I. BACKGROUND AND ACTUAL NOTICE

1. On August 5, 2026, the Court denied Plaintiff's request for an ex parte temporary restraining order and denied the request for alternative service, but took under advisement Plaintiff's request for a preliminary injunction contained in ECF No. 152.

2. The Court ordered Plaintiff to provide Nest with actual notice of ECF No. 152 and stated that, upon Plaintiff's filing of proof of actual notice, "the Court shall set a deadline for a response." See ECF No. 155.

3. Plaintiff complied. Nest received actual notice on August 13, 2026, when UPS delivered the notice package to Nest at its registered Abu Dhabi address and obtained delivery to a named receiver. Plaintiff filed his Status Report and Proof of Actual Notice on August 14, 2026. See ECF No. 157.

4. Nest received actual notice 11 days ago, and ten days have elapsed since Plaintiff filed proof of actual notice. Nest has neither appeared nor otherwise communicated any response concerning the pending preliminary-injunction request.

## II. BASIS FOR PROMPT DISPOSITION

5. The circumstances are materially different from those existing when the Court denied ex parte relief. Nest now has actual notice and has had 11 days since receiving actual notice to respond, yet has remained silent.

6. The requested relief concerns preservation and restraint of potentially transferable assets. Continued delay may diminish the effectiveness of any eventual preliminary relief because the assets at issue may be transferred while the request remains pending.

7. Plaintiff does not seek reconsideration of the Court's denial of an ex parte temporary restraining order. The lack-of-notice concern identified by the Court has now been satisfied. Nest has received actual notice and has had 11 days to oppose the requested restraint but has remained silent.

Plaintiff therefore respectfully requests that, if the Court concludes that Nest's actual notice and the 11 days afforded to respond constitute a sufficient opportunity to be heard, the Court proceed directly to disposition of the pending preliminary-injunction request and enter the requested asset-preservation restraint on the existing record.

## III. ALTERNATIVE REQUEST FOR EXPEDITED RESPONSE DEADLINE

8. If the Court concludes that a formal response deadline remains appropriate under its August 5 Order, Plaintiff requests that Nest be required to respond within three business days after receipt of the Court's order setting that deadline, or within such other expedited period as the Court deems appropriate.

9. This alternative implements the procedure contemplated by the August 5 Order while minimizing further delay in a matter involving potentially transferable assets. If the Court concludes that a formal response deadline remains necessary notwithstanding the opportunity already afforded to

Nest, Plaintiff requests that the deadline be limited to three business days, followed by prompt disposition.

## IV. REQUESTED RELIEF

10. Plaintiff respectfully requests that the Court:

a. promptly determine Plaintiff's preliminary-injunction request on the existing record and enter the requested asset-preservation restraint if the Court concludes that Nest's actual notice and the 11 days afforded to respond constitute a sufficient opportunity to be heard;

b. alternatively, require Nest to file any response within three business days after receipt of the Court's response-deadline order, or within such other expedited period as the Court deems appropriate;

c. upon expiration of any response deadline, promptly consider and determine the preliminary-injunction request and, if warranted on the existing record, enter the requested asset-preservation restraint whether or not Nest files a response.

Respectfully submitted this 24th day of August, 2026.

/s/ Y.S.
Y.S.
Plaintiff, Pro Se

## CERTIFICATE OF SERVICE

I certify that on August 24, 2026, I filed the foregoing with the Clerk of Court through email.

/s/ Y.S.
Y.S.
Plaintiff, Pro Se