FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO
8:31 am, Oct 05, 2026
JEFFREY P. COLWELL, CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Y.S., Civil Action No. 1:25-cv-03129-DDD-KAS

Plaintiff,

v.

JOHN DOE, et al.,

Defendants.

**PLAINTIFF'S NOTICE OF EXPIRATION OF NEST CLEARING AND CUSTODY LIMITED'S COURT-ORDERED RESPONSE DEADLINE AND REQUEST FOR PROMPT RULING ON ECF NO. 152**

Plaintiff Y.S., proceeding pro se, respectfully submits this Notice to advise the Court that third-party Nest Clearing and Custody Limited ("NCCL") did not respond within the deadline established by ECF No. 159 and to request prompt adjudication of the preliminary-injunction request in ECF No. 152. This filing does not seek new substantive relief against NCCL, does not presently seek contempt or monetary sanctions, and does not ask the Court to reopen briefing that has already expired. Plaintiff states as follows:

## I. PROCEDURAL HISTORY AND EXPIRATION OF THE COURT-ORDERED DEADLINE

1. On July 29, 2026, Plaintiff filed ECF No. 152, Plaintiff's Narrowed Renewed Emergency Motion for Temporary Restraining Order Directed to Nest Clearing and Custody Limited, Temporary Preservation and Account Hold, Expedited Response, Prompt Hearing, and Authorization of Alternative Service Under Rules 4(h)(2) and 4(f)(3).

2. On August 5, 2026, the Court entered ECF No. 155. The Court denied the request for an ex parte temporary restraining order and the requested alternative service, but expressly took under advisement Plaintiff's request for a preliminary injunction. The Court directed Plaintiff to

provide NCCL actual notice of ECF No. 152 by a method reasonably calculated to provide actual notice and to file proof of notice.

3. Plaintiff complied. As documented in ECF No. 156, Plaintiff delivered ECF No. 152 and the Court's August 5 Order to NCCL's Legal Department / General Counsel at its registered Abu Dhabi address by UPS with signature required, and UPS confirmed delivery on August 13, 2026. The Court thereafter expressly found that Plaintiff had shown reasonable efforts to provide NCCL actual notice. See ECF No. 159.

4. On August 27, 2026, the Court entered ECF No. 159. The Court ordered NCCL to respond to ECF No. 152 within 28 days of receiving ECF No. 159 and directed Plaintiff to provide NCCL that Order in the same fashion in which Plaintiff had delivered actual notice of the preliminary-injunction motion.

5. Plaintiff again complied. NCCL received actual notice of ECF No. 159 on September 3, 2026. Plaintiff filed ECF No. 161 on September 4, 2026, as a Status Report and Proof of Actual Notice to NCCL, with supporting exhibits documenting that notice.

6. Because NCCL received ECF No. 159 on September 3, 2026, the Court-ordered 28-day response period expired on October 1, 2026. NCCL has filed no response to ECF No. 152, has sought no extension of the Court-ordered deadline, and has entered no appearance.

7. Plaintiff therefore respectfully requests that the Court deem the response period established by ECF No. 159 expired and treat ECF No. 152 as fully submitted for decision on the existing record.

## II. NCCL RECEIVED THE PROCESS THE COURT REQUIRED

8. The Court did not proceed on the preliminary-injunction request without notice to NCCL. Instead, after taking the preliminary-injunction request under advisement, the Court required actual notice, and Plaintiff supplied it. The Court then entered a separate Order directing

NCCL to respond within 28 days after receiving that Order, and Plaintiff again supplied actual notice.

9. NCCL therefore had actual notice of the pending preliminary-injunction request and a separate, Court-ordered opportunity to respond. The period provided by ECF No. 159 has expired without a filing from NCCL. Plaintiff does not request another informal notice period or another round of briefing before the Court considers the pending request.

## III. REQUEST FOR PROMPT RULING

10. ECF No. 152 has remained under advisement as to preliminary-injunction relief since August 5, 2026. Plaintiff does not repeat the factual or legal grounds already presented in ECF No. 152 and its supporting materials. Those matters are already before the Court. The procedure established by the Court for obtaining NCCL's position has now run its course: actual notice was provided, NCCL was expressly ordered to respond, a 28-day period was allowed, and that period expired without a response.

11. Plaintiff respectfully requests that NCCL's nonresponse not further delay adjudication. Plaintiff asks the Court to treat ECF No. 152 as fully submitted and promptly rule on the preliminary-injunction request based on the existing record.

## IV. REQUESTED RELIEF

**WHEREFORE, Plaintiff respectfully requests that the Court:**

**A.** Find that the response period established by ECF No. 159 expired on October 1, 2026;

**B.** Deem NCCL's opportunity to respond to ECF No. 152 under ECF No. 159 concluded;

**C.** Treat the preliminary-injunction request in ECF No. 152 as fully submitted for decision on the existing record;

**D.** Promptly adjudicate the pending preliminary-injunction request in ECF No. 152; and

**E.** Grant such other and further relief as the Court deems just and proper.

Respectfully submitted this 4th day of October, 2026.

/s/ Y.S.
Y.S.
Plaintiff, Pro Se