FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO
*2:07 pm, Oct 07, 2026*
JEFFREY P. COLWELL, CLERK

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF COLORADO**

| | |
|---|---|
| Y.S.,<br><br>Plaintiff-Appellant,<br><br>v.<br><br>JOHN DOE, et al.,<br><br>Defendants. | **Civil Action No.**<br><br>1:25-cv-03129-DDD-KAS<br><br>**Tenth Circuit No. 26-1220** |

# PLAINTIFF-APPELLANT'S EXPEDITED MOTION TO CORRECT AND SUPPLEMENT THE RECORD ON APPEAL UNDER FEDERAL RULE OF APPELLATE PROCEDURE 10(e)(2)(B)

Plaintiff-Appellant Y.S., proceeding pro se, respectfully moves under Federal Rule of Appellate Procedure 10(e)(2)(B) for an order directing the Clerk to certify and transmit a supplemental record in Tenth Circuit Appeal No. 26-1220. The requested materials were filed in this Court before the record was transmitted, are material to the issues identified in the Notice of Appeal, and appear to have been omitted from the two transmitted volumes.

## Background

1. On June 5, 2026, Plaintiff filed a Notice of Appeal from ECF Nos. 115 and 119. ECF No. 122. The Notice identifies both the denial of pseudonymity and the denial of Plaintiff's motion to compel compliance with the subpoena directed to nonparty Coinbase, Inc.

2. On July 29, 2026, the record on appeal was filed as Volume I, Pleadings, and Volume II, Sealed Pleadings. ECF No. 149. Volume I contains 133 pages and Volume II contains 64 pages.

3. Plaintiff compared those volumes with the district-court docket. Although the transmitted record contains the district-court docket, ECF Nos. 88, 104, 107 and 115, and the Notice of Appeal, it does not contain several underlying motions, supporting materials, responses,

replies, and the transcript of the March 19, 2026 hearing where the magistrate judge announced the rulings under review.

**Governing Rules**

4. Federal Rule of Appellate Procedure 10(e)(2)(B) permits the district court, before or after the record has been forwarded, to correct a material omission caused by error or accident and to certify and forward a supplemental record.

5. The Tenth Circuit prepares the record in a pro se appeal under Tenth Circuit Rules 10.3(C), 10.4, and 11.2(B). The record must include the pertinent orders and, when findings or conclusions were made orally, the transcript pages recording them. 10th Cir. R. 10.4(C)(4). When an appeal concerns an order disposing of a motion or other pleading, the record must also include the motion, relevant supporting materials, and the related responses and replies. 10th Cir. R. 10.4(D)(2). The appellant must provide the transcript portions necessary for a complete and accurate record of the proceedings related to the appellate issues. 10th Cir. R. 10.2(A)(1).

**Materials to Be Added**

6. The following existing docket materials are material to the pseudonymity issue and appear to be absent from the transmitted volumes:

   a. ECF No. 2, Plaintiff's Motion to Proceed Under Pseudonym, including the threat evidence contained in or filed with that motion;

   b. ECF No. 53, the December 3, 2025 order denying ECF No. 2;

   c. ECF No. 56 and its exhibit, Plaintiff's Motion for Reconsideration of the Order Denying Leave to Proceed Under Pseudonym;

   d. ECF No. 90, the 48-page transcript of the March 19, 2026 motion hearing, which contains the magistrate judge's oral reasoning on pseudonymity and Coinbase; and

   e. ECF No. 118 and its two exhibits, concerning the docketing error affecting ECF No. 104 and requesting reconsideration of the pseudonymity ruling.

7. The following existing docket materials are material to the Coinbase issue and appear to be absent from the transmitted volumes:

a. ECF No. 52 and its two continuations, including the subpoena issued to Coinbase;

b. ECF No. 72 and its exhibit, Plaintiff's motion to compel Coinbase's compliance;

c. ECF No. 73, the restricted exhibit to ECF No. 72, and ECF No. 74 to the extent needed to explain the applicable restriction and redaction;

d. ECF No. 77 and its five attachments, Coinbase's opposition, declarations, and exhibits;

e. ECF No. 81 and its three attachments, Plaintiff's reply and supporting exhibits;

f. ECF No. 90, the March 19, 2026 hearing transcript;

g. ECF No. 111 and its attachment, Coinbase's response to Plaintiff's Rule 72(a) objection;

h. ECF No. 114, Plaintiff's motion to strike or disregard ECF No. 111 or, alternatively, for leave to reply; and

i. ECF No. 116, the text-only order denying ECF No. 114, to the extent the complete text is not already treated as part of the certified docket entries.

8. The transmitted record also appears to contain the original complaint, ECF No. 1, rather than the operative amended complaint, ECF No. 36. Tenth Circuit Rule 10.4(C)(2) requires the last amended complaint. Plaintiff therefore requests inclusion of ECF No. 36, using the public redacted version filed through ECF No. 135 where appropriate, together with any restricted counterpart only to the extent necessary for appellate review.

9. This motion does not seek to add evidence that was never presented to the district court. It seeks only to transmit existing docket materials necessary to show what was presented and how the appealed rulings were made.

**Restrictions and Redactions**

10. ECF No. 90 is maintained at Level 1 restriction under ECF No. 146. Certain other requested materials contain cryptocurrency wallet identifiers, transaction identifiers, threat evidence, or other sensitive information. Plaintiff requests that the supplemental materials retain their existing restrictions and that public access be limited to the properly redacted versions

already filed, where available. Nothing in this motion asks the Court to make restricted material publicly accessible.

**Requested Relief**

11. Plaintiff respectfully requests that the Court direct the Clerk to certify and transmit a supplemental record containing the materials identified above, while preserving all existing restrictions and redactions. Alternatively, Plaintiff requests such instructions as are necessary to ensure that the Tenth Circuit receives a complete record of the pseudonymity and Coinbase rulings identified in ECF No. 122.

Respectfully submitted this 7th day of October, 2026.

/s/ Y.S.
Y.S., Plaintiff-Appellant, Pro Se

## CERTIFICATE OF SERVICE

I certify that on October 7, 2026, I filed the foregoing motion with the Clerk of Court by email and served it on all participants entitled to service through the Court's electronic filing system.

/s/ Y.S.

Y.S., Plaintiff-Appellant, Pro Se