**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF COLORADO**

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO
1:23 pm, Oct 08, 2026
JEFFREY P. COLWELL, CLERK

Y.S.,

Plaintiff-Appellant,

v.

JOHN DOE, et al.,

Defendants.

Civil Action No. 1:25-cv-03129-DDD-KAS

Tenth Circuit Appeal No. 26-1220

**PLAINTIFF-APPELLANT'S URGENT SUPPLEMENT AND CORRECTION TO MOTION TO CORRECT AND SUPPLEMENT THE RECORD ON APPEAL AND LIMITED MOTION TO REDACT OR RESTRICT IDENTIFYING INFORMATION**

Plaintiff-Appellant Y.S., proceeding pro se, supplements and corrects his motion dated October 7, 2026, under Federal Rule of Appellate Procedure 10(e)(2)(B). He requests certification and transmission of the omitted materials necessary for review of both pseudonymity and the Coinbase subpoena rulings, correction of the description of the amended complaint, narrowly tailored protection of identifying information, and expedited consideration. This supplement preserves every supplementation request in the original motion and supplies a consolidated list for the Clerk.

## I Scope of the appeal and correction of the original motion

1. Plaintiff challenges both the denial of leave to proceed under a pseudonym and the rulings concerning his motion to compel nonparty Coinbase, Inc. to comply with the court-authorized subpoena. Both issues are expressly identified in the Notice of Appeal, ECF No. 122. No

statement in this supplement withdraws, abandons, narrows, or waives the Coinbase challenge or the pseudonymity challenge.

2. The district-court docket identifies the Notice of Appeal as filed June 5, 2026, from ECF Nos. 115 and 119. ECF No. 118 is Plaintiff's motion to correct a docketing error and for reconsideration; ECF No. 119 is the June 5, 2026 text-only order granting correction in part and denying reconsideration. These distinctions correct contrary descriptions of those filings. Coinbase is identified as an appellee on the appellate docket. Its June 22, 2026 motion to partially dismiss the appeal (appellate entry 11) and Plaintiff's opposition (entry 16) have been referred to the merits panel. Plaintiff acknowledges the pending jurisdictional dispute and continues to oppose dismissal. He requests the complete Coinbase materials now so the appellate court can evaluate the proceedings below, including the jurisdictional dispute and, if reached, the merits. This supplementation request does not ask the district court to decide appellate jurisdiction or treat the Coinbase challenge as withdrawn.

3. The record was filed in the Tenth Circuit on July 29, 2026, at appellate docket entry 24, as Volume I (Pleadings, 133 pages) and Volume II (Sealed Pleadings, 64 pages), with transmission reflected at district-court ECF No. 149. Plaintiff compared the supplied volumes with the certified district-court docket. A docket entry describing a motion does not supply the motion's contents or its supporting evidence.

4. Paragraph 8 of the original motion is corrected: the operative amended complaint, ECF No. 36, is already included in restricted Volume II at pages 000023–000031. Plaintiff does not request duplicate transmission of that complaint. The request concerns its eight docketed exhibits, to the extent absent, and its public redacted counterpart filed through ECF No. 135.

## II Authority to correct and supplement the record

5. FRAP 10(e)(2)(B) permits the district court to correct a material omission or misstatement caused by error or accident and to certify and forward a supplemental record before or after the record has been forwarded. Plaintiff seeks correction of the transmitted record, not admission of new evidence or expansion of the issues identified in the Notice of Appeal.

6. Under Tenth Circuit Rules 10.3(C) and 11.2(B), the court prepares a record in a pro se appeal. Rule 10.4(C)(2) addresses the last amended complaint; Rule 10.4(C)(4) requires pertinent rulings and transcript pages recording oral findings and conclusions; and Rule 10.4(D)(2) requires the motion or pleading, relevant supporting documents, and related responses and replies when the appeal concerns an order disposing of that motion or pleading. The March 19, 2026 transcript is also necessary under Rule 10.2(A)(1) to provide a complete and accurate account of the proceedings concerning the appellate issues.

## III Consolidated list of materials for transmission

7. Plaintiff requests the following existing district-court filings, with complete docketed attachments, exhibits, and continuations, to the extent not already transmitted. If an item is already included in full, the Clerk may identify its existing volume and page location rather than transmit it again. Text-only orders may be supplied through the complete certified docket text; Plaintiff does not request creation of a separate order that does not exist.

### A. Pseudonymity motions, evidence, objections, and rulings

a. ECF No. 2 — Motion to Proceed Under Pseudonym, in full, including any threat messages or other evidence embedded within the main document. The docket lists no separate attachment to ECF No. 2. The request does not assume that a separate "Exhibit 1" was docketed.

b. ECF No. 53 — December 3, 2025 order denying ECF No. 2 and requiring use of Plaintiff's real name.

c. ECF No. 56 and ECF No. 56-1 — Motion for Reconsideration of the Order Denying Leave to Proceed Under Pseudonym and its one docketed exhibit, including all evidence contained within that exhibit. The docket does not list two separate attachments designated Exhibits A and B.

d. ECF No. 83 — Complete March 19, 2026 minute entry, including denial of ECF No. 56. If the complete entry is already certified in the docket, no duplicate is necessary.

e. ECF No. 90 — Complete 48-page transcript of the March 19, 2026 hearing, including oral reasoning on pseudonymity and Coinbase, under its existing Level 1 restriction. This common transcript should be transmitted once for both issues.

f. ECF Nos. 88 and 104 — Initial Rule 72(a) objection and corrected May 4, 2026 objection concerning pseudonymity. These are already included in Volume I; the Clerk should ensure that ECF No. 104 is the corrected version considered by the district judge.

g. ECF No. 118 and ECF Nos. 118-1 and 118-2 — Emergency motion concerning the docketing error affecting ECF No. 104, reconsideration, and continued pseudonymity, with both docketed exhibits.

h. ECF Nos. 115 and 119 — Corrected June 4, 2026 order overruling objections and June 5, 2026 order correcting the docket in part and denying reconsideration. ECF No. 115 is already included in Volume I. The full text of ECF No. 119 should be available through the certified docket.

i. ECF Nos. 120 and 121 — Motion to maintain pseudonymity and stay disclosure pending appeal, and order denying that motion. ECF No. 120 is already included in Volume I; ECF No. 121 appears in the docket and in a notice of electronic filing at Volume I pages 129–130. Any corrected public copy should preserve the order’s substance.

j. ECF Nos. 128, 129, 130, 133, and 146 — Filings presenting the Tenth Circuit's interim pseudonym authorization and updated appellate caption, the district court's June 17 interim pseudonym order, the motion to apply that relief to the hearing transcript, and the July 26 order maintaining the transcript at Level 1. Include their docketed attachments and complete order text to the extent necessary to document the governing protections and not already supplied.

**B. Coinbase subpoena, motion to compel, and review proceedings**

a. ECF No. 48 — November 25, 2025 early-discovery order authorizing the subpoena and defining its scope. It is already included in Volume I; retain it as part of the Coinbase record.

b. ECF No. 52 and ECF Nos. 52-1 and 52-2 — Issued subpoenas and both continuations, including the subpoena directed to Coinbase and all pages defining the requested records.

c. ECF No. 72 and ECF No. 72-1 — Motion to Compel and Enforce Nonparty Coinbase, Inc.'s Compliance with Court-Authorized Subpoena and its docketed exhibit.

d. ECF No. 73 — Restricted exhibit associated with ECF No. 72, retaining its existing restriction; and ECF No. 74 — Motion to Restrict and Redact Exhibit A and Permit Public Filing of a Narrowly Redacted Version.

e. ECF No. 76 — Notice of Supplemental Service on Nonparty Coinbase, Inc., to document the service history relevant to the subpoena dispute.

f. ECF No. 77 and ECF Nos. 77-1 through 77-5 — Coinbase's opposition; Doug Sharp's declaration; Alexandra Mayhugh's declaration; and Exhibits A, B, and C to the Mayhugh declaration.

g. ECF No. 81 and ECF Nos. 81-1 through 81-3 — Plaintiff's reply and all three supporting exhibits.

h. ECF Nos. 83 and 90 — March 19, 2026 minute entry and complete hearing transcript, including the denial of ECF No. 72, the ruling on ECF No. 74, and oral findings and reasoning. Transmit the common transcript once, under its existing restriction.

i. ECF No. 107 — Plaintiff's Rule 72(a) objection to the denial of the Coinbase motion to compel. It is already included in Volume I and must remain in the record.

j. ECF No. 111 and ECF No. 111-1 — Coinbase's response to ECF No. 107 and Alexandra Mayhugh's supporting declaration.

k. ECF No. 114 — Plaintiff's motion to strike or disregard ECF No. 111 or, alternatively, for leave to reply.

l. ECF No. 116 — Complete June 4, 2026 text-only order denying ECF No. 114, permitting Coinbase's response, and denying leave to reply, to the extent not already supplied through the certified docket.

m. ECF Nos. 115, 119, and 122 — Corrected order overruling the Coinbase objection, order confirming that ECF No. 107 was considered, and Notice of Appeal expressly identifying the Coinbase challenge. Retain existing complete copies and provide any missing corrected text.

n. Coinbase's January 9, 2026 email communicating its objections to the court-authorized subpoena, including any attachments and related correspondence previously filed in the district court. Plaintiff contends that Coinbase's objections were untimely. Plaintiff requests certification and transmission of these materials to the extent they were filed below but omitted from the record on appeal.

**C. Operative pleading and supporting exhibits**

8. Retain ECF No. 36 at Volume II pages 000023–000031. Certify and transmit all eight exhibits, ECF Nos. 36-1 through 36-8, to the extent absent from the transmitted volumes. Their

inclusion supplies the supporting materials accompanying the operative pleading, including the underlying transactions and evidence relevant to the two appellate issues.

9. Transmit ECF No. 135's notice and the attachment or attachments containing the public redacted version of ECF No. 36 and its corresponding exhibits, to the extent absent. The docket lists nine attachments to ECF No. 135 and links that notice to several filings. Plaintiff does not assume that every attachment is part of ECF No. 36; the Clerk should identify and transmit the corresponding complaint materials accurately.

10. All requests above concern materials already filed below before the July 29 transmission. Preserve ECF Nos. 48, 88, 104, 107, 115, 120, and 122 already included, and the complete text-only entries already certified. No supplementation request is withdrawn merely because a document appears in both issue lists or because an existing copy requires redaction.

**IV Limited redaction and temporary restriction**

11. The supplied public Volume I reproduces Plaintiff's real name in the notice of electronic filing for ECF No. 121 at pages 129–130, including its caption, subject line, order text, and mailing block. Plaintiff identifies the affected locations without repeating his real name in this public motion. This request concerns his real name only. Plaintiff does not seek redaction or restriction of his address or telephone number.

12. On June 9, 2026, the Tenth Circuit permitted Plaintiff to use Y.S. in appellate filings on an interim basis. ECF No. 130 subsequently permitted that use in this Court while authorized by the Tenth Circuit and directed removal of Plaintiff's name from the docket and corresponding docket-text changes. Retaining existing restrictions alone does not correct the reproduction of his real name in the public appellate record.

13. Under D.C.COLO.LCivR 7.2(c), Plaintiff requests limited protection of his real name while pseudonymity remains under appellate review. The serious injury asserted is further public

disclosure and redistribution of his identity in a case involving the explicit threats of violence described in ECF Nos. 2, 56, 88, and 104.

14. Plaintiff acknowledges the presumption of public access. He requests substitution of Y.S. for his real name in the affected public record materials, leaving his address, telephone number, and the substantive pleadings, arguments, evidence, and rulings unchanged. This limited correction preserves public review of the Court's work while implementing interim pseudonym protection. Unredacted counterparts should remain available for judicial review under appropriate restriction.

15. Pending preparation of corrected copies, Plaintiff requests Level 1 restriction of the affected district-court source documents or record copies identified in paragraph 11, limited to the affected pages where practicable. If temporary restriction of the complete district-court copy of Volume I is technically necessary, Plaintiff requests it only until a corrected public version is available. Immediate temporary protection is requested because further dissemination of his real name can occur before ordinary consideration. Permanent restriction of the entire volume is not requested.

16. Plaintiff requests certification and transmission of corrected public record pages substituting Y.S. for his real name, and notification to the circuit clerk of the problem and corrected transmission. He does not request removal of his address from the district-court docket. Restriction or replacement of copies already maintained on the appellate docket requires action by the Tenth Circuit; this motion does not ask the district court to control that docket.

17. Maintain the existing restrictions on ECF Nos. 52, 73, and 90 and all other restricted materials. ECF No. 146 governs the transcript's Level 1 restriction. Consistent with the Court's prior redaction directives and the proceedings at the March 19, 2026 hearing, Plaintiff specifically requests that ALL cryptocurrency wallet addresses and transaction identifiers

appearing anywhere in the publicly accessible record, including all exhibits, attachments, transcripts, and supplemental-record materials, be redacted before public filing or transmission. This requirement applies regardless of whether an individual document was previously designated restricted. Unredacted versions shall remain available for judicial review under appropriate restrictions. The Clerk should transmit properly redacted public versions and separately identified restricted counterparts consistent with Tenth Circuit Rule 11.3(B).

**V Expedited consideration and briefing deadline**

18. The supplied appellate docket establishes an October 19, 2026 opening-brief deadline. Plaintiff's third extension motion was filed October 6, 2026, at entry 29. The October 6 order at entry 30 allowed Coinbase to respond by October 9 and stated that absence of a response would cause the motion to be deemed unopposed. The supplied docket does not establish that the extension has been granted.

19. Prompt certification and transmission are needed to prepare accurate citations to the motions, evidence, and oral rulings concerning both appellate issues. Plaintiff requests expedited resolution and prompt notice of when the supplemental record is certified and transmitted. Only the Tenth Circuit can change its briefing deadline. Plaintiff is separately supplementing his pending appellate extension request to explain the record deficiencies and seek, alternatively, an opening-brief deadline 30 days after docketing of the supplemental record. No appellate scheduling order is requested from this Court.

**VI Requested relief**

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Accept this supplement as a correction and consolidation of the motion dated October 7, 2026, preserving all original requests concerning both pseudonymity and Coinbase;

B. Direct the Clerk to certify and transmit all omitted materials identified in Section III, with all specified attachments, exhibits, and continuations, and ensure that corrected versions of ECF Nos. 104 and 115 and the complete text of ECF No. 119 are available;

C. Include the complete March 19, 2026 hearing transcript, ECF No. 90, once for both issues under its existing restriction;

D. Supply the missing exhibits to ECF No. 36 and the corresponding public redacted complaint materials filed through ECF No. 135, without duplicating the operative complaint already in Volume II;

E. Preserve existing restrictions, temporarily restrict affected district-court record copies at Level 1 as necessary, substitute Y.S. for Plaintiff's real name as requested in Section IV, and transmit corrected public copies with restricted unredacted counterparts where necessary;

E(1). Direct that all cryptocurrency wallet addresses and transaction identifiers be redacted from every publicly accessible document included in the supplemental record, including exhibits and attachments, consistent with the Court's prior redaction directives, while preserving unredacted counterparts under appropriate restrictions.

F. Direct the Clerk to notify the circuit clerk of the corrected transmission and the remaining identifying-information concern in the appellate copies;

G. Require a supplemental-record certification identifying each transmitted document and attachment by ECF number, its public or restricted status, and its supplemental volume and page location; identify requested materials already supplied by their existing location where practicable;

H. Resolve the request expeditiously and provide prompt notice of certification and transmission; and

I. Grant any other relief needed to provide a complete, accurate, and appropriately protected record of both appealed issues.

Respectfully submitted this 8th day of October, 2026.

/s/ Y.S.

Y.S., Plaintiff-Appellant, Pro Se

I hereby certify that the foregoing motion complies with the applicable word limitation under DDD Civ. P.S. III(A)(1) and contains 2,727 words.

## CERTIFICATE OF SERVICE

I certify that on October 8, 2026, I submitted the foregoing supplement to the Clerk of the United States District Court for the District of Colorado by email.

/s/ Y.S.

Y.S., Plaintiff-Appellant, Pro Se