**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Daniel D. Domenico**

Civil Action No. 1:25-cv-03129-DDD-KAS

Y.S.,

Plaintiff,

v.

JOHN DOE, et al.,

Defendants.

---

## ORDER OVERRULING OBJECTIONS

---

Plaintiff, proceeding pro se, is attempting to recover bitcoin that he alleges was improperly taken by scammers. Docs. 1, 36. Plaintiff does not know the identity of the scammers and so has been granted limited discovery to try to uncover the identities. Docs. 48, 83. Magistrate Judge Kathryn A. Starnella denied his requested follow-up for two of these non-party subpoenas. Doc. 131 (denying Docs. 100, 109). Plaintiff objects. Docs. 139, 142. The objections are overruled.

## LEGAL STANDARDS

"A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972)). I cannot, however, act as a pro se litigant's advocate. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008). Pro se parties also must "follow the same rules of procedure that govern other litigants." *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) (quoting *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992)).

When reviewing a magistrate judge's order that is not dispositive of a party's claim or defense, a Court should "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). The magistrate judge's factual findings may not be set aside unless "on the entire evidence [the Court] is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948); *Residences at Olde Town Square Assoc. v. Travelers Cas. Ins. Co. of Am.*, 413 F. Supp. 3d 1070, 1072 (D. Colo. 2019) (citing *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988)). Legal determinations may be set aside if the magistrate judge applied the wrong legal standard or applied the appropriate legal standard incorrectly. *Olde Town Square*, 413 F. Supp. 3d at 1072 (citing 12 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3069 (2d ed.)).

## DISCUSSION

On October 6, 2025, Plaintiff filed this action. Doc. 1. Nearly a year ago, the Court granted expedited discovery for the sole purpose of obtaining information to identify the unknown Defendants. Doc. 48 at 6–7 (November 21, 2025 order). Initially, Plaintiff was allowed to serve third-party subpoenas on three entities including BAM Trading Services Inc. *Id.* BAM Trading explained to Plaintiff that it is a separate and distinct legal company from Binance Holdings Limited, which could be contacted about records requests at legal@binance.com. Doc. 60-1. On March 19, the Court granted Plaintiffs' motions to serve additional subpoenas on as least four other non-parties, including AT&T and Binance Holdings Limited d/b/a Binance.com ("Binance Holdings"), and for alternative service of the latter. Doc. 83 (granting Docs. 60, 66). Dissatisfied with AT&T and Binance Holdings' responses, Plaintiff seeks a second a bite at the apple. Docs. 100, 109; *see also* Doc. 12. On June 17, 2026,

Judge Starnella denied his requested follow-up. Doc. 131 (denying Docs. 100, 109). He now objects. Docs. 39, 142. I have reviewed the recording of the motion hearing and the relevant documents in the record. The objections are overruled.

## I. AT&T

Plaintiff's subpoena to AT&T requested "[d]ocuments sufficient to identify the subscriber assigned IP address 207.104.41.106 at each of the dates and times listed above," which Plaintiff claimed came from "authenticated platform records." Doc. 86-1 at 4–5. AT&T responded with a declaration stating in relevant part, "After a thorough search of the documents relied on in the course of my duties as Custodian of Records and Compliance Security Analyst, I was unable to find any information responsive to your request." Doc. 105-1. Plaintiff moved for leave to issue a follow-up subpoena to AT&T claiming its "response indicates that the IP address may not be associated with an individual subscriber, but rather with: an enterprise customer[,] an institutional network[,] or an upstream allocation." Doc. 105 at 2. Judge Starnella was "unpersuaded that AT&T's response . . . suggests what Plaintiff seeks to read into it" and denied the motion without prejudice. Doc. 108.

Plaintiff filed a renewed motion to issue a purportedly "narrow-follow-up subpoena" to determine "whether AT&T can identify the enterprise customer, institutional customer, reseller, downstream provider, network assignee, business customer, or smallest applicable netblock assignment associated with IP address 207.104.41.106 at the listed times." Doc. 109 at 7. At the June 17 hearing, Judge Starnella denied the motion for exceeding the limited scope of permitted early discovery: to determine the *individuals'* identities. Plaintiff objects "[i]dentifying an IP-address assignee is part of identifying a Doe defendant, not broad merits discovery"; "an IP address is not always assigned directly to a

natural person" and "[i]n those circumstances, identifying that assignee is the necessary first step in identifying the individual user connected to the IP address." Doc. 142 at 11. His underlying motion claimed "enterprise, institutional, reseller, business, or downstream network assignments" may be maintained as "an individual 'subscriber' record"—the record previously requested—or "as a business-customer record, enterprise-account record, circuit record, netblock-assignment record, downstream-provider record, or other allocation record." Doc. 109 at 7. Plaintiff cites no authority supporting his assertions or showing that courts have permitted these broader requests in early discovery to identify individual Doe Defendants. Finding no error, the objections as to AT&T are overruled.

## II. Binance Holdings

The Court granted Plaintiff's request for alternative service on Binance Holdings "by email to legal@binance.com, together with Court-authorized service on U.S. counsel by email and U.S. mail." Doc. 60 at 5; Doc. 83 at 2 (granting Doc. 66). In response to the former, Plaintiff received what appears to be an automated message directing subpoena matters to "https://www.binance.com/en/chat." Doc. 110-1. The email also claimed, "Binance does NOT accept service of legal process or any documents issued in relation to legal proceedings (including any court order) by email. The sending of any such legal document to this email address (legal@binance.com) will not constitute valid legal service." *Id.*

Responding to the latter, Binance Holdings objected it "does not accept service of process via email" and "as a foreign company, is not subject to personal jurisdiction in the United States." Doc. 112-1 at 1. Without waiving the objections, Binance Holdings confirmed it "does not have possession, custody, or control of the information you have requested." *Id.* at 1–2. It also explained the requested information "is in the

possession, custody, and control of one or more of" the following Binance entities: (1) Nest Exchange Limited, (2) Nest Clearing and Custody Limited, and (3) Nest Trading Limited. *Id.* at 2. It claimed these are foreign entities regulated by the Financial Services Regulatory Authority of the Abu Dhabi Global Market and directed Plaintiff to procedures to enforce U.S. subpoenas in Abu Dhabi Global Market courts. *Id*. And it confirmed these Binance entities "will comply with your request for information upon receipt of appropriate legal process." *Id.* Plaintiff moved to compel compliance with the subpoena. Doc. 100.

At the June 17 hearing, Judge Starnella addressed the service method, that Binance Holdings is a foreign entity, and that Binance Holdings responded it had no responsive information in its possession, custody, or control. She denied the motion as an exercise of futility. Plaintiff objects the Court "disregarded that Plaintiff used the service method the Court authorized, that BHL's U.S. counsel admitted actual receipt, and that BHL filed no motion, response, docketed objection, or sworn declaration." Doc. 142 at 2, 4–5.

Regardless of the service method Plaintiff used, Binance Holdings responded to the subpoena—it has nothing responsive. Whatever preservation Plaintiff contends "the Court could have . . . required" is thus moot. *Id.* at 12. To the extent Plaintiff seeks a preservation order of the records Binance Holdings stated are in the possession, custody, or control of the identified Binance-related entities, Plaintiff does not acknowledge, or otherwise overcome, that these entities appear to be distinct from Binance Holdings and thus not subject to the subpoena against Binance Holdings. Nor does the Court seem able to compel any of these entities as they appear to be foreign and thus likely not subject

to this Court's personal jurisdiction.[1] As for Plaintiff's claims that Binance Holdings did not "submit a sworn declaration," he provides no authority showing this is a requirement. *Id.* at 4, 12. There is no error. The objections as to Binance Holdings are overruled.

I understand Plaintiff's frustrations. He filed this action over a year ago and still struggles to determine the identities of the individual Defendants, but not for lack of hard work. As Judge Starnella recognized, cryptocurrency discovery is especially challenging given the nature of how cryptocurrency is set up: it is intended for the purpose of evading detection and tracking. Given these hurdles and Plaintiffs' efforts, she granted Plaintiff's motion for appointment of counsel or alternatively limited-purpose counsel to assist in identifying Doe Defendants. Doc. 145. Plaintiff, however, remains responsible for his litigation and has not met the high bar to overturn a non-dispositive motion.[2]

**CONCLUSION**

It is **ORDERED** that:

Plaintiff's objections, **Doc. 139** and **Doc. 142**, are **OVERRULED**.

DATED: October 21, 2026

BY THE COURT:

Daniel D. Domenico
United States District Judge

[1] Plaintiff has since filed a motion for a temporary restraining order to Nest Clearing and Custody Limited conceding the entity "is a foreign corporation located in the United Arab Emirates." Doc. 152 at 10.

[2] As set forth in that order, there is no guarantee that members of the Civil Pro Bono Panel will undertake representation in every case selected for pro bono representation. *Id.* at 1. Until appointed counsel enters an appearance, Plaintiff remains responsible for all scheduled matters and obligated to comply with the Federal Rules of Civil Procedure, the Local Civil Rules, and all orders of this Court. *Id.* at 1–2.