**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO
8:27 am, Nov 25, 2026
JEFFREY P. COLWELL, CLERK

**Y.S.,**
Plaintiff,

v.

**JOHN DOE, et al.,**
Defendants.

Civil Action No. 1:25-cv-03129-DDD-KAS

## PLAINTIFF'S MOTION TO EXPEDITE RULING ON PENDING PRELIMINARY-INJUNCTION REQUEST (ECF NO. 152) PURSUANT TO 28 U.S.C. § 1657(a)

Plaintiff Y.S., proceeding pro se, respectfully moves for expedited consideration of the preliminary-injunction request contained in ECF No. 152. That request concerns preservation of potentially recoverable digital assets associated with Nest Clearing and Custody Limited ("NCCL"). The Court took the preliminary-injunction request under advisement on August 5, 2026. See ECF No. 155. Plaintiff previously requested prompt adjudication after NCCL's court-ordered response period expired. See ECF No. 162. This motion does not renew the previously denied ex parte temporary restraining order, request sanctions or default relief against NCCL, or ask the Court to dispense with the substantive requirements for a preliminary injunction.

## I. PROCEDURAL HISTORY AND ELAPSED TIME

1. On July 29, 2026, Plaintiff filed ECF No. 152, seeking, among other relief, temporary preservation and an account hold directed to NCCL. As of November 24, 2026, 118 days have elapsed since that filing.

2. On August 5, 2026, the Court denied ex parte temporary-restraining-order relief and alternative service, but took the preliminary-injunction request under advisement and required Plaintiff to provide NCCL actual notice. ECF No. 155. As of November 24, 2026, the preliminary-injunction request has remained under advisement for 111 days.

3. Plaintiff documented actual notice of the underlying motion and order in ECF No. 156. On August 27, 2026, the Court entered ECF No. 159, finding reasonable efforts to provide actual notice and directing NCCL to respond within 28 days after receiving that order. Plaintiff filed proof of NCCL's September 3 receipt in ECF No. 161, filed September 4, 2026.

4. As set forth in Plaintiff's October 5 filing, ECF No. 162, the 28-day period measured from September 3 expired on October 1, 2026. As of November 24, 2026, 54 days have elapsed since that deadline. According to ECF No. 162, NCCL had not responded or sought an extension as of October 5; Plaintiff understands that no response or ruling has since been entered. Plaintiff respectfully requests that the Court decide the motion on the record properly before it, or direct any further procedure it considers necessary.

5. Plaintiff filed ECF No. 162 on October 5, 2026, specifically requesting that the preliminary-injunction request be treated as fully submitted and promptly decided. As of November 24, 2026, 50 days have elapsed since that filing, without a ruling known to Plaintiff. On October 16, 2026, the District Judge referred ECF Nos. 152 and 162 to Magistrate Judge Kathryn A. Starnella. ECF No. 165.

**II. GROUNDS FOR EXPEDITED CONSIDERATION**

6. Congress has directed that federal courts "shall expedite the consideration of" an action for "temporary or preliminary injunctive relief." 28 U.S.C. § 1657(a). The statute does not impose a fixed time for decision or determine the merits of the requested injunction; it supports priority consideration of time-sensitive injunctive requests.

7. ECF No. 152 seeks preservation of potentially recoverable digital assets. Plaintiff submits that, absent timely consideration of the requested asset-preservation relief, subsequent transfers or dissipation could reduce the practical effectiveness of any relief ultimately found warranted. This concern is the same preservation rationale presented in the pending motion; Plaintiff does not represent that a new transfer has occurred since ECF No. 162.

8. The procedure established by the Court for obtaining NCCL's position has run its stated course: the Court ordered notice, Plaintiff documented that notice, the Court ordered a 28-day response, and Plaintiff reported the deadline's expiration without response. ECF Nos. 155, 156, 159, 161, 162. Plaintiff asks that the pending request now receive expedited judicial attention. Plaintiff previously provided NCCL with the court-ordered actual notice of ECF No. 152 and the subsequent order, ECF No. 159, as documented in ECF Nos. 156 and 161.

9. In light of the 118 days since ECF No. 152 was filed, 111 days since the preliminary-injunction request was taken under advisement, 54 days since the stated response deadline expired, and 50 days since Plaintiff's first prompt-ruling request, Plaintiff respectfully asks for a ruling on the present record or, alternatively, a prompt hearing or scheduling order specifying any further submissions necessary to decision.

## III. REQUESTED RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court: (A) expedite consideration of the preliminary-injunction request in ECF No. 152 pursuant to 28 U.S.C. § 1657(a); (B) rule on that request on the existing record as soon as practicable; or, alternatively, (C) set a prompt hearing or issue an expedited scheduling order identifying any remaining matters necessary to decision; and (D) grant such other appropriate procedural relief as the Court deems just. Plaintiff does not seek an automatic grant of injunctive relief based on NCCL's failure to respond.

Respectfully submitted November 24, 2026.

/s/ Y.S.
Y.S.
Plaintiff, Pro Se